**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2005 JAN 21 P 2: 50

U.S. DISTRICT COURT
DISTRICT OF MASS.

05 · 10138 NG

|  |  |
|---|---|
| UNITED STATES OF AMERICA for the use of WALTHAM LIME & CEMENT COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) |
| PEABODY CONSTRUCTION CO., INC., ODF CONTRACTING CO., INC., HOON COMPANIES, INC., and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) |
| Defendants. | ) |

Civil Action No.

RECEIPT # _61619_
AMOUNT $ _150.00_
SUMMONS ISSUED_ ✓_
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK___ MP
DATE____ 1/21/05

MAGISTRATE JUDGE__ JLA

## COMPLAINT

### I.     INTRODUCTION

In this action, Waltham Lime & Cement Company ("Waltham Lime"), is seeking damages under the Miller Act, 40 U.S.C. §§ 3131 - 3134, for failure to pay monies rightfully owed for materials supplied, and for false representations concerning the involvement of a federal agency in the subject project.

### II.     FACTS

1.     Waltham Lime is a Massachusetts corporation engaged in the business of selling construction materials and supplies. Waltham Lime has a principal place of business at 71 Massasoit Street, Waltham, Middlesex County, Massachusetts.

2.     The Defendant, Peabody Construction Co., Inc. ("Peabody"), is a Massachusetts corporation with a usual place of business at 536 Granite Street, Braintree, Norfolk County, Massachusetts. Peabody is engaged in the construction business as a general contractor.

3.    The Defendant, ODF Contracting Co. Inc. ("ODF"), is a Massachusetts corporation with a usual place of business at 60 Gerard Street, Boston, Suffolk County, Massachusetts.

4.    The Defendant, Hoon Companies Inc. ("Hoon"), is a Massachusetts corporation with a usual place of business at 1960-1964 Washington Street, Boston, Suffolk County, Massachusetts.

5.    Peabody, Hoon, and ODF did business as the ODF/Hoon/Peabody Joint Venture ("Joint Venture"), which is an unincorporated association or partnership with a usual place of business at 1960 Washington Street, Boston, Suffolk County, Massachusetts.

6.    The Defendant, Travelers Casualty and Surety Company of America ("Travelers"), is a Connecticut corporation with a usual place of business at 300 Crown Colony Drive, Quincy, Norfolk County, Massachusetts.   Travelers is engaged in business as an insurer and provider of construction surety bonds.

7.    The Massachusetts Housing Finance Agency ("MHFA") is a state agency with a usual place of business at One Beacon Street, Boston, Suffolk County, Massachusetts.

8.    The U.S. Department Of Housing and Urban Development ("HUD") is a federal agency that funds and owns public housing projects throughout the United States.

9.    Boston Interiors Construction Co., Inc. ("Boston Interiors"), is a Massachusetts corporation providing drywall and other construction work.  Boston Interiors has filed in the United States Bankruptcy Court for the District of New Hampshire a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code, Docket No. 02-13730-JMD.

10.    As "Interim Asset Manager" for HUD, MHFA, on January 19, 2001, entered into an Agreement (the "Agreement") with the members of the Joint Venture to carry out demolition

2

and construction work on a public housing renovation project known as "Academy Homes II," located in Boston, Massachusetts (the "Project").

11.     Pursuant to the Agreement, the Joint Venture, as principal, and Travelers, as surety, executed and delivered a Payment Bond No. 103316488 in the amount of $45,367,275.00 (the "Payment Bond") as surety for the payment of claims for labor and materials furnished to the Project by persons such as Waltham Lime. A copy of the Payment Bond is attached hereto as Exhibit "A," and made a part hereof.

12.     The Payment Bond provides, <u>inter alia</u>, that Travelers shall pay, upon performance of specified conditions, all sums and monies due and owing to persons such as Waltham Lime for materials furnished to the Project.

13.     Boston Interiors entered into a subcontract with the Joint Venture to perform a portion of the construction work for the Project.

14.     Before it began delivering materials to Boston Interiors for the Project, Waltham Lime asked Peabody for a copy of the Payment Bond. In response, Peabody, on behalf of the Joint Venture, on March 26, 2002, sent Waltham Lime a copy of the Payment Bond. The Payment Bond does not include HUD as an obligee or otherwise indicate that HUD is an owner of the Project. The Payment Bond indicates, rather, that MHFA is the Owner of the Project, and indicates that the Project is "MHFA PROJECT # 96-006."

15.     At various times during the calendar year 2002, Boston Interiors purchased from Waltham Lime, and Waltham Lime sold to Boston Interiors, construction materials such as lumber, steel, drywall materials and other supplies for use by the Joint Venture on the Project in partial fulfillment of Boston Interiors' contractual obligations to the Joint Venture.

16.     The last date on which Waltham Lime furnished material to Boston Interiors for the Project was October 30, 2002.

{K0273723.4}

3

17.    Boston Interiors has failed and refused to pay to Waltham Lime the sum of $176,375.85 for materials supplied to Boston Interiors and to the Project.

18.    By letter dated November 14, 2002, in compliance with the terms of the Payment Bond, Waltham Lime provided written notice to Boston Interiors, the Joint Venture, Travelers and MHFA of its claim against the Payment Bond in the amount of $176,375.85 (the "First Notice"). A copy of the First Notice is attached hereto as Exhibit "B", and made a part hereof.

19.    By letter dated December 17, 2002, in compliance with the terms of the Payment Bond, Waltham Lime provided written notice to Boston Interiors, the Joint Venture, Travelers and MHFA of its claim against the Payment Bond in the amount of $176,375.85 (the "Second Notice"). A copy of the Second Notice is attached hereto as Exhibit "C", and made a part hereof.

20.    Waltham Lime has fully performed any and all conditions precedent to recovery on and under the Payment Bond.

21.    Waltham Lime has not received from Boston Interiors, the Joint Venture, Travelers, HUD, or MHFA either a rejection of its claim or any writing indicating that payment would be made.

## III.    PROCEDURAL HISTORY

22.    Waltham Lime brought suit on March 25, 2003 against Peabody and Travelers in Middlesex Superior Court in the action entitled <u>Waltham Lime & Cement Company v. Peabody Constr. Co. et al.</u>, Civil Action 03-01407 (the "State Court Action").

23.    In the State Court Action, Waltham Lime brought claims with respect to its supply of materials to Boston Interiors. Waltham Lime sought recovery on the Payment Bond (Count I), under G.L. c. 93A and G.L. c. 176D (Count II), under the Massachusetts bond statute (Count III), in *quantum meruit* (Count IV), and in unjust enrichment (Count V).

24.     At the time it made deliveries of materials to Boston Interiors for the Project, Waltham Lime did not know that the Project might have been a public work or public building of the United States, or that the general contractor on the Project might have contracted with the United States.

25.     In its Complaint in the State Court Action, Waltham Lime alleged that MHFA was the owner of the Project.

26.     In its Answer dated April 23, 2003, filed in the State Court Action, Peabody admitted that MHFA was the owner of the Project.

27.     In its Answer dated April 25, 2003, filed in the State Court Action, Travelers also admitted that MHFA was the owner of the Project.

28.     In its response to Interrogatory No. 10 of Waltham Lime in the State Court Action, Peabody represented on December 24, 2003 that "The ODF/Hoon/Peabody Joint Venture ("OHP") entered into a contract with the MHFA and a subcontract with Boston Interiors in connection with the Project."

29.     In January, 2004, Waltham Lime amended its Complaint to add Hoon and ODF as additional Defendants. In their Answers to Waltham Lime's Amended Complaint, dated January 21, 2004, the Defendants did not challenge the jurisdiction of the Massachusetts Superior Court and did not assert that HUD was the owner of the Project.

30.     On or about February 13, 2004, an Involuntary Petition was filed in the United States Bankruptcy Court for the District Of Massachusetts entitled In re ODF Contracting Co., Inc., Case No. 04-11125 WCH (Chapter 7-Involuntary) as to ODF by the Massachusetts Laborers' Health & Welfare Fund, the Massachusetts Laborers' Pension Fund, and the Massachusetts Laborers' Annuity Fund.

31.    On July 1, 2004, Waltham Lime obtained an order granting it relief from the Automatic Stay as to ODF from the United States Bankruptcy Court for the District Of Massachusetts.

32.    Waltham Lime moved for summary judgment in the State Court Action on August 30, 2004.  In their opposition papers, the Joint Venture and Travelers questioned for the first time the jurisdiction of the Massachusetts Superior Court, on the basis that the Project was a federal project, and that Waltham Lime's claims must be brought in federal court under the Miller Act.  These papers raised for the first time the suggestion that the Project was a "public building or public work of the Federal Government" and thus subject to the Miller Act, 40 U.S.C. §§ 3131 *et seq*.

33.    By a Memorandum Of Decision And Order On Motion For Summary Judgment Of Waltham Lime & Cement Company dated January 10, 2005 (the "Summary Judgment Decision"), the Middlesex Superior Court (Lauriat, J.) determined that the Project was a public work under the Miller Act, and dismissed Counts I (for breach of contract, on the Payment Bond) and III (under the Massachusetts payment bond statute) of Waltham Lime's complaint on the basis that exclusive jurisdiction for those claims lay in federal court.  A certified copy of the Summary Judgment Decision is attached hereto as Exhibit "D" and made a part hereof.  The Summary Judgment Decision ruled that dismissal was expressly "without prejudice to [Waltham Lime's claims] being refiled in the United States District Court."   Summary Judgment Decision at 10.

34.    In footnote 5 at page 8 of the Summary Judgment Decision, the Superior Court held that the defendants had waived the one-year limitations period of the Miller Act:

> The defendants did not raise the question of jurisdiction during the parties' negotiations, or at the time of filing of this suit, the amendment of the complaint or during discovery. It was not brought to the Court's attention until the summary judgment stage. Because of this delay, the Court concludes that the defendants have waived any objection based on the one-year limitations period in the Miller Act. See 40 U.S.C. § 3133(b)(4).

## IV.    JURISDICTION AND VENUE

35.    This Court has jurisdiction over this claim because it is a claim for payment due under a labor and materials payment bond with respect to a public work or public building of the Federal Government, arising under 40 U.S.C. § 3131 *et seq.* Venue is proper pursuant to 40 U.S.C. § 3133(b)(3) because the Project where the materials were delivered is located in Boston, Massachusetts.

## COUNT I—SUIT ON BOND

36.    Waltham Lime repeats and realleges the allegations of Paragraphs 1 through 35 as if each were separately and specifically set forth herein.

37.    The Defendants Peabody, ODF, and Hoon, as the Joint Venture, are contractors who entered into a general contract to perform work on the Project.

38.    Based upon the Summary Judgment Decision, the Project concerns a public work of the Federal Government within the meaning of the Miller Act.

39.    Travelers is the surety on the Payment Bond. The Payment Bond was issued for the protection of subcontractors such as Waltham Lime.

40.    Waltham Lime has made demand upon Boston Interiors, the Joint Venture, and Travelers, and to date has not been paid.

41.    The Defendants, by their conduct as set forth above, are estopped from asserting that Waltham Lime has not filed this action in a timely fashion. The Defendants, by their conduct as set forth above, have waived any applicable statute of limitations. As a result of the Summary Judgment Decision in the State Court Action, the issue of waiver and estoppel is *res judicata* as between Waltham Lime and the Defendants.

42.    Waltham Lime is entitled to the benefits and protection of the Payment Bond, has complied with all conditions precedent to recovery thereon, and the defendants, Peabody, ODF, Hoon, and Travelers, are jointly and severally liable for monies owed to Waltham Lime concerning the Project.

43.    By reason of their failure and refusal to pay all amounts owed to Waltham Lime, the Defendants are in breach of the Payment Bond.

44.    Waltham Lime has suffered damage in the sum of $176,375.85, plus interest, costs and attorneys' fees.

## COUNT II—INTENTIONAL MISREPRESENTATION

45.    Waltham Lime repeats and realleges the allegations of Paragraphs 1 through 44 as if each were separately and specifically set forth herein.

46.    Before Waltham Lime began supplying materials to the Project, Peabody, in March, 2002, on behalf of and as representative of the Joint Venture, made a false statement as to the involvement of HUD in the Project, by sending Waltham Lime a copy of the Payment Bond.

47.    Peabody, the other members of the Joint Venture, and Travelers knew that MHFA was acting as agent and Interim Asset Manager for HUD, and knew the extent of HUD's involvement in the Project.

48.    Peabody, in its Answers and other filings in the State Court Action, made false statements as to the involvement of HUD in the Project in that it stated that MHFA was the owner of the Project.

49.    Travelers, in its Answers in the State Court Action, made false statements as to the involvement of HUD in the Project in that it stated that MHFA was the owner of the Project.

50.    ODF and Hoon, in their Answer to Waltham Lime's Amended Complaint, by denying knowledge as to the ownership of the Project, made false statements as to the involvement of HUD in the Project.

51.    These statements and omissions were of material facts.

52.    The Defendants either knew that the statements were false when made or the statements were made with reckless disregard as to their falsity.

53.    At the time they were made, the Defendants knew that Waltham Lime would rely on these statements, and intended to induce Waltham Lime to act on them.

54.    Waltham Lime relied on these statements as true, and acted on them by supplying materials to Boston Interiors for the Project, by filing the State Court Action, and by asserting its claims in the State Court Action rather than in this Court.

55.    Waltham Lime was damaged by these misrepresentations in the amount of the value of the supplies for which it was not paid, as well as the amount of its attorneys' fees and costs expended in the State Court Action, and in other ways, in an amount to be determined at trial.

## COUNT III—NEGLIGENT MISREPRESENTATION

56.    Waltham Lime repeats and realleges the allegations of Paragraphs 1 through 55 as if each were separately and specifically set forth herein.

57.    The Defendants made negligent misrepresentations to Waltham Lime.

58.    Waltham Lime relied on these representations as true, and acted on them by supplying materials to Boston Interiors for the Project, by filing the State Court Action, and by pressing its claims in the State Court Action rather than in federal court.

59.    Waltham Lime was damaged by these negligent misrepresentations in the amount of the value of the supplies it delivered, as well as the amount of its attorneys' fees and costs expended in the State Court Action, and in other ways, in an amount to be determined at trial.

WHEREFORE, the Plaintiff, Waltham Lime & Cement Company, hereby demands Judgment against the Defendants, jointly and severally, as follows:

(a)    Under Count I, for damages in the amount of $176,375.85, plus interest and costs;

(b)    Under Counts II and III, for damages in an amount to be determined at trial, but not less than $176,375.85; and,

(c)    That the Court award such other and further relief as its deems just and proper.

WALTHAM LIME & CEMENT COMPANY

By its attorneys,

Anthony M. Moccia – BBO#350225
David B. Hobbie – BBO #637107
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Flr.
Boston, Massachusetts 02110
Telephone: (617) 342.6800
Facsimile: (617) 342.6899

DATED: January 21, 2005

# Payment Bond

## AIA Document A312 - Electronic Format

BOND NUMBER: 103316488

NTRACTOR *(Name and Address)*:
DF/HOON/PEABODY, Joint Venture
960 Washington Street
oston, Massachusetts  02108

SURETY *(Name and Principal Place of Business)*:
TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA
300 Crown Colony Drive
Quincy, Massachusetts  02169

'NER *(Name and Address)*:
IASSACHUSETTS HOUSING FINANCE AGENCY
ne Beacon Street
loston, Massachusetts  02108

INSTRUCTION CONTRACT
te:
nount: $45,367,275.00
scription *(Name and Location)*:  MHFA PROJECT #96-006
ACADEMY HOMES II, Boston, Massachusetts

OND
ate (Not earlier than Construction Contract Date):
mount:  $45,367,275.00
odifications to this Bond:                              [X] None                    [ ] See Page

| CONTRACTOR AS PRINCIPAL | | SURETY | |
|---|---|---|---|
| ompany: | (Corporate Seal) | Company: | (Corporate Seal) |
| ODF/HOON/PEABODY, Joint Venture | | TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | |

Signature:
Name and Title: EDWARD A. FISH, JR., President

Signature:
Name and Title: DEBRA J. RIGDON, Attorney-in-Fact

(Any additional signatures appear on the last page)

*(FOR INFORMATION ONLY - Name, Address and Telephone)*

AGENT or BROKER:
OLDE BAY INSURANCE AGENCY, INC.
6 City Square, P.O. Box 290788
Boston, MA.  02129
(617) 242-2800

OWNER'S REPRESENTATIVE (Architect, Engineer or other party):

'A DOCUMENT A312· PERFORMANCE BOND AND PAYMENT BOND · DECEMBER 1984 ED. · AIA ®· THE AMERICAN INSTITUTE OF ICHITECTS, 1735 NEW YORK AVENUE, N.W., WASHINGTON, D.C., 20006-5292 · THIRD PRINTING · MARCH 1987. WARNING; Unlicensed notocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A312-1984
User Document: A312.DOC -- 1/4/2000. AIA License Number 105821, which expires on 9/6/2000 -- Page #5

The Contractor and the Surety, jointly and severally bind nselves, their heirs, executors, administrators, successors assigns to the Owner to pay for labor, materials and ipment furnished for use in the performance of the nstruction Contract, which is incorporated herein by erence.

With respect to the Owner, this obligation shall be null d void if the Contractor:

**2.1** Promptly makes payment, directly or indirectly, for all sums due Claimants, and

**2.2** Defends, indemnifies and holds harmless the Owner from claims, demands, liens or suits by any person or entity whose claim, demand, lien or suit is for the payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, provided the Owner has promptly notified the Contractor and the Surety (at the address described in Paragraph 12) of any claims, demands, liens or suits and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety, and provided there is no Owner Default.

**3** With respect to Claimants, this obligation shall be null and void if the Contractor promptly makes payment, directly indirectly, for all sums due.

**4** The Surety shall have no obligation to Claimants under this Bond until:

**4.1** Claimants who are employed by or have a direct contract with the Contractor have given notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and, with substantial accuracy, the amount of the claim.

**4.2** Claimants who do not have a direct contract with the Contractor:

.1 Have furnished written notice to the Contractor and sent a copy, or notice thereof, to the Owner, within 90 days after having last performed labor or last furnished materials or equipment included in the claim stating, with substantial accuracy, the amount of the claim and the name of the party to whom the materials were furnished or supplied or for whom the labor was done or performed; and

.2 Have either received a rejection in whole or in part from the Contractor, or not received within 30 days of furnishing the above notice any communication from the Contractor by which the Contractor has indicated the claim will be paid directly or indirectly; and

.3 Not having been paid within the above 30 days, have sent a written notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and enclosing a copy of the previous written notice furnished to the Contractor.

**5** If a notice required by Paragraph 4 is given by the Owner to the Contractor or to the Surety, that is sufficient compliance.

**6** When the Claimant has satisfied the conditions of Paragraph 4, the Surety shall promptly and at the Surety's expense take the following actions:

**6.1** Send an answer to the Claimant, with a copy to the Owner, within 45 days after receipt of the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.

**6.2** Pay or arrange for payment of any undisputed amounts.

**7** The Surety's total obligation shall not exceed the amount of this Bond, and the amount of this Bond shall be credited for any payments made in good faith by the Surety.

**8** Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any Construction Performance Bond. By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and the Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work.

**9** The Surety shall not be liable to the Owner, Claimants or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligations to make payments to, give notices on behalf of, or otherwise have

'A DOCUMENT A312· PERFORMANCE BOND AND PAYMENT BOND · DECEMBER 1984 ED. · AIA ®· THE AMERICAN INSTITUTE OF :CHITECTS, 1735 NEW YORK AVENUE, N.W., WASHINGTON, D.C., 20006-5292 · THIRD PRINTING · MARCH 1987. WARNING; Unlicensed photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A312-1984

User Document: A312.DOC -- 1/4/2000. AIA License Number 105821, which expires on 9/6/2000 -- Page #6

tions to Claimants under this Bond.

The Surety hereby agrees that it consents to and ~s notice of any change, addition, alteration, omission, ding changes of time, or other modification to the truction Contract or to related subcontracts, purchase s and other obligations. Any additional alteration, ge, extension of time, or other modification of the itruction Contract or to related subcontracts, purchase rs and other obligations, or a forbearance on the part of Owner, the Contractor, or any other party, shall not ise the surety of its obligations hereunder, and notice to surety of such matters is hereby waived.

No suit or action shall be commenced by a Claimant ler this Bond other than in a court of competent sdiction in the location in which the work or part of the rk is located or after the expiration of one year from the e (1) on which the Claimant gave the notice required by bparagraph 4.1 or Clause 4.2.3, or (2) on which the last ior or service was performed by anyone or the last iterials or equipment were furnished by anyone under the anstruction Contract, whichever of (1) or (2) first occurs. If e provisions of this Paragraph are void or prohibited by w, the minimum period of limitation available to sureties as defense in the jurisdiction of the suit shall be applicable

2  Notice to the Surety, the Owner or the Contractor shall e mailed or delivered to the address shown on the signature age. Actual receipt of notice by Surety, the Owner or the ontractor, however accomplished, shall be sufficient ampliance as of the date received at the address shown on he signature page.

13  When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. The intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

14  Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor shall promptly furnish a copy of this Bond or shall permit a copy to be made.

## 15  DEFINITIONS

15.1  Claimant: An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Contract. The term this Bond shall be [...] include without limitation in the terms "labor, materials    :quipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

15.2  Construction Contract: The agreement between the Owner and the Contractor identified on the signature page, including all Contract Documents and changes thereto.

15.3  Owner Default: Failure of the Owner, which has neither been remedied nor waived, to pay the Contractor as required by the Construction Contract or to perform and complete or comply with the other terms thereof.

AIA DOCUMENT A312· PERFORMANCE BOND AND PAYMENT BOND · DECEMBER 1984 ED. · AIA ®· THE AMERICAN INSTITUTE OF RCHITECTS, 1735 NEW YORK AVENUE, N.W., WASHINGTON, D.C., 20006-5292 · THIRD PRINTING · MARCH 1987.  WARNING:  Unlicensed iotocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A312-1984

DIFICATIONS TO THIS BOND ARE AS FOLLOWS:

ace is provided below for additional signatures of added parties, other than those appearing on the cover page.)

ONTRACTOR AS PRINCIPAL                                    SURETY
mpany:                          (Corporate Seal)         Company:                          (Corporate Seal)


gnature:_____          Signature:_____
ame and Title:                                     Name and Title:

IA DOCUMENT A312 · PERFORMANCE BOND AND PAYMENT BOND · DECEMBER 1984 ED. · AIA ® · THE AMERICAN INSTITUTE OF RCHITECTS, 1735 NEW YORK AVENUE, N.W., WASHINGTON, D.C., 20006-5292 · THIRD PRINTING · MARCH 1987. WARNING: Unlicensed photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format  A312-1984

# ECKERT SEAMANS CHERIN & MELLOTT, LLC

November 14, 2002

One International Place
18th Floor
Boston, MA 02110
Telephone: 617-342-6800
Facsimile: 617-342-6899
www.escm.com


Boston

Fort Lauderdale

Haddonfield, NJ

Harrisburg

Philadelphia

Pittsburgh

Washington, D.C.

Boston Interiors
728 East Industrial Park
Suite 13
Manchester, NH  03109

ODF/Hoon/Peabody Joint Venture
1960 Washington Street
Boston, MA 02108

Travelers Casualty & Surety Company of America
300 Crown Colony Drive
Quincy, MA  02169

Massachusetts Housing Finance Agency
One Beacon Street
Boston, MA  02108

Re:   Project:              New MFA Project #96-006
                            Academy Homes II, Boston, Massachusetts
      General Contractor:   ODF/Hoon/Peabody, Joint Venture
      Subcontractor:        Boston Interiors
      Supplier:             Waltham Lime & Cement Co., Inc.
      Surety:               Travelers Casualty & Surety Company
                            Of America

To Whom It May Concern:

Our office represents Waltham Lime & Cement Co., Inc. ("Waltham Lime") who
supplied drywall and construction materials to Boston Interiors on the above-
referenced project, which is owned by Massachusetts Housing Finance Agency.
Boston Interiors has a subcontract with the general contractor,
ODF/Hoon/Peabody, Joint Venture on the above-named project. A labor and
material bond was issued for said project by Travelers Casualty & Surety
Company of America.

**NOTICE** is hereby given that Waltham Lime supplied drywall and construction
materials to Boston Interiors for use on the above-referenced project. The
materials were last supplied to the project on October 30, 2002. There is a
balance due to Waltham Lime for said materials which remains unpaid in the
amount of $176,375.84. This notice is given pursuant to the terms and

{K0248608.1}

Stephen T. Kunian

conditions of the aforesaid bond that the amount of $176,375.84 is due and owing to Waltham Lime.

**DEMAND** is herewith made that Waltham Lime be paid the balance due and owing in the amount of $176,375.84.

Very truly yours,

Stephen T. Kunian

STK/edt

cc:  Mr. Steven Barriere

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

# ECKERT SEAMANS CHERIN & MELLOTT, LLC

One International Place
18th Floor
Boston, MA 02110
Telephone 617.342.6800
Facsimile 617.342.6899
www.escm.com

Boston

Haddonfield, NJ

Harrisburg

Morgantown, WV

Philadelphia

Pittsburgh

Washington, D.C.

December 17, 2002

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Boston Interiors
728 East Industrial Park
Suite 13
Manchester, NH 03109

ODF/Hoon/Peabody Joint Venture
1960 Washington Street
Boston, MA 02108

Travelers Casualty & Surety Company of America
300 Crown Colony Drive
Quincy, MA 02169

Massachusetts Housing Finance Agency
One Beacon Street
Boston, MA 02108

Re:    Project:              New MFA Project #96-006
                             Academy Homes II, Boston, Massachusetts
       General Contractor:   ODF/Hoon/Peabody, Joint Venture
       Subcontractor:        Boston Interiors
       Supplier:             Waltham Lime & Cement Co., Inc.
       Surety:               Travelers Casualty & Surety Company
                             Of America

To Whom It May Concern:

On November 14, 2002 a Notice of Claim was sent to each of you making demand on behalf of Waltham Lime & Cement Company for payment of $176,375.84 with respect to the above project. I enclose a copy of the Notice of November 14, 2002 in accordance with the terms of the Bond.

This is further to advise you that my client has neither received a rejection in whole nor in part from the Contractor nor received any communications from Contractor that the claim will be paid directly or indirectly.

ECKERT SEAMANS
ATTORNEYS AT LAW

{K0250521.1}

Stephen T. Kunian
617.342.6869
stk@escm.com

*Page 2*

Notice is herewith given pursuant to the Bond that a claim is being made under the Bond for the payment of $176,354.84.

My client has received a request for documentation from the Bonding Company dated November 22, 2002 which documentation is being supplied to the Bonding Company. However, said letter contained no assurance nor any representation that the monies due Waltham Lime & Cement Company would be paid. Accordingly, Waltham Lime & Cement Company expressly reserves the right to take such action as it deems appropriate to enforce its rights.

Very truly yours,

Stephen T. Kunian

STK/edt

cc:    Mr. Steven Barriere
       Ms. Laurie Larson

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 03-1407-C

WALTHAM LIME & CEMENT COMPANY

v.

PEABODY CONSTRUCTION CO., INC., ODF CONTRACTING
CO., INC., HOON COMPANIES, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY OF AMERICA

## MEMORANDUM OF DECISION AND ORDER
## ON MOTION FOR SUMMARY JUDGMENT OF
## WALTHAM LIME & CEMENT COMPANY

This action arises from a dispute over payment for construction materials that the plaintiff, Waltham Lime & Cement Company ("Waltham Lime"), supplied to a sub-contractor of the defendants' joint venture. The sub-contractor has filed a petition for bankruptcy, and Waltham Lime alleges it has not been paid for materials it delivered. The amended complaint alleges breach of contract (Count I), violation of G.L. c. 93A and c. 176D (Count II), violation of G.L. c. 149, § 29 (Count III), unjust enrichment (Count IV), and *quantum meruit* (Count V).

Waltham Lime has now moved for summary judgment on Counts I, III, IV and V of the amended complaint. For the following reasons, the motion for summary judgment is denied, and Counts I and III are dismissed for lack of subject matter jurisdiction.

## BACKGROUND

The summary judgment record reveals the following undisputed facts.

Three of the named defendants, Peabody Construction Co., Inc., ODF

Contracting Co., Inc., and Hoon Companies, Inc., conducted business as an

unincorporated joint venture, the ODF.Hoon.Peabody Joint Venture ("joint

venture"). The members of the joint venture entered into a general contract for the

demolition and construction of a project known as "Academy Homes II" ("the

project"), located in Roxbury, Massachusetts.

### Language of the General Contract & Bonds

The general contract is dated January 19, 2001. The front page states that the

owner of the project is "Massachusetts Housing Finance Agency ("MHFA") as

Interim Asset Manager for the U.S. Department of Housing and Urban

Development." It was signed by Steven D. Pierce ("Pierce"), then Executive Director

of the MHFA. The summary judgment record does not include any details about the

legal relationship between MHFA and the U.S. Department of Housing and Urban

Development ("HUD"). The general contract makes additional references to both

parties.

Article 5, "Progress Payments," includes the following provisions. Insert A,

Section 5.1.1, requires, in part, that "Applications for Payment shall be made on an

MHFA Form 2448 or other form as may be approved for use by the Owner." Section

2

5.3 provides, in part, that "The Massachusetts Housing Finance Agency (MHFA), acting as agent for HUD, shall review Contractor's Applications for Payment. MHFA reserves the right to reject and return any and all nonconforming Applications for Payment to Contractor." HUD is solely responsible for all payments under the contract, and MHFA is not liable for any work performed thereunder.[1]

Section 7.3 of the general contract states, in part, that "The Contractor shall provide and pay for the payment and performance bonds in the amount of no less than one hundred percent (100%) of the Contract Sum. Such bonds shall name the Massachusetts Housing Finance Agency and the U.S. Department of Housing and Urban Development as obligees, and shall be provided by one or more sureties acceptable to Owner." The contract sum is $45,367,275. Both bonds were in fact executed, with defendant Travelers as surety.

A Dual Obligee Rider ("Rider") was executed and attached to the performance

---

[1] Insert C to the contract provides:
"Payment shall be made by the U.S. Department of Housing and Urban Development (HUD) through its PMS automated payment system in accordance with the "Prompt Payment for Construction Contracts (April 1989)," which is incorporated into the Contract Documents as a Federal Requirement. For the purposes of this Contract, the "designated billing office" shall be the Massachusetts Housing Finance Agency (MHFA) and the "designated payment office" shall be Data Prompt, Inc. (DPI)."
    Insert D provides:
"The Contractor hereby acknowledges that HUD is solely responsible for all payments for work performed under this Contract, and that, except for the timely processing and forwarding of invoices to DPI, MHFA shall not be liable for any delay or failure by HUD to make payments for amounts due hereunder."

bond, naming HUD as an obligee under the bond. The Rider provides, in part, that the bond "shall now include as an Obligee with the Owner, . . . [HUD], in its capacity as a course of money to the Owner for exclusive use on the project aforesaid." The Rider states "This agreement is subject to the precedent condition that HUD shall have no right of action against the Principal or the Surety except such as the Owner would have is suing [*sic*] and shall be subject to all offsets and defenses however arising which would be available against the Owner." Further, the "Owner" is not relieved of responsibilities owed to the "Principal or Surety under the contract or otherwise, whether or not HUD furnishes money to the Owner in the amounts agreed upon or expected." The "Massachusetts Housing Finance Agency" is typed in the blank space labeled "Owner," and the Rider was signed by Pierce.

Boston Interiors Construction Co., Inc. ("Boston Interiors"), entered into a sub-contract to perform a portion of the construction work on the project. At various times during 2002, Boston Interiors purchased construction materials from the plaintiff, Waltham Lime & Cement Co. ("Waltham Lime"), including lumber, steel and drywall materials. Waltham Lime states that it delivered the materials to Boston Interiors at the project site, and expected them to be used to benefit the joint venture through project construction. Waltham Lime has submitted business records, and contends that the records demonstrate that the materials were in fact delivered, and that its contract with Boston Interiors had a value of at least $176,375.85. Boston

4

Interiors failed and refused to pay Waltham Lime for the materials supplied,[2] and has filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code.[3]

The defendants concede that the last date on which Waltham Lime furnished material to Boston Interiors for the project was October 30, 2002. By letters dated November 14, 2002 and December 17, 2002, Waltham Lime provided written notice to Boston Interiors, the joint venture, Travelers and the MHFA of its claim against the payment bond in the amount of $176,375.85. Waltham Lime has not received any writing indicating that payment would be made by Boston Interiors or any defendant.

This action was filed on March 27, 2003, and a motion to amend to add additional defendants was allowed on January 6, 2004. The amended complaint was answered on January 21, 2004. The summary judgment motion was filed on August 30, 2004.

## DISCUSSION

Waltham Lime has moved for summary judgment on Counts I, III, IV and V of the amended complaint. The defendants respond by asserting that this Court lacks subject matter jurisdiction over this matter, because suits under the bonds must be brought in federal court. They ask that the complaint be dismissed pursuant to

---

[2] Boston Interiors has been paid 95% of its contract amount by the joint venture.

[3] Docket No. 02-13730-JMD.

5

Rule 12(h)(3) of the Massachusetts Rules of Civil Procedure. This argument is
persuasive, and the counts of the amended complaint which seek to enforce the
payment bond will be dismissed, without prejudice. The remaining counts assert
claims under Massachusetts common law, and will not be dismissed.

## I. Claims Under the Payment Bond

The defendants contend that the project is properly subject to the Miller Act,
40 U.S.C. §§ 3131 *et seq.* Federal law requires that both performance and payment
bonds be posted "before any contract of more than $100,000 is awarded for the
construction, alteration, or repair of any public building or public work of the Federal
Government." 40 U.S.C. § 3131(b). Any suit to recover for unpaid labor or
materials on a Miller Act project must be brought "in the United States District
Court for any district in which the contract was to be performed and executed,
regardless of the amount in controversy." 40 U.S.C. § 3133(b)(3).

The statute does not define "public work of the federal government," and
judicial definitions have been vague and fact dependent. In *United States for the use of
Noland Co. v. Irwin,* 316 U.S. 23 (1942), the United States Supreme Court held that
"public works" include "projects of the character heretofore constructed or carried on
. . . with public aid to serve the interests of the general public." *Id.* at 30
(incorporating definition of "public works" from the National Industrial Recovery
Act). Most lower courts interpreting the statutory language have held that federal

6

funding of a project alone is not enough to make it a "public work" of the United

States. See *United States of America for the use of General Electric Supply Co. v. United*

*States Fidelity & Guaranty Co.*, 11 F.3d 577, 581 (6th Cir. 1993). "[C]ourts often

look to the following as indicia [of a public work]: whether the United States is a

contracting party, an obligee to the bond, an initiator or ultimate operator of the

project; whether the work is done on property belonging to the United States; or

whether the bonds are issued under the Miller Act." *Operating Eng'rs Health &*

*Welfare Trust Fund v. JWJ Contracting Co.*, 135 F.3d 671, 675 (9th Cir. 1998). See

also "What Constitutes 'Public Work' Within Statute Relating to Contractor's

Bond," Russell G. Donaldson, 48 A.L.R.4th 1170 (1986 & Supp. 2004).[4]

---

[4] "In the context of the Miller Act, the courts have seen the existence of a contract concerning "public works of the United States" within the bonding provisions of that statute as indicated by such matters as: (1) title to the property involved vesting in the United States (although the mere fact that title is intended eventually to vest in the United States has been held not necessarily to mean that the work involved was "public" when such vesting did not take place during the course of the work); (2) the status of the United States, or at least an "instrumentality" thereof; as a party to the contract; (3) the fact, where establishable, that a contract is for building, construction, or repair of a building or structure; (4) the use of federal funding for the project, even if such funding was "unappropriated" (although there is authority indicating that the mere existence of federal funding will not by itself establish the applicability of the Miller Act); (5) recognition ab initio of the requirement of such a bond in the terms of the contract; (6) use of the form and content provided by the statute for such bond; or (7) the fact that, for whatever reason, a mechanic's lien is unavailable for use against the property by subcontractors or materialmen." "What Constitutes 'Public Work' Within Statute Relating to Contractor's Bond," Russell G. Donaldson, 48 A.L.R.4th 1170, 1183-1184 (1986 & Supp. 2004).

In the present case, the status of the Academy Homes project as a public work of the federal government, subject to the Miller Act, is a close question. A review of the record indicates uncertainty as to the project's status. The confusion stems from the imprecise wording of the contract documents.[5]

The general contract and bonds were executed by MHFA, and the relationship between HUD and MHFA is not explained in the record. MHFA appears to administer the project, and is included with HUD as an obligee under the bond. The Court nevertheless concludes that the project is subject to the Miller Act. The MHFA was acting in some capacity as an agent or representative of HUD. Whatever the exact nature of that relationship, HUD is acting as more than merely a source of funding for the project. If that were the case, there would be no reason to include reference to HUD in defining the parties to the general contract. The terms of the contract require that HUD be an obligee to the performance bond, and the Rider satisfies this requirement. The totality of the evidence indicates that HUD has an ownership role in this project.

Therefore, as the Court finds the project to be a public work subject to the

---

[5] The defendants did not raise the question of jurisdiction during the parties' negotiations, or at the time of the filing of this suit, the amendment of the complaint or during discovery. It was not brought to the Court's attention until the summary judgment stage. Because of this delay, the Court concludes that the defendants have waived any objection based on the one-year limitations period in the Miller Act. See 40 U.S.C. § 3133(b)(4).

Miller Act, exclusive jurisdiction over the claims asserted in Counts I and III lies in the federal district court.  Counts I and III must be dismissed, as this Court lacks subject matter jurisdiction.  Mass. R. Civ. P. 12(h)(3).

## II.  Equitable Claims

The remaining counts, IV and V, assert claims under Massachusetts statutes and common law, rather than under the terms of the payment bond.  This Court has subject matter jurisdiction over these claims.

Summary judgment will be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P. 56(c); *Cassesso v. Commissioner of Correction*, 390 Mass. 419, 422 (1983); *Community National Bank v. Dawes*, 360 Mass. 550, 553 (1976).  The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles him to judgment as a matter of law. *Pederson v. Time, Inc.*, 404 Mass. 14, 16-17 (1989).

*Quantum meruit* and unjust enrichment are equitable remedies where, although there is no enforceable contract, the circumstances require imposition of a legal obligation in the interests of justice. *J.A. Sullivan v. Commonwealth*, 397 Mass. 789, 793 (1986).  To recover in *quantum meruit*, the plaintiff must show that he conferred a benefit upon the defendant, that the defendant accepted those services with the expectation of compensating the plaintiff, and that the plaintiff provided the service

9

with the reasonable expectation of being compensated by the defendant. *Bolen v. Paragon Plastics, Inc.,* 747 F. Supp. 103, 106-107 (D. Mass. 1990). To recover on a claim of unjust enrichment, the plaintiff must show a benefit conferred on the defendant by the plaintiff, "an appreciation or knowledge by the defendant of the benefit and . . . the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." 12 Williston on Contracts § 1479 (3d ed. 1957).

Waltham Lime has not met its summary judgment burden. Questions as to the parties' intent and expectations are disputed material facts. The plaintiff has failed to show that no jury could reasonable find for the defendants. Therefore, the motion for summary judgment must be denied as to Counts IV and V.

## ORDER

For the forgoing reasons, the Motion for Summary Judgment of Waltham Lime & Cement Company is **DENIED**. It is hereby **ORDERED** that Counts I and III be **DISMISSED**, without prejudice to their being refiled in the United States District Court.

Peter M. Lauriat
Justice of the Superior Court

Dated: January *10* , 2005

MIDDLESEX. ss. **Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this twenty-first day of January 2005.

Deputy        Assistant Clerk

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

UNITED STATES OF AMERICA for the use
of WALTHAM LIME & CEMENT COMPANY

**DEFENDANTS** *IN CLERKS OFFICE*

PEABODY CONSTRUCTION CO., INC., ODF CONTRACTING CO., INC., HOON COMPANIES, INC. and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

*FILED*

*U.S. DISTRICT COURT DISTRICT OF MASS.*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Anthony M. Moccia, BBO #350225
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, Massachusetts 02110
617.342.6800

ATTORNEYS (IF KNOWN)

*05 10138 NG*

George Plunkett
Vena, Riley, Deptula LLP
250 Summer Street, 2nd Floor
Boston, Massachusetts 02210
617.951.2400

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Jurisdiction is based on the Miller Act, 40 U.S.C., ss. 3131, et seq.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☒ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates, etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ **$176,375.85**

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES  **XX**

## VIII. RELATED CASE(S) IF ANY
(See instructions)

JUDGE _____        DOCKET NUMBER _____

DATE **Jan. 21, 2005**

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

1.  Title of case (name of first party on each side only)  __United States of America for the use of WALTHAM__
    LIME & CEMENT COMPANY v. PEABODY CONSTRUCTION CO., INC.

U.S. DISTRICT COURT
DISTRICT OF MASS.

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

              *Also complete AO 120 or AO 121
              for patent, trademark or copyright cases

    ☒   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ☐   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ☐   V.    150, 152, 153.

    05-10138 NG

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    __N/A__

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)    YES ☐   NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?    YES ☐   NO ☒

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?    YES ☐   NO ☐

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).    YES ☒   NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☒    Central Division ☐    Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐    Central Division ☐    Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)    YES ☐   NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   __Anthony M. Moccia, Eckert Seamans Cherin & Mellott, LLC__

ADDRESS   __One International Place, 18th Floor, Boston, Mass. 02110__

TELEPHONE NO.   __617.342.6800__

(Coversheetlocal.wpd - 10/17/02)