UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of WALTHAM LIME & CEMENT COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>PEABODY CONSTRUCTION, INC., ODF CONTRACTING CO., INC., HOON COMPANIES, INC., and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>            Defendants. | CIVIL ACTION NO. 05-10138 NG |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

Defendant Travelers Casualty and Surety Company of America ("Travelers"), hereby submits this Memorandum of Law in support of the accompanying Motion to Dismiss Count I of Plaintiff's Complaint pursuant to Fed R. Civ. P. 12(b)(1). As grounds for this motion, Travelers states that Plaintiff's claim pursuant to 40 U.S.C. §3131 – 3134 (the "Miller Act") is time barred and, therefore, this Court lacks subject matter jurisdiction.

**I.      FACTS AND PROCEDURAL HISTORY**

Plaintiff Waltham Lime & Cement Company ("Waltham") was a supplier of materials to a construction project known as Academy Homes II (hereinafter the "Project"). Waltham initiated this action (the "Miller Act Claim") to seek recovery of monies claimed owed in connection with materials allegedly supplied to the Project.

Waltham seeks relief from Travelers in connection with a surety payment bond (the "Bond") issued by Travelers in connection with the Project.

On March 25, 2003 Waltham filed Civil Action No. 03-1407-C, Waltham Lime & Cement Company v. Peabody Constr. Co., et al., (the "State Court Claim") in the Middlesex Superior Court seeking to recover, among other things, from Travelers on the Bond pursuant to M.G.L. c.149 §29. On August 30, 2004 Waltham moved for summary judgment with respect to the State Court Claim. Travelers, along with its co-defendants, filed a response asserting, among other things, that the Project was a public work of the federal government and, therefore, exclusive jurisdiction over the matter lay in the United States District Court pursuant to the Miller Act.

By Memorandum of Decision and Order on Motion for Summary Judgment of Waltham Lime & Cement Company dated January 10, 2005 (hereinafter the "State Court Dismissal"), Judge Peter M. Lauriat held that the Project is, in fact, a public work of the federal government subject to the Miller Act, and on that basis dismissed the State Action Claim on the Bond under M.G.L. c. 149, § 29.[1] See Exhibit D to Waltham's Complaint. In response to the State Court dismissal, Waltham filed the Miller Act Claim that is the subject of this action on January 21, 2005.[2]

---

[1] Judge Lauriat allowed Waltham Lime to maintain a few secondary state court claims, including a cause of action under G.L. c. 93A against Travelers. The Superior Court and the parties are presently considering how best to address the orphaned 93A claim.

**II.     ARGUMENT**

    A.     Summary

The Court lacks subject matter jurisdiction over Waltham's Miller Act Claim as Waltham failed to pursue its Miller Act Claim in the District Court within one year from the date upon which Waltham last supplied labor or materials to the Project.  The Miller Act requires claimants to file an action in the United States District Court within one year from the date of the claimant's last work or supply of materials to the project.  Filing within the prescribed one year period is a condition precedent to maintenance of the United States District Court's subject matter jurisdiction over a Miller Act Claim.  As set forth in greater detail herein, neither a defendant's conduct, nor the subsequent filing of a claim in state court serve as a waiver of this condition precedent or toll the one year limitations period.

    B.     The Miller Act's Limitations Period is Jurisdictional.

The Miller Act requires general contractors on public works of the federal government with a contract amount exceeding $100,000.00 to secure a payment bond for the protection of subcontractors and materialman supplying labor and materials for use on the project.  Congress enacted the Miller Act as a means to protect those supplying labor and materials to federal projects to which mechanic's liens and other state law remedies would not apply. See F.D. Rich Co. v. United States, 417 U.S. 116 (1974).  In presenting a Miller Act claim, "[t]he plaintiff disavows any right to recover as in a common-law action.  By reason of the nature of the action, section 270a *et seq.*

---

[2] Waltham has since filed a Motion for Reconsideration of the State Court Dismissal which is currently

(*superseded* by 40 U.S.C. §§3131-3133) is to be strictly construed." <u>United States ex rel. Genesee Sand & Gravel Corp. v. Fleisher Engineering Construction Co. et al.</u> 45 F. Supp. 781 (W.D. NY 1942).

As relevant herein, the Miller Act provides:

> An action brought under this subsection must be brought <u>no later than one year</u> after the day on which the last of the labor was performed or material was supplied by the person bringing the action.
>
> 40 U.S.C. §3133(b)(4) (emphasis added).

The First Circuit has described the foregoing provision as unambiguous. <u>See</u> <u>GE Supply V. C&G Enters. Inc.</u>, 212 F.3d 14, 18 (1st Cir. 2000). As such, and consistent with the authority discussed herein, a claimant's failure to bring suit within the prescribed one year limitations period is a bar to a Miller Act claim.

Those circuits that have considered the question have uniformly regarded the one year filing requirement as a jurisdictional limitation on the substantive rights conferred by the Miller Act. See <u>Harvey Gulf International Marine, Inc., v. Maryland Casualty Company</u>, 573 F.2d 245 (5th Cir. 1978) *citing* <u>United States ex rel. Celanese Coatings Co. v. Gullard</u>, 504 F.2d 466 (9th Cir. 1974); <u>United States ex rel. General Dynamics Corp. v. Home Indemnity Co.</u>, 489 F.2d 1004 (7th Cir. 1973); <u>United States ex rel. Statham Instruments, Inc. v. Western Casualty & Surety Co.</u>, 359 F.2d 521 (6th Cir. 1966); <u>United States ex rel. Soda v. Montgomery</u>, 253 F.2d 509 (3d Cir. 1958). As such, a claimant's failure to bring suit on the bond within one year after the last date on which

---

pending before Judge Lauriat.

it provided labor or materials to the project precludes the District Court from exercising jurisdiction over the subject matter of the claim. Id; See also United States use of Wrecking Corp., v. Edward R. Marden Corp., 289 F.Supp 141 (D.MA 1968)(the Miller Act places a one-year limitation on actions against sureties, after which the contingent liability ceases and no action may be maintained against sureties unless commenced within one year from the completion of the work on the contract). The one year limitation is not merely a limitation on the remedy *but on the liability itself*.'" Id. (emphasis added).

In the present action, Waltham's Complaint states that "[t]he last date on which Waltham Lime furnished material to . . . the Project was October 30, 2002." Complaint at ¶16. Notably, Waltham did not file its Complaint in the United States District Court for the District of Massachusetts until January 21, 2005. As such, and by its own admission of record, Waltham failed to file suit on the Bond in the United States District Court within the prescribed one year period which expired on or before October 30, 2003. Waltham's failure to timely perfect its claim as required by the Miller Act therefore absolved Travelers of any liability under the Bond.

C.  Waltham's State Law Claim did not Toll the Miller Act Limitations Period.

Waltham's Complaint argues that by filing the State Law Action within one year of its last supply to the Project, in connection with Travelers' alleged failure to raise the jurisdictional defense until after the prescribed one year period, the express Miller Act limitations period was tolled. When presented with this very question, Waltham's position with respect to tolling has been consistently rejected by the federal courts,

5

including the District Courts of the First Circuit.  In fact, the United States District Court for the District of Puerto Rico examined this very question in <u>United States ex rel. Jacinto Casablanca, v. Continental Casualty Company</u>, 354 F. Supp. 1353 (D.PR 1972).

In <u>Casablanca</u>, a subcontractor completed work on a federal project in 1960.  In that same year, the subcontractor filed suit in the Superior Court of the Commonwealth of Puerto Rico seeking recovery against the general contractor/bond principal and the surety for breach of contract and other theories of recovery.  As with this action, the Superior Court subsequently dismissed the action against the surety finding that the project was subject to the Miller Act and that exclusive jurisdiction lay in the United States District Court.  Thereafter, but beyond one year from last providing materials or labor, the subcontractor claimant filed an action on the bond under the Miller Act in the United States District Court.  In response to the untimely Miller Act claim the District Court found that:

> Three years had elapsed since the plaintiff had knowledge of the existence of the payment bond executed by defendant Continental Casualty Company…Though plaintiff (subcontractor) took legal action against Southern Construction Company, Inc., (general contractor) on April 5, 1960, by filing a summons and complaint before the Superior Court of San Juan, it was not until December 23, 1971, when he filed this action before us, that he complied with the provisions of the Miller Act, supra.

<u>Id.</u> at ¶1354.

In granting the surety's motion to dismiss, the <u>Casablanca</u> Court held that the claimant's filing of the state court action did not toll the applicable Miller Act limitations period.  "It is the general rule that the filing of an action in an improper

Court which lacks jurisdiction, does not interrupt the statute of limitations. Id. *quoting* 51 Am. Jur. 2d, Limitation of Actions, Section 301, p. 808. Thus the subcontractor's claim was dismissed as untimely and therefore beyond the subject matter jurisdiction of the District Court.

Similarly, other jurisdictions faced with the question of whether an action on a Miller Act claim filed in state court tolls the express Miller Act limitations period are in agreement with the holding in Casablanca. See, e.g. United States ex rel. United Rentals, Inc., v. Hartford Fire Insurance Company, 339 F. Supp. 2d 799 (WD TX 2004)(when a time limitation is considered jurisdictional, it cannot be modified and non-compliance is an absolute bar as the Miller Act provides for exclusive federal jurisdiction and therefore filing an action in state court does not toll the one year limitations filing requirement).

On this issue, Waltham's Complaint makes reference to a footnote in Judge Lauriat's decision which states:

> The defendants did not raise the question of jurisdiction during the parties negotiations, or a the time of the filing of this suit, the amendment of the complaint, or during discovery. It was not brought to the Court's attention until the summary judgment stage. Because of this delay, the Court concludes that the defendants have waived any objection based on the one-year limitation period in the Miller Act.
>
> State Court Dismissal at Note 5.

As noted above, Waltham's decision to pursue its claim in the Superior Court has no bearing on the one year limitation period set forth in the Miller Act. By that same

token, the Superior Court's position that Travelers waived any objection based on the one year limitations period is not binding on this Court. Waltham's State Court Claim has no impact on its rights under the Miller Act. Moreover, the issue of the alleged waiver was never argued in the Superior Court by either party.

Travelers did not waive the one year limitations period applicable to Waltham's Miller Act claim. Moreover, the limitations period provided by the Miller Act is not merely a defense available to the surety, but rather a condition precedent to a Waltham's recovery on the Bond. See United States ex. rel. Berkowitz v. Frankini Construction Co., 139 F. Supp. 153 (D.MA. 1956)(it is incumbent upon the plaintiff or claimant in its complaint to show that it has proceeded in a timely manner). As such, a defendant cannot by its actions waive a condition precedent so as to broaden the scope of the Court's subject matter jurisdiction. It is the claimant's obligation to satisfy the condition precedent. See United States ex. rel. T Square Equipment Corp. v. Gregor J. Schaeffer Sons, Inc., 272 F. Supp. 962 (E.D.NY. 1967)(the commencement of an action within the time period is a condition precedent to the maintenance of suit, and must be pleaded and proved by the plaintiff).

### III.   CONCLUSION

Consistent with the foregoing, Travelers is entitled to dismissal of Count I of Waltham's Complaint as this Court lacks subject matter jurisdiction over Waltham's Miller Act Claim. Waltham's Miller Act Claim was not filed in the United States District Court within one year from the date upon which Waltham admittedly last supplied labor or materials to the Project. Filing within the one year limitations period

is a condition precedent to maintenance of this Court's subject matter jurisdiction over Waltham's claim, and neither Travelers' conduct, nor Waltham's pursuit of the State Court Claim, tolled or constitute a waiver of this condition precedent.

WHEREFORE, Travelers respectfully requests that this Court allow its Motion to Dismiss Count I of Plaintiff's Complaint, award Travelers its costs and attorneys' fees, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,
**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**,
By its attorneys,

/s/ Jonathan C. Burwood
_____
Bradford R. Carver, BBO #565396
Jonathan C. Burwood, BBO#643674
HINSHAW & CULBERTSON LLP
One International Place, 3rd Floor
Boston, MA  02110
(617) 213-7000

Date:  July 13, 2005