# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of WALTHAM LIME & CEMENT COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>PEABODY CONSTRUCTION CO., INC., ODF CONTRACTING CO., INC., HOON COMPANIES, INC., and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, )<br><br>Defendants. ) | Civil Action No. 05-10138 NG |

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (AND REQUEST FOR HEARING)

### I. INTRODUCTION

A defendant's wrongful concealment of facts giving rise to a Miller Act suit equitably tolls the statute of limitations. Here, as confirmed by a state court decision, Defendants misled Plaintiff, Waltham Lime & Cement Company ("Waltham Lime"), about the federal nature of their construction project and its payment bond until the Miller Act's one-year period for filing suit had expired. Defendants' unfair deception mandates equitable tolling of the limitations period. The attempt to dismiss this action by Defendant Travelers Casualty and Surety Company of America ("Travelers") on the basis of that limitation is without merit and must be denied.

### II. BACKGROUND FACTS

1. On January 19, 2001, Defendants, Peabody Construction Co., Inc. ("Peabody"), Hoon Companies, Inc. ("Hoon") and the ODF Contracting Co., Inc. ("ODF"), operating as the

{K0307716.3}

ODF/Hoon/Peabody joint venture (the "Joint Venture"), signed a contract (the "Agreement") with the Massachusetts Housing Finance Agency ("MHFA") to carry out demolition and construction work on a public housing project in Boston, Massachusetts known as "Academy Homes II" (the "Project"). (Complaint, ¶ 10.)

2.      Pursuant to the Agreement, the Joint Venture, as principal, and Defendant Travelers Casualty and Surety Company of America ("Travelers'"), as surety, executed and delivered a Payment Bond No. 103316488 in the amount of $45,367,275.00 (the "Payment Bond") as surety for the payment of claims for labor and materials furnished to the Project by persons such as Waltham Lime. (Complaint, ¶ 11 (a copy of Payment Bond is attached to the Complaint as Exhibit A)).

3.      Boston Interiors entered into a subcontract with the Joint Venture to perform a portion of the construction work for the Project. (Complaint, ¶ 13.)

4.      Plaintiff Waltham Lime is a Waltham-based materials supplier. (Complaint, ¶ 1.) In 2002, Boston Interiors asked Waltham Lime to provide it with building supplies and materials on favorable terms. (Complaint, ¶ 14; Affidavit of Stephen Barriere, September 6, 2005 ("Barriere Affidavit"), ¶ 5.)   Waltham Lime, in turn, asked Peabody for a copy of the Project payment bond. (Barriere Affidavit, ¶ 5.)

5.      In response, Peabody, on behalf of the Joint Venture, on March 26, 2002, sent Waltham Lime a copy of the Payment Bond. (Barriere Affidavit, ¶ 5; See Exhibit 1 thereto.) The Payment Bond does not include HUD as an obligee or otherwise indicate that HUD is an owner of the Project. Nor does it suggest, in any way, either that there was federal involvement in the Project or that the payment bond is a Miller Act bond. The Payment Bond indicates, rather, that MHFA is the Owner of the Project, and describes the Project as "MHFA PROJECT # 96-006." (Complaint, Exhibit A, p. 1.)

6.     At various times during calendar year 2002, Boston Interiors purchased from Waltham Lime, and Waltham Lime sold to Boston Interiors, construction materials such as lumber, steel, drywall materials and other supplies for use by the Joint Venture on the Project in partial fulfillment of Boston Interiors' contractual obligations to the Joint Venture. (Complaint, ¶ 15.) In making deliveries of materials to the Project under the terms in which it did, Waltham Lime relied on the payment bond that Peabody had sent it. (Barriere Affidavit, ¶ 6.)

7.     The last date on which Waltham Lime furnished material to Boston Interiors for the Project was October 30, 2002. (Complaint, ¶ 16.) Boston Interiors has filed in the United States Bankruptcy Court for the District of New Hampshire, a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code, Docket No. 02-13730-JMD. (Complaint, ¶ 9). Neither the Joint Venture nor Travelers has paid Waltham Lime on its claims. (Complaint, ¶ 21).

8.     After giving proper notice to Defendants of its claims, Waltham Lime brought suit on March 25, 2003 against Peabody and Travelers in Middlesex Superior Court in the action entitled Waltham Lime & Cement Company v. Peabody Constr. Co. et al., Civil Action 03-01407 (the "State Court Action"). (Complaint, ¶ 22; see State Court Action Complaint, attached to Affidavit of Counsel dated September 6, 2005 as Exhibit 1.) Waltham Lime specifically alleged that MHFA, the Massachusetts governmental agency listed on the Payment Bond, was the owner of the Project. (State Court Action Complaint, ¶ 4.) Count III of Waltham Lime's Complaint alleges violations of the Massachusetts bond statute, G.L. c. 149 § 29. (Id., ¶¶ 25-26.)

9.     In response to the State Court Action Complaint, Travelers and Peabody both admitted that MHFA was the owner of the Project. (Answer of Travelers Casualty and Surety Company of America filed in the State Court Action, dated April 25, 2003 ("Travelers Answer"), ¶ 4 (attached as Exhibit 2 to Affidavit of Counsel); Answer of Answer of Peabody Construction Co., Inc., April 23, 2003, ¶ 4 (attached as Exhibit 3 to Affidavit of Counsel)). Travelers and

Peabody did not claim that the Massachusetts Superior Court lacked jurisdiction to hear Waltham Lime's claims, and did not raise the Miller Act as a defense. (Id.) In fact, Travelers asserted affirmative defenses based on the Massachusetts bond statute, G.L. c. 149 § 29. (Travelers Answer, p. 5 (Sixth Affirmative Defense), p. 6 (Ninth Affirmative Defense)).

     10.    In December, 2003, Peabody admitted in interrogatory responses signed by its Project Manager, Edward Sople, that the Joint Venture "entered into a contract with the MHFA . . . in connection with the Project." (Response of The Defendant, Peabody Construction Co., Inc., to the Plaintiff's First Set of Interrogatories dated December 24, 2003, Response No. 10 (attached to Affidavit of Counsel as Exhibit 4)(emphasis added)).

     11.    In their Answers to Waltham Lime's State Court Action Amended Complaint, Travelers and the Joint Venture, far from stating that the Joint Venture had contracted with HUD or that HUD owned the Project, claimed to have "no knowledge" as to the ownership of the Project. Incredibly, they also disclaimed knowledge as to whom they had contracted with to perform the Project. (Amended Complaint, ¶ 7 (attached to Affidavit of Counsel as Exhibit 5); Answer Of Travelers Casualty And Surety Company Of America To Amended Complaint, dated January 20, 2004, ¶ 7 (attached to Affidavit of Counsel as Exhibit 6)[1]; Answer Of Peabody Construction Co., Inc., ODF Contracting Co., Inc., Hoon Companies, Inc. As ODF/Hoon/Peabody Joint Venture To Amended Complaint, dated January 20, 2004, ¶ 7 (attached to Affidavit of Counsel as Exhibit 7)). Again, Travelers and Peabody did not claim that the Massachusetts Superior Court lacked jurisdiction to hear Waltham Lime's claims, and did not raise the Miller Act as a defense. (Id.)

---

[1] Travelers' other response to this Amended Complaint, filed with respect to Waltham Lime's unfair settlement practices claim, incorporated its other Answer's responses by reference. (Answer of Travelers Casualty & Surety Company of America to Amended Complaint, February 3, 2004, ¶ 1 (attached to Affidavit of Counsel as Exhibit 8)).

12.    An involuntary bankruptcy petition as to Defendant ODF was filed on February 13, 2004. (Complaint, ¶ 30.) Waltham Lime obtained an order granting it relief from the Automatic Stay as to ODF from the United States Bankruptcy Court for the District Of Massachusetts by an order dated July 1, 2004. (Complaint, ¶ 31.)

13.    Waltham Lime was then able to proceed with its Motion For Summary Judgment in the State Court Action, filed on August 30, 2004. In response to that Motion, Travelers, Hoon, and Peabody, for the first time, jointly claimed that the Project was owned by HUD and funded entirely by HUD, and that MHFA had no interest in the Project other than to act as HUD's agent. (See Affidavit of Edward Sople in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment, filed August 30, 2004, p. 1 (attached to Affidavit of Counsel as Exhibit 9)).

14.    Waltham Lime, in response, asserted, inter alia, that Defendants should be estopped from claiming that HUD was the owner of the Project and that the Miller Act governed Waltham Lime's claims, based on their transmission of the Payment Bond and the repeated assertions in their pleadings filed in the State Court Action. (See Reply Memorandum of Waltham Lime & Cement Company to Joint Opposition to Motion for Summary Judgment, filed August 30, 2004, pp. 6-7 (attached to Affidavit of Counsel as Exhibit 10)). Waltham Lime also asserted that the Miller Act did not apply, based on the absence of federal involvement in the Payment Bond and other factors. (Id., pp. 2-6.)

15.    By a Memorandum of Decision and Order on Motion for Summary Judgment of Waltham Lime & Cement Company dated January 10, 2005 (the "State Court Decision"), Middlesex Superior Court (Lauriat, J.) ruled that the Project was a public work under the Miller Act, and dismissed Counts I (for breach of contract on the Payment Bond) and III (under the Massachusetts payment bond statute) of Waltham Lime's complaint on the basis that federal

courts have exclusive jurisdiction over such claims.  (Complaint, Exhibit "D," p. 9.)  The Court

noted that the issue was a "close call," but ultimately determined that HUD "has an ownership

role" in the Project.  (<u>Id</u>., p. 8.)  The Summary Judgment Decision ruled that dismissal was

expressly "without prejudice to [Waltham Lime's claims] being refiled in the United States

District Court."  (State Court Decision, p. 10.)  The Superior Court further held that the

Defendants may not resort to the one-year limitations period of the Miller Act:

> The defendants did not raise the question of jurisdiction during the parties' negotiations, or at the time of filing of this suit, the amendment of the complaint or during discovery. It was not brought to the Court's attention until the summary judgment stage.  Because of this delay, the Court concludes that the defendants have <u>waived</u> any objection based on the one-year limitations period in the Miller Act.  <u>See</u> 40 U.S.C. § 3133(b)(4).

(State Court Decision, p. 8 n.5.)(emphasis added).

## III.  ARGUMENT

### A.    **Standards Of Review**

Travelers' Motion To Dismiss improperly relies upon Fed. R. Civ. P. 12(b)(1) and alleges

lack of subject matter jurisdiction.  As discussed <u>infra</u> in Section C, a federal district court is not

deprived of subject matter jurisdiction because a party does not file within the limitations period

of the Miller Act.  Travelers' Motion to Dismiss must be taken as a challenge to an element of

Waltham Lime's Miller Act claim and be addressed under Fed. R. Civ. P. 12(b)(6) and <u>not</u> as a

challenge to subject matter jurisdiction.

Under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in

Waltham Lime's Complaint and construe all reasonable inferences in its favor.  <u>Gorski v. New</u>

<u>Hampshire Dept' of Corrections</u>, 290 F.3d 466, 473 (1st Cir. 2002).  Dismissal is only

appropriate if "it appears <u>beyond</u> <u>doubt</u> that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." <u>U.S. v. National Amusements, Inc.</u>, 180 F.Supp.2d 251, 256 (D.Mass. 2001)(emphasis added).[2]

The Miller Act is highly remedial, and is "liberally construed to serve its purpose of protecting those whose labor and materials go into public projects." <u>Sullivan v. Faras-RLS Group, Ltd.</u>, 795 F. Supp. 305, 306 (D. Ariz. 1992).

**B.    Defendants' Concealment of The Federal Nature Of The Project Tolls The Statute Of Limitations**

      *1.    Equitable Estoppel Tolls The Miller Act's Limitations Period*

            **a.)    Federal Circuit Courts Have Consistently Held That Equitable Estoppel Tolls The Miller Act Limitations Period**

Federal circuit courts have consistently held that a defendant whose conduct misleads the plaintiff into delaying suit is estopped from raising the Miller Act limitations period.  <u>United States ex rel. Texas Bitulithic Co. v. Fidelity and Deposit Co. of Maryland</u>, 813 F.2d 697, 700 (5th Cir. 1987)("defendants may be estopped from relying on the Act's one-year limitation period if sufficient equitable considerations exist"); <u>United States ex rel. Skip Kirchdorfer, Inc. v. M.J. Kelley Corp.</u>, 995 F.2d 656, 660 (6th Cir. 1993) (applying equitable tolling where plaintiff had failed to file suit in the proper federal court within the one-year limitations period); <u>United States ex rel. Nelson v. Reliance Ins. Co.</u>, 436 F.2d 1366, 1370 (10th Cir. 1971) (promises of amicable settlement estopped defendants' reliance on Miller Act statute of limitations); <u>United States ex rel. Humble Oil & Ref. Co. v. Fidelity & Casualty Co.</u>, 402 F.2d 893, 898 (4th Cir. 1968)(applying estoppel to Miller Act claim where surety's representative promised to pay, even though no willful misrepresentation was present); <u>United States ex rel. E.E. Black, Ltd. v. Price-McNemar Constr. Co.</u>, 320 F.2d 663, 665-66 (9th Cir. 1963) ("a defendant may, if the

---

[2] Waltham Lime acknowledges, however, that it is submitting materials and facts beyond those contained in its Complaint, such that this Court may treat the Motion to Dismiss as one for summary judgment. Fed. R. Civ. P. 12(b), 56.

circumstances warrant, be estopped from defending on the ground that the action was not commenced within the time specified in [the Miller Act].").

Indeed, since 1959, when the United States Supreme Court handed down <u>Glus v. Brooklyn Eastern District Terminal</u>, 359 U.S. 231, discussed <u>infra</u>, no federal circuit court has held that the Miller Act's limitations period may not be equitably tolled.

### b.)    The United States Supreme Court Has Endorsed Equitable Tolling Of Other Federal Statutes Of Limitations

These federal circuit court decisions are in line with United States Supreme Court precedent tolling limitations periods contained in causes of action created by other federal statutes. In <u>Glus</u>, the Supreme Court held that, despite having filed outside the statutory period, an employee "is entitled to have his cause tried on the merits if he can prove that respondent's responsible agents . . . conducted themselves in such a way that petitioner was justifiably misled into a good-faith belief" that he could bring his action later. 359 U.S. at 233. The plaintiff in <u>Glus</u> claimed that he had been misled because the defendant had told him he had seven years within which to bring his Federal Employers' Liability Act ("FELA") industrial disease claim when he only had three. <u>Id.</u>, 359 U.S. at 231-32, 232 n.2. The Court stated that, on the basis of the "deeply rooted" principle that "no man may take advantage of his own wrong," courts should "bar inequitable reliance on statutes of limitations," and confirmed that the plaintiff's allegations were sufficient to withstand a motion to dismiss under Rule 12(b)(6). <u>Id.</u>, 359 U.S. at 232-33. The lower court had treated the motion not as a challenge to the court's subject matter jurisdiction but as a challenge to the plaintiff's cause of action. <u>Glus</u>, 154 F. Supp. 863, 864 (S.D.N.Y. 1957).

The United States Supreme Court also tolled the limitations period for a FELA claim where the plaintiff had initially filed in an Ohio state court, only to have his case dismissed for

improper venue. Burnett v. New York Central R.R. Co., 380 U.S. 424, 425 (1965). The Court

noted that the policies underlying enforcement of statutes of limitations can be overcome where a

plaintiff is prevented from timely asserting rights:

> Statutes of limitations are primarily designed to assure fairness to defendants. Such
> statutes promote justice by preventing surprises through the revival of claims that have
> been allowed to slumber until evidence has been lost, memories have faded, and
> witnesses have disappeared . . . . [m]oreover, the courts ought to be relieved of the burden
> of trying stale claims when a plaintiff has slept on his rights.
>
> This policy of repose, designed to protect defendants, is frequently outweighed, however,
> where the interests of justice require vindication of the plaintiff's rights. Thus, this Court
> has held that an FELA action is not barred, though brought more than three years after
> the cause of action accrued, where a defendant misled the plaintiff into believing that he
> had more than three years in which to bring the action [citing to Glus] . . . In such cases a
> plaintiff has not slept on his rights but, rather, has been prevented from asserting them.

Burnett, 380 U.S. at 428-29 (citations and quotations omitted) (emphasis added).

The premise that federal statutes of limitations may be equitably tolled has only grown

stronger since Glus and Burnett. In 1991, the United States Supreme Court expanded a

"rebuttable presumption" that a federal statute of limitations may be equitably tolled to suits

against the United States. Irwin v. Department of Veteran's Affairs, 498 U.S. 89, 95-96 (1991).

The Court assumed that this presumption already applied to limitations on suits between private

parties. Id.

### c.)  Federal Courts In Massachusetts Have Endorsed Use Of Estoppel To Toll The Miller Act Limitations Period

While it does not appear that the United States District Court for the District of

Massachusetts has applied estoppel to toll the Miller Act limitations period, this Court has held

that the doctrine of equitable estoppel may apply if the facts so warrant. See Safe Environment

of America, Inc. v. Employers Ins. of Wausau, 278 F.Supp.2d 121, 127 (D. Mass. 2003).

Although in Safe Environment, Magistrate Judge Neiman refused to equitably toll the Miller

Act's statute of limitations because the facts did not warrant it, he noted that "[a]s both parties are

well aware, the doctrine of estoppel has been applied in Miller Act cases." Id. It must be noted

that, in assessing whether the facts before the Court warranted tolling, the Court relied upon

other Circuit Court decisions approving equitable tolling of the Miller Act limitations.

Likewise, this Court has rejected the application of Miller Act equitable tolling because it

did not find as a factual matter that the defendant had made any representations that the plaintiff

relied on, with the implication being that tolling as a matter of law was available. United States

ex rel. Kane of New England, Inc. v. Diamond Construction, Inc., 582 F.Supp. 886, 886-87 (D.

Mass. 1984) (Caffrey, J.).

The older Massachusetts district court case cited by Travelers, United States ex rel.

Wrecking Corp. v. Edward R. Marden Corp., 289 F.Supp. 141 (D. Mass. 1968), has nothing to

do with equitable tolling.  Rather, as explained by the First Circuit's subsequent affirming

decision, that case simply stands for the proposition that the federal Arbitration Act does not

extend the Miller Act's statute of limitations.  See United States ex rel. Wrecking Corp. v.

Edward R. Marden Corp, 406 F.2d 525, 526 (1st Cir. 1969).

> **2.    *Waltham Lime Has Established That Defendants' Deception About The
> Federal Nature Of The Project Tolled The Miller Act Statute Of Limitations***

Waltham Lime has pled and otherwise set forth facts that mandate equitable tolling.  The

United States Supreme Court has allowed equitable tolling of a statute of limitations in a federal

statute where the claimant has actively pursued judicial remedies by filing a defective pleading

during the statutory period or where the complainant has been induced or tricked by his

adversary's misconduct into allowing the filing deadline to pass. Irwin v. Dept. of Veterans

Affairs, 498 U.S. 89, 96 (1991).

The Fourth Circuit has allowed equitable tolling of the Miller Act's limitations period

where the defendants, by statements or conduct, "misled another to his prejudice." United States

ex rel. Humble Oil & Ref. Co. v. Fidelity & Casualty Co., supra at 898.  In Humble Oil, the

asphalt and petroleum products supplier Humble communicated directly with the surety, Fidelity and Casualty Company of New York ("Fidelity"), about the general contractor Burkholder's failure to pay. 402 F.2d at 895. Fidelity subsequently met with Burkholder, and said that it would pay all of Burkholder's outstanding bills, including the Humble asphalt bill, in return for an assignment of all of Burkholder's assets. 402 F.2d at 896. Burkholder conveyed the substance of this arrangement to Humble. Id. After the expiration of the statute of limitations, Burkholder checked on invoices Humble sent it and forwarded them to Fidelity for payment. Id. The Court held that these communications with the surety, even though "indirect," justified Humble's tardy filing of its Miller Act claims. Id., 402 F.2d at 898-99.

Here, the Defendants' misleading communications were more direct and less ambiguous than those which justified equitable tolling in Humble Oil. Waltham Lime's Complaint, the Barriere Affidavit, and the materials attached to the Affidavit of Counsel establish that Defendants Travelers, Peabody, and Hoon engaged in a consistent course of conduct which deceived Waltham Lime into failing to assert its rights in federal court in a timely fashion. Waltham Lime, in not bringing this action in federal court, relied on the absence of federal involvement, first, in the Payment Bond, second, in Defendants' binding admissions about who owned the Project, and third, in Defendants' admissions about who contracted with them.

These statements and admissions of the Defendants justify equitable tolling. The Project was for the demolition and construction of public housing, and was not inherently federal in nature, as would be, for instance, a construction project on a United States Air Force Base or federal courthouse. (Background Facts, ¶ 1.) It was all the more significant that the first correspondence that the Joint Venture provided Waltham Lime, before its supply of materials to the Project, was the Payment Bond, which does not indicate in any way that the Project was a public work or public building of the United States. (Background Facts, ¶ 5.) To the contrary,

the Payment Bond is not a Miller Act bond, does not run to the United States, and lists MHFA as the Project Owner.  Id.

Defendants then actively misled Waltham Lime by admitting in their binding Answers to the initial State Court Action Complaint that MHFA was the Owner of the Project.  (Background Facts ¶ 9.)  In fact, Travelers affirmatively pled defenses under the Massachusetts payment bond statute, G.L. c. 149 § 29, a statute that would not apply if Project claims were governed by the Miller Act.  (Background Facts ¶ 9.)  Peabody's interrogatory responses also indicated that the Project contract was with MHFA, not HUD.  (Background Facts, ¶ 10).  Then, in their Answers to Waltham Lime's Amended Complaint in the State Court Action, Travelers and the Joint Venture, far from stating that the Joint Venture had contracted with HUD or that HUD owned the Project, claimed to have "no knowledge" as to the ownership of the Project.  (Background Facts ¶ 11).  Incredibly, they also disclaimed knowledge as to whom they had contracted with to perform the Project.  Id.

In United States ex rel. Skip Kirchdorfer, Inc. v. M.J. Kelley Corp., supra at 660, the Sixth Circuit equitably tolled the Miller Act limitations period where the plaintiff did not file in a district court with jurisdiction over the defendants until after the limitations period had expired. The plaintiff subcontractor had supplied services to the United States Navy installation in Guantanamo Bay, Cuba.  995 F.2d at 657.  The Court held the plaintiff's "technical fail[ure]" in "tardy filing" its suit was tolled because of the unsettled venue and jurisdictional principles governing Miller Act claims for overseas projects, and because of the plaintiff's zealous and good-faith pursuit of its claims.  995 F.2d at 660.

Waltham Lime zealously pursued its claims and filed suit within the limitations period in good faith, albeit in a court that ruled that it lacked jurisdiction.  Like the Skip Kirchdorfer claimant, Waltham Lime has exercised more than reasonable diligence on its claims.  Cf. De

Casenave v. United States, 991 F.2d 11, 13 (1st Cir. 1993). Waltham Lime was not a general contractor or even a subcontractor on the Project, but was a supplier to a subcontractor, four (4) tiers down from the owner of the Project. (Background Facts, ¶¶ 3-4). Waltham Lime gave proper notice of its claims and filed in state court at a time when it was lead to believe that the Payment Bond was governed by the state bond statute and not the Miller Act. (Background Facts, ¶ 8). Defendants then made binding admissions in the State Court Action that reaffirmed this belief. (Background Facts, ¶¶ 9-11). While Waltham Lime does not contend that its filing of the State Court Action by itself tolled the Miller Act limitations period,[3] its prompt actions are another equitable factor in its favor.

Indeed, equitable considerations strongly favor Waltham Lime. If Defendants are now permitted to successfully claim the protection of the Miller Act statute of limitations, Waltham Lime will be unduly prejudiced and may be left without a remedy. It would constitute an abject violation of fundamental principles of fairness to allow Defendants to benefit from "hiding the ball." As the Supreme Court warned in Glus, supra at 232, "no man may take advantage of his own wrong."

### 3. *The Superior Court's Memorandum Order Collaterally Estops Defendants From Relying On the Statute Of Limitations*

The Court need not consider whether these facts are sufficient to toll the Miller Act's statute of limitations, because this Court is bound by collateral estoppel to follow the State Court Decision on this very issue. As the United States Supreme Court has held, federal law "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v.

---

[3] Waltham Lime agrees with Travelers that filing in state court by itself does not toll the Miller Act limitations period. See Travelers Memorandum, pp. 5-6. Equitable tolling is justified here because of the Defendants' affirmative misrepresentations as to facts underlying the applicability of the Miller Act and Waltham Lime's reliance on these misrepresentations in continuing to litigate in state court beyond the expiration of the Miller Act limitations period.

Chemical Constr. Corp., 456 U.S. 461, 466 (1982) citing to 42 U.S.C. § 1738. In Kremer, the

Supreme Court noted that "the federal courts consistently have applied *res judicata* and collateral

estoppel to causes of action and issues decided by state courts." Id., 456 U.S. 466 n.6. Federal

courts look to the state from which the judgment or decision originated to determine the scope of

any collateral estoppel. Willhauck v. Halpin, 953 F.2d 689, 704 (1st Cir. 1991).

Massachusetts courts apply collateral estoppel where there is:

1)    a common factual issue;

2)    a prior determination of that issue in litigation between the same parties; and,

3)    a showing that determination was in favor of the party seeking to raise the
       estoppel bar.

Krochta v. Commonwealth, 429 Mass. 711, 715-16 (1999); cf. Tuper v. North Adams

Ambulance Service, Inc., 428 Mass. 132, 134 (1998) (requiring final judgment on the merits in

prior adjudication).

In dismissing Waltham Lime's payment bond claims, the Superior Court held that the

defendants may not resort to the one-year limitations period of the Miller Act:

> The defendants did not raise the question of jurisdiction during the parties' negotiations,
> or at the time of filing of this suit, the amendment of the complaint or during discovery.
> It was not brought to the Court's attention until the summary judgment stage. Because of
> this delay, the Court concludes that the defendants have waived any objection based on
> the one-year limitations period in the Miller Act. See 40 U.S.C. § 3133(b)(4).

(State Court Decision, p. 8 n.5.)

In these circumstances all of the requirements of collateral estoppel under Massachusetts

law are present. The common factual issue is whether the Defendants' conduct, as described in

detail in Section II. Background Facts, ¶¶ 9-11 and 13 supra, constitutes a waiver of the Miller

Act statute of limitations and justifies Waltham Lime's belated filing in federal court. Waltham

Lime argued that Defendants' conduct justified the application of estoppel in its Reply, so the

issue was fully litigated in the state court action. Background Facts, ¶ 14. This issue was

determined by the Superior Court, with the same Defendants, and was resolved in Waltham Lime's favor. This Court need look no further.

**C.    Travelers Challenge To This Court's Subject Matter Jurisdiction Must Fail**

Travelers incorrectly argues that filing within the one-year limitations period of the Miller Act, found in 40 U.S.C. § 3133(b)(4), is a condition precedent to this Court's maintenance of subject matter jurisdiction over Waltham Lime's claims. Memorandum of Law in Support of Motion to Dismiss of Defendant Travelers Casualty and Surety Company of America, pp. 3, 7 ("Travelers Memorandum"). Federal district courts by statute have original jurisdiction over federal bond claims. 28 U.S.C. § 1352.

Federal appellate courts that have addressed the issue have uniformly found that the Miller Act statute of limitations does not implicate federal courts' subject matter jurisdiction. The Fifth Circuit Court of Appeals has held that the Miller Act's one-year suit requirement is "limitational, not jurisdictional." United States ex rel. American Bank v. C.I.T. Constr. Inc. of Texas, 944 F.2d 253, 257 (5th Cir. 1991). In a different case, that Appeals Court explained that where federal courts have described this particular limitations period as "jurisdictional," "it refers to the conditional nature of the right to sue, not the jurisdiction of the court itself." United States ex rel. Texas Bitulithic Co. v. Fidelity and Deposit Co. of Maryland, 813 F.2d 697, 699 (5th Cir. 1987). In Texas Bitulithic, the Fifth Circuit expressly held that the district court, which had dismissed the plaintiff's claims for lack of subject matter jurisdiction because the plaintiff had not filed within the statutory period, should have exercised subject matter jurisdiction over the case. Id.

Travelers' reliance upon the Fifth Circuit's decision in Harvey Gulf International Marine, Inc. v. Maryland Casualty Company, 573 F.2d 245 (5th Cir. 1978) is misplaced. Travelers somehow contends that the Harvey Gulf Court determined that a plaintiff's failure to file a Miller

Act claim within one year divests the federal courts of subject matter jurisdiction. Not only does the Harvey decision not stand for that proposition, but the same Fifth Circuit Court of Appeals in Texas Bitulithic makes clear that although the limitations period may be a substantive limitation of the rights conferred by the Miller Act, the failure to file within one year does not divest federal courts of subject matter jurisdiction. Texas Bitulithic, supra at 699.

Likewise, none of the other cases cited by Travelers for its jurisdiction proposition address subject matter jurisdiction, but rather the "conditional nature of the right to sue." Id. Each of the cases relied on by Travelers holds merely that the limitations period is a substantive element of a Miller Act claim, rather than a defense that must be pled or be waived. See United States ex rel. Celanese Coatings Co. v. Gullard, 504 F.2d 466, 468 (9th Cir. 1974) ("the Act's protections are conditional"); United States ex rel. Material Service Division Of General Dynamics Corp. v. Home Indemnity Co., 489 F.2d 1004, 1005 (7th Cir. 1973) (holding that bringing suit within the prescribed time is a condition precedent to suit); United States ex rel. Statham Instruments, Inc. v. Western Casualty & Surety Co., 359 F.2d 521, 523 (6th Cir. 1966) (same); United States ex rel. Soda v. Montgomery, 253 F.2d 509, 512 (3rd Cir. 1958) (same).

The United States Supreme Court has held that whether a limitation is a procedural defense or a matter of substance does not affect whether or not it may be tolled. Burnett v. New York Central R.R., 380 U.S. 424, 427 n.2 (1965) ("Thus the "substantive"-"procedural" distinction would seem to be of little help in deciding questions of extending the limitations period.").

Whether the Miller Act limitation period is procedural or substantive is irrelevant here because, as addressed above and in its Complaint, Waltham Lime has affirmatively claimed and sufficiently pled that Defendants' conduct estops them from relying on the Miller Act limitations period.

Stated simply, Travelers is mistaken in its challenge to this Court's subject matter jurisdiction, and, as a matter of law, the one-year statute of limitations set forth in the Miller Act, although substantive, may be tolled. The facts as set forth in the Complaint and supplemented by the Affidavits before the Court mandate equitable tolling. As such, Waltham Lime, as a matter of law, has stated a claim sufficient to withstand Travelers' Motion To Dismiss.

## IV. CONCLUSION

Waltham Lime respectfully submits that this Court has subject matter jurisdiction over the Complaint and, as a matter of law, the allegations and facts before the Court state a cause of action and justify equitable tolling of the Miller Act limitations period.

For the foregoing reasons, Waltham Lime respectfully requests that the Motion to Dismiss of Travelers Casualty And Surety Company be DENIED.

## V. REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Waltham Lime hereby requests a hearing on Travelers' Motion To Dismiss because oral argument may assist the Court with respect to the issues raised by the Motion.

**WALTHAM LIME & CEMENT COMPANY**

By its attorneys,


/s/ David B. Hobbie
_____
Anthony M. Moccia – BBO # 350225
David B. Hobbie – BBO # 637107
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Flr.
Boston, Massachusetts 02110
Telephone: (617) 342.6800
Facsimile: (617) 342.6899

DATED: September 6, 2005

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of WALTHAM LIME & CEMENT COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> PEABODY CONSTRUCTION CO., INC., ODF CONTRACTING CO., INC., HOON COMPANIES, INC., and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action<br>No. 05-10138 NG |

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (AND REQUEST FOR HEARING)

### I. INTRODUCTION

A defendant's wrongful concealment of facts giving rise to a Miller Act suit equitably tolls the statute of limitations. Here, as confirmed by a state court decision, Defendants misled Plaintiff, Waltham Lime & Cement Company ("Waltham Lime"), about the federal nature of their construction project and its payment bond until the Miller Act's one-year period for filing suit had expired. Defendants' unfair deception mandates equitable tolling of the limitations period. The attempt to dismiss this action by Defendant Travelers Casualty and Surety Company of America ("Travelers") on the basis of that limitation is without merit and must be denied.

### II. BACKGROUND FACTS

1.       On January 19, 2001, Defendants, Peabody Construction Co., Inc. ("Peabody), Hoon Companies, Inc. ("Hoon") and the ODF Contracting Co., Inc. ("ODF"), operating as the

ODF/Hoon/Peabody joint venture (the "Joint Venture"), signed a contract (the "Agreement") with the Massachusetts Housing Finance Agency ("MHFA") to carry out demolition and construction work on a public housing project in Boston, Massachusetts known as "Academy Homes II" (the "Project"). (Complaint, ¶ 10.)

2.      Pursuant to the Agreement, the Joint Venture, as principal, and Defendant Travelers Casualty and Surety Company of America ("Travelers'"), as surety, executed and delivered a Payment Bond No. 103316488 in the amount of $45,367,275.00 (the "Payment Bond") as surety for the payment of claims for labor and materials furnished to the Project by persons such as Waltham Lime. (Complaint, ¶ 11 (a copy of Payment Bond is attached to the Complaint as Exhibit A)).

3.      Boston Interiors entered into a subcontract with the Joint Venture to perform a portion of the construction work for the Project. (Complaint, ¶ 13.)

4.      Plaintiff Waltham Lime is a Waltham-based materials supplier. (Complaint, ¶ 1.) In 2002, Boston Interiors asked Waltham Lime to provide it with building supplies and materials on favorable terms. (Complaint, ¶ 14; Affidavit of Stephen Barriere, September 6, 2005 ("Barriere Affidavit"), ¶ 5.)  Waltham Lime, in turn, asked Peabody for a copy of the Project payment bond. (Barriere Affidavit, ¶ 5.)

5.      In response, Peabody, on behalf of the Joint Venture, on March 26, 2002, sent Waltham Lime a copy of the Payment Bond. (Barriere Affidavit, ¶ 5; See Exhibit 1 thereto.) The Payment Bond does not include HUD as an obligee or otherwise indicate that HUD is an owner of the Project. Nor does it suggest, in any way, either that there was federal involvement in the Project or that the payment bond is a Miller Act bond. The Payment Bond indicates, rather, that MHFA is the Owner of the Project, and describes the Project as "MHFA PROJECT # 96-006." (Complaint, Exhibit A, p. 1.)

6.    At various times during calendar year 2002, Boston Interiors purchased from Waltham Lime, and Waltham Lime sold to Boston Interiors, construction materials such as lumber, steel, drywall materials and other supplies for use by the Joint Venture on the Project in partial fulfillment of Boston Interiors' contractual obligations to the Joint Venture. (Complaint, ¶ 15.) In making deliveries of materials to the Project under the terms in which it did, Waltham Lime relied on the payment bond that Peabody had sent it. (Barriere Affidavit, ¶ 6.)

7.    The last date on which Waltham Lime furnished material to Boston Interiors for the Project was October 30, 2002. (Complaint, ¶ 16.) Boston Interiors has filed in the United States Bankruptcy Court for the District of New Hampshire, a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code, Docket No. 02-13730-JMD. (Complaint, ¶ 9.) Neither the Joint Venture nor Travelers has paid Waltham Lime on its claims. (Complaint, ¶ 21).

8.    After giving proper notice to Defendants of its claims, Waltham Lime brought suit on March 25, 2003 against Peabody and Travelers in Middlesex Superior Court in the action entitled <u>Waltham Lime & Cement Company v. Peabody Constr. Co. et al</u>., Civil Action 03-01407 (the "State Court Action"). (Complaint, ¶ 22; <u>see</u> State Court Action Complaint, attached to Affidavit of Counsel dated September 6, 2005 as Exhibit 1.) Waltham Lime specifically alleged that MHFA, the Massachusetts governmental agency listed on the Payment Bond, was the owner of the Project. (State Court Action Complaint, ¶ 4.) Count III of Waltham Lime's Complaint alleges violations of the Massachusetts bond statute, G.L. c. 149 § 29. (<u>Id.</u>, ¶¶ 25-26.)

9.    In response to the State Court Action Complaint, Travelers and Peabody both <u>admitted</u> that MHFA was the owner of the Project. (Answer of Travelers Casualty and Surety Company of America filed in the State Court Action, dated April 25, 2003 ("Travelers Answer"), ¶ 4 (attached as Exhibit 2 to Affidavit of Counsel); Answer of Answer of Peabody Construction Co., Inc., April 23, 2003, ¶ 4 (attached as Exhibit 3 to Affidavit of Counsel)). Travelers and

Peabody did not claim that the Massachusetts Superior Court lacked jurisdiction to hear Waltham Lime's claims, and did not raise the Miller Act as a defense. (Id.) In fact, Travelers asserted affirmative defenses based on the Massachusetts bond statute, G.L. c. 149 § 29. (Travelers Answer, p. 5 (Sixth Affirmative Defense), p. 6 (Ninth Affirmative Defense)).

10.     In December, 2003, Peabody admitted in interrogatory responses signed by its Project Manager, Edward Sople, that the Joint Venture "entered into a contract with the MHFA . . . in connection with the Project." (Response of The Defendant, Peabody Construction Co., Inc., to the Plaintiff's First Set of Interrogatories dated December 24, 2003, Response No. 10 (attached to Affidavit of Counsel as Exhibit 4)(emphasis added)).

11.     In their Answers to Waltham Lime's State Court Action Amended Complaint, Travelers and the Joint Venture, far from stating that the Joint Venture had contracted with HUD or that HUD owned the Project, claimed to have "no knowledge" as to the ownership of the Project. Incredibly, they also disclaimed knowledge as to whom they had contracted with to perform the Project. (Amended Complaint, ¶ 7 (attached to Affidavit of Counsel as Exhibit 5); Answer Of Travelers Casualty And Surety Company Of America To Amended Complaint, dated January 20, 2004, ¶ 7 (attached to Affidavit of Counsel as Exhibit 6)[1]; Answer Of Peabody Construction Co., Inc., ODF Contracting Co., Inc., Hoon Companies, Inc. As ODF/Hoon/Peabody Joint Venture To Amended Complaint, dated January 20, 2004, ¶ 7 (attached to Affidavit of Counsel as Exhibit 7)). Again, Travelers and Peabody did not claim that the Massachusetts Superior Court lacked jurisdiction to hear Waltham Lime's claims, and did not raise the Miller Act as a defense. (Id.)

---

[1] Travelers' other response to this Amended Complaint, filed with respect to Waltham Lime's unfair settlement practices claim, incorporated its other Answer's responses by reference. (Answer of Travelers Casualty & Surety Company of America to Amended Complaint, February 3, 2004, ¶ 1 (attached to Affidavit of Counsel as Exhibit 8)).

12.     An involuntary bankruptcy petition as to Defendant ODF was filed on February

13, 2004. (Complaint, ¶ 30.) Waltham Lime obtained an order granting it relief from the

Automatic Stay as to ODF from the United States Bankruptcy Court for the District Of

Massachusetts by an order dated July 1, 2004. (Complaint, ¶ 31.)

13.     Waltham Lime was then able to proceed with its Motion For Summary Judgment

in the State Court Action, filed on August 30, 2004. In response to that Motion, Travelers,

Hoon, and Peabody, for the first time, jointly claimed that the Project was owned by HUD and

funded entirely by HUD, and that MHFA had no interest in the Project other than to act as

HUD's agent. (See Affidavit of Edward Sople in Support of Defendants' Opposition to Plaintiff's

Motion for Summary Judgment, filed August 30, 2004, p. 1 (attached to Affidavit of Counsel as

Exhibit 9)).

14.     Waltham Lime, in response, asserted, inter alia, that Defendants should be

estopped from claiming that HUD was the owner of the Project and that the Miller Act governed

Waltham Lime's claims, based on their transmission of the Payment Bond and the repeated

assertions in their pleadings filed in the State Court Action. (See Reply Memorandum of

Waltham Lime & Cement Company to Joint Opposition to Motion for Summary Judgment, filed

August 30, 2004, pp. 6-7 (attached to Affidavit of Counsel as Exhibit 10)). Waltham Lime also

asserted that the Miller Act did not apply, based on the absence of federal involvement in the

Payment Bond and other factors. (Id., pp. 2-6.)

15.     By a Memorandum of Decision and Order on Motion for Summary Judgment of

Waltham Lime & Cement Company dated January 10, 2005 (the "State Court Decision"),

Middlesex Superior Court (Lauriat, J.) ruled that the Project was a public work under the Miller

Act, and dismissed Counts I (for breach of contract on the Payment Bond) and III (under the

Massachusetts payment bond statute) of Waltham Lime's complaint on the basis that federal

courts have exclusive jurisdiction over such claims. (Complaint, Exhibit "D," p. 9.) The Court noted that the issue was a "close call," but ultimately determined that HUD "has an ownership role" in the Project. (Id., p. 8.) The Summary Judgment Decision ruled that dismissal was expressly "without prejudice to [Waltham Lime's claims] being refiled in the United States District Court." (State Court Decision, p. 10.) The Superior Court further held that the Defendants may not resort to the one-year limitations period of the Miller Act:

> The defendants did not raise the question of jurisdiction during the parties' negotiations, or at the time of filing of this suit, the amendment of the complaint or during discovery. It was not brought to the Court's attention until the summary judgment stage. Because of this delay, the Court concludes that the defendants have <u>waived</u> any objection based on the one-year limitations period in the Miller Act. <u>See</u> 40 U.S.C. § 3133(b)(4).

(State Court Decision, p. 8 n.5.)(emphasis added).

## III. ARGUMENT

### A.    Standards Of Review

Travelers' Motion To Dismiss improperly relies upon Fed. R. Civ. P. 12(b)(1) and alleges lack of subject matter jurisdiction. As discussed <u>infra</u> in Section C, a federal district court is not deprived of subject matter jurisdiction because a party does not file within the limitations period of the Miller Act. Travelers' Motion to Dismiss must be taken as a challenge to an element of Waltham Lime's Miller Act claim and be addressed under Fed. R. Civ. P. 12(b)(6) and <u>not</u> as a challenge to subject matter jurisdiction.

Under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in Waltham Lime's Complaint and construe all reasonable inferences in its favor. <u>Gorski v. New Hampshire Dept' of Corrections</u>, 290 F.3d 466, 473 (1st Cir. 2002). Dismissal is only appropriate if "it appears <u>beyond doubt</u> that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." <u>U.S. v. National Amusements, Inc.</u>, 180 F.Supp.2d

251, 256 (D.Mass. 2001)(emphasis added).[2]

The Miller Act is highly remedial, and is "liberally construed to serve its purpose of

protecting those whose labor and materials go into public projects." <u>Sullivan v. Faras-RLS</u>

<u>Group, Ltd.</u>, 795 F. Supp. 305, 306 (D. Ariz. 1992).

**B.    Defendants' Concealment of The Federal Nature Of The Project Tolls The Statute
Of Limitations**

    *1.    Equitable Estoppel Tolls The Miller Act's Limitations Period*

        **a.)    Federal Circuit Courts Have Consistently Held That Equitable
Estoppel Tolls The Miller Act Limitations Period**

Federal circuit courts have consistently held that a defendant whose conduct misleads the

plaintiff into delaying suit is estopped from raising the Miller Act limitations period. <u>United</u>

<u>States ex rel. Texas Bitulithic Co. v. Fidelity and Deposit Co. of Maryland</u>, 813 F.2d 697, 700

(5th Cir. 1987)("defendants may be estopped from relying on the Act's one-year limitation period

if sufficient equitable considerations exist"); <u>United States ex rel. Skip Kirchdorfer, Inc. v. M.J.</u>

<u>Kelley Corp.</u>, 995 F.2d 656, 660 (6th Cir. 1993) (applying equitable tolling where plaintiff had

failed to file suit in the proper federal court within the one-year limitations period); <u>United States</u>

<u>ex rel. Nelson v. Reliance Ins. Co.</u>, 436 F.2d 1366, 1370 (10th Cir. 1971) (promises of amicable

settlement estopped defendants' reliance on Miller Act statute of limitations); <u>United States ex</u>

<u>rel. Humble Oil & Ref. Co. v. Fidelity & Casualty Co.</u>, 402 F.2d 893, 898 (4th Cir.

1968)(applying estoppel to Miller Act claim where surety's representative promised to pay, even

though no willful misrepresentation was present); <u>United States ex rel. E.E. Black, Ltd. v. Price-</u>

<u>McNemar Constr. Co.</u>, 320 F.2d 663, 665-66 (9th Cir. 1963) ("a defendant may, if the

---

[2] Waltham Lime acknowledges, however, that it is submitting materials and facts beyond those contained in its
Complaint, such that this Court may treat the Motion to Dismiss as one for summary judgment. Fed. R. Civ. P.
12(b), 56.

circumstances warrant, be estopped from defending on the ground that the action was not commenced within the time specified in [the Miller Act].").

Indeed, since 1959, when the United States Supreme Court handed down <u>Glus v. Brooklyn Eastern District Terminal</u>, 359 U.S. 231, discussed <u>infra</u>, no federal circuit court has held that the Miller Act's limitations period may not be equitably tolled.

### b.)    The United States Supreme Court Has Endorsed Equitable Tolling Of Other Federal Statutes Of Limitations

These federal circuit court decisions are in line with United States Supreme Court precedent tolling limitations periods contained in causes of action created by other federal statutes. In <u>Glus</u>, the Supreme Court held that, despite having filed outside the statutory period, an employee "is entitled to have his cause tried on the merits if he can prove that respondent's responsible agents . . . conducted themselves in such a way that petitioner was justifiably misled into a good-faith belief" that he could bring his action later. 359 U.S. at 233. The plaintiff in <u>Glus</u> claimed that he had been misled because the defendant had told him he had seven years within which to bring his Federal Employers' Liability Act ("FELA") industrial disease claim when he only had three. <u>Id.</u>, 359 U.S. at 231-32, 232 n.2. The Court stated that, on the basis of the "deeply rooted" principle that "no man may take advantage of his own wrong," courts should "bar inequitable reliance on statutes of limitations," and confirmed that the plaintiff's allegations were sufficient to withstand a motion to dismiss under Rule 12(b)(6). <u>Id.</u>, 359 U.S. at 232-33. The lower court had treated the motion not as a challenge to the court's subject matter jurisdiction but as a challenge to the plaintiff's cause of action. <u>Glus</u>, 154 F. Supp. 863, 864 (S.D.N.Y. 1957).

The United States Supreme Court also tolled the limitations period for a FELA claim where the plaintiff had initially filed in an Ohio state court, only to have his case dismissed for

improper venue. <u>Burnett v. New York Central R.R. Co.</u>, 380 U.S. 424, 425 (1965). The Court noted that the policies underlying enforcement of statutes of limitations can be overcome where a plaintiff is prevented from timely asserting rights:

> Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared . . . . [m]oreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.

> This policy of repose, designed to protect defendants, is <u>frequently outweighed, however, where the interests of justice require vindication of the plaintiff's rights</u>. Thus, this Court has held that an FELA action is not barred, though brought more than three years after the cause of action accrued, where a defendant misled the plaintiff into believing that he had more than three years in which to bring the action [citing to <u>Glus</u>] . . . In <u>such cases a plaintiff has not slept on his rights but, rather, has been prevented from asserting them</u>.

<u>Burnett</u>, 380 U.S. at 428-29 (citations and quotations omitted) (emphasis added).

The premise that federal statutes of limitations may be equitably tolled has only grown stronger since <u>Glus</u> and <u>Burnett</u>. In 1991, the United States Supreme Court expanded a "rebuttable presumption" that a federal statute of limitations may be equitably tolled to suits against the United States. <u>Irwin v. Department of Veteran's Affairs</u>, 498 U.S. 89, 95-96 (1991). The Court assumed that this presumption already applied to limitations on suits between private parties. <u>Id.</u>

### c.)    Federal Courts In Massachusetts Have Endorsed Use Of Estoppel To Toll The Miller Act Limitations Period

While it does not appear that the United States District Court for the District of Massachusetts has applied estoppel to toll the Miller Act limitations period, this Court has held that the doctrine of equitable estoppel may apply if the facts so warrant. <u>See Safe Environment of America, Inc. v. Employers Ins. of Wausau</u>, 278 F.Supp.2d 121, 127 (D. Mass. 2003). Although in <u>Safe Environment</u>, Magistrate Judge Neiman refused to equitably toll the Miller Act's statute of limitations because the facts did not warrant it, he noted that "[a]s both parties are

well aware, the doctrine of estoppel has been applied in Miller Act cases." Id. It must be noted that, in assessing whether the facts before the Court warranted tolling, the Court relied upon other Circuit Court decisions approving equitable tolling of the Miller Act limitations.

Likewise, this Court has rejected the application of Miller Act equitable tolling because it did not find as a <u>factual</u> <u>matter</u> that the defendant had made any representations that the plaintiff relied on, with the implication being that tolling as a matter of law was available. <u>United States</u> <u>ex rel. Kane of New England, Inc. v. Diamond Construction, Inc.</u>, 582 F.Supp. 886, 886-87 (D. Mass. 1984) (Caffrey, J.).

The older Massachusetts district court case cited by Travelers, <u>United States ex rel.</u> <u>Wrecking Corp. v. Edward R. Marden Corp.</u>, 289 F.Supp. 141 (D. Mass. 1968), has nothing to do with equitable tolling. Rather, as explained by the First Circuit's subsequent affirming decision, that case simply stands for the proposition that the federal Arbitration Act does not extend the Miller Act's statute of limitations. <u>See</u> <u>United States ex rel. Wrecking Corp. v.</u> <u>Edward R. Marden Corp</u>, 406 F.2d 525, 526 (1st Cir. 1969).

## 2. *Waltham Lime Has Established That Defendants' Deception About The Federal Nature Of The Project Tolled The Miller Act Statute Of Limitations*

Waltham Lime has pled and otherwise set forth facts that mandate equitable tolling. The United States Supreme Court has allowed equitable tolling of a statute of limitations in a federal statute where the claimant has actively pursued judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. <u>Irwin v. Dept. of Veterans</u> <u>Affairs</u>, 498 U.S. 89, 96 (1991).

The Fourth Circuit has allowed equitable tolling of the Miller Act's limitations period where the defendants, by statements or conduct, "misled another to his prejudice." <u>United States</u> <u>ex rel. Humble Oil & Ref. Co. v. Fidelity & Casualty Co.</u>, <u>supra</u> at 898. In <u>Humble Oil</u>, the

asphalt and petroleum products supplier Humble communicated directly with the surety, Fidelity and Casualty Company of New York ("Fidelity"), about the general contractor Burkholder's failure to pay. 402 F.2d at 895. Fidelity subsequently met with Burkholder, and said that it would pay all of Burkholder's outstanding bills, including the Humble asphalt bill, in return for an assignment of all of Burkholder's assets. 402 F.2d at 896. Burkholder conveyed the substance of this arrangement to Humble. Id. After the expiration of the statute of limitations, Burkholder checked on invoices Humble sent it and forwarded them to Fidelity for payment. Id. The Court held that these communications with the surety, even though "indirect," justified Humble's tardy filing of its Miller Act claims. Id., 402 F.2d at 898-99.

Here, the Defendants' misleading communications were more direct and less ambiguous than those which justified equitable tolling in Humble Oil. Waltham Lime's Complaint, the Barriere Affidavit, and the materials attached to the Affidavit of Counsel establish that Defendants Travelers, Peabody, and Hoon engaged in a consistent course of conduct which deceived Waltham Lime into failing to assert its rights in federal court in a timely fashion. Waltham Lime, in not bringing this action in federal court, relied on the absence of federal involvement, first, in the Payment Bond, second, in Defendants' binding admissions about who owned the Project, and third, in Defendants' admissions about who contracted with them.

These statements and admissions of the Defendants justify equitable tolling. The Project was for the demolition and construction of public housing, and was not inherently federal in nature, as would be, for instance, a construction project on a United States Air Force Base or federal courthouse. (Background Facts, ¶ 1.) It was all the more significant that the first correspondence that the Joint Venture provided Waltham Lime, before its supply of materials to the Project, was the Payment Bond, which does not indicate in any way that the Project was a public work or public building of the United States. (Background Facts, ¶ 5.) To the contrary,

the Payment Bond is not a Miller Act bond, does not run to the United States, and lists MHFA as the Project Owner. Id.

Defendants then actively misled Waltham Lime by admitting in their binding Answers to the initial State Court Action Complaint that MHFA was the Owner of the Project. (Background Facts ¶ 9.) In fact, Travelers affirmatively pled defenses under the Massachusetts payment bond statute, G.L. c. 149 § 29, a statute that would not apply if Project claims were governed by the Miller Act. (Background Facts ¶ 9.) Peabody's interrogatory responses also indicated that the Project contract was with MHFA, not HUD. (Background Facts, ¶ 10). Then, in their Answers to Waltham Lime's Amended Complaint in the State Court Action, Travelers and the Joint Venture, far from stating that the Joint Venture had contracted with HUD or that HUD owned the Project, claimed to have "no knowledge" as to the ownership of the Project. (Background Facts ¶ 11). Incredibly, they also disclaimed knowledge as to whom they had contracted with to perform the Project. Id.

In United States ex rel. Skip Kirchdorfer, Inc. v. M.J. Kelley Corp., supra at 660, the Sixth Circuit equitably tolled the Miller Act limitations period where the plaintiff did not file in a district court with jurisdiction over the defendants until after the limitations period had expired. The plaintiff subcontractor had supplied services to the United States Navy installation in Guantanamo Bay, Cuba. 995 F.2d at 657. The Court held the plaintiff's "technical fail[ure]" in "tardy filing" its suit was tolled because of the unsettled venue and jurisdictional principles governing Miller Act claims for overseas projects, and because of the plaintiff's zealous and good-faith pursuit of its claims. 995 F.2d at 660.

Waltham Lime zealously pursued its claims and filed suit within the limitations period in good faith, albeit in a court that ruled that it lacked jurisdiction. Like the Skip Kirchdorfer claimant, Waltham Lime has exercised more than reasonable diligence on its claims. Cf. De

Casenave v. United States, 991 F.2d 11, 13 (1st Cir. 1993). Waltham Lime was not a general contractor or even a subcontractor on the Project, but was a supplier to a subcontractor, four (4) tiers down from the owner of the Project. (Background Facts, ¶¶ 3-4). Waltham Lime gave proper notice of its claims and filed in state court at a time when it was lead to believe that the Payment Bond was governed by the state bond statute and not the Miller Act. (Background Facts, ¶ 8). Defendants then made binding admissions in the State Court Action that reaffirmed this belief. (Background Facts, ¶¶ 9-11). While Waltham Lime does not contend that its filing of the State Court Action by itself tolled the Miller Act limitations period,[3] its prompt actions are another equitable factor in its favor.

Indeed, equitable considerations strongly favor Waltham Lime. If Defendants are now permitted to successfully claim the protection of the Miller Act statute of limitations, Waltham Lime will be unduly prejudiced and may be left without a remedy. It would constitute an abject violation of fundamental principles of fairness to allow Defendants to benefit from "hiding the ball." As the Supreme Court warned in Glus, supra at 232, "no man may take advantage of his own wrong."

### 3.    *The Superior Court's Memorandum Order Collaterally Estops Defendants From Relying On the Statute Of Limitations*

The Court need not consider whether these facts are sufficient to toll the Miller Act's statute of limitations, because this Court is bound by collateral estoppel to follow the State Court Decision on this very issue. As the United States Supreme Court has held, federal law "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v.

---

[3] Waltham Lime agrees with Travelers that filing in state court by itself does not toll the Miller Act limitations period. See Travelers Memorandum, pp. 5-6. Equitable tolling is justified here because of the Defendants' affirmative misrepresentations as to facts underlying the applicability of the Miller Act and Waltham Lime's reliance on these misrepresentations in continuing to litigate in state court beyond the expiration of the Miller Act limitations period.

Chemical Constr. Corp., 456 U.S. 461, 466 (1982) citing to 42 U.S.C. § 1738. In Kremer, the

Supreme Court noted that "the federal courts consistently have applied *res judicata* and collateral

estoppel to causes of action and issues decided by state courts." Id., 456 U.S. 466 n.6. Federal

courts look to the state from which the judgment or decision originated to determine the scope of

any collateral estoppel. Willhauck v. Halpin, 953 F.2d 689, 704 (1st Cir. 1991).

Massachusetts courts apply collateral estoppel where there is:

1)    a common factual issue;

2)    a prior determination of that issue in litigation between the same parties; and,

3)    a showing that determination was in favor of the party seeking to raise the
      estoppel bar.

Krochta v. Commonwealth, 429 Mass. 711, 715-16 (1999); cf. Tuper v. North Adams

Ambulance Service, Inc., 428 Mass. 132, 134 (1998) (requiring final judgment on the merits in

prior adjudication).

In dismissing Waltham Lime's payment bond claims, the Superior Court held that the

defendants may not resort to the one-year limitations period of the Miller Act:

The defendants did not raise the question of jurisdiction during the parties' negotiations,
or at the time of filing of this suit, the amendment of the complaint or during discovery.
It was not brought to the Court's attention until the summary judgment stage. Because of
this delay, the Court concludes that the defendants have waived any objection based on
the one-year limitations period in the Miller Act. See 40 U.S.C. § 3133(b)(4).

(State Court Decision, p. 8 n.5.)

In these circumstances all of the requirements of collateral estoppel under Massachusetts

law are present. The common factual issue is whether the Defendants' conduct, as described in

detail in Section II. Background Facts, ¶¶ 9-11 and 13 supra, constitutes a waiver of the Miller

Act statute of limitations and justifies Waltham Lime's belated filing in federal court. Waltham

Lime argued that Defendants' conduct justified the application of estoppel in its Reply, so the

issue was fully litigated in the state court action. Background Facts, ¶ 14. This issue was

determined by the Superior Court, with the same Defendants, and was resolved in Waltham

Lime's favor. This Court need look no further.

**C.      Travelers Challenge To This Court's Subject Matter Jurisdiction Must Fail**

Travelers incorrectly argues that filing within the one-year limitations period of the

Miller Act, found in 40 U.S.C. § 3133(b)(4), is a condition precedent to this Court's maintenance

of subject matter jurisdiction over Waltham Lime's claims. Memorandum of Law in Support of

Motion to Dismiss of Defendant Travelers Casualty and Surety Company of America, pp. 3, 7

("Travelers Memorandum"). Federal district courts by statute have original jurisdiction over

federal bond claims. 28 U.S.C. § 1352.

Federal appellate courts that have addressed the issue have uniformly found that the

Miller Act statute of limitations does not implicate federal courts' subject matter jurisdiction.

The Fifth Circuit Court of Appeals has held that the Miller Act's one-year suit requirement is

"limitational, not jurisdictional." United States ex rel. American Bank v. C.I.T. Constr. Inc. of

Texas, 944 F.2d 253, 257 (5th Cir. 1991). In a different case, that Appeals Court explained that

where federal courts have described this particular limitations period as "jurisdictional," "it refers

to the conditional nature of the right to sue, not the jurisdiction of the court itself." United States

ex rel. Texas Bitulithic Co. v. Fidelity and Deposit Co. of Maryland, 813 F.2d 697, 699 (5th Cir.

1987). In Texas Bitulithic, the Fifth Circuit expressly held that the district court, which had

dismissed the plaintiff's claims for lack of subject matter jurisdiction because the plaintiff had

not filed within the statutory period, should have exercised subject matter jurisdiction over the

case. Id.

Travelers' reliance upon the Fifth Circuit's decision in Harvey Gulf International Marine,

Inc. v. Maryland Casualty Company, 573 F.2d 245 (5th Cir. 1978) is misplaced. Travelers

somehow contends that the Harvey Gulf Court determined that a plaintiff's failure to file a Miller

Act claim within one year divests the federal courts of subject matter jurisdiction. Not only does the <u>Harvey</u> decision not stand for that proposition, but the same Fifth Circuit Court of Appeals in <u>Texas Bitulithic</u> makes clear that although the limitations period may be a substantive limitation of the rights conferred by the Miller Act, the failure to file within one year does not divest federal courts of subject matter jurisdiction. <u>Texas Bitulithic</u>, <u>supra</u> at 699.

Likewise, none of the other cases cited by Travelers for its jurisdiction proposition address subject matter jurisdiction, but rather the "conditional nature of the right to sue." <u>Id.</u> Each of the cases relied on by Travelers holds merely that the limitations period is a substantive element of a Miller Act claim, rather than a defense that must be pled or be waived. <u>See</u> <u>United States ex rel. Celanese Coatings Co. v. Gullard</u>, 504 F.2d 466, 468 (9th Cir. 1974) ("the Act's protections are conditional"); <u>United States ex rel. Material Service Division Of General Dynamics Corp. v. Home Indemnity Co.</u>, 489 F.2d 1004, 1005 (7th Cir. 1973) (holding that bringing suit within the prescribed time is a condition precedent to suit); <u>United States ex rel. Statham Instruments, Inc. v. Western Casualty & Surety Co.</u>, 359 F.2d 521, 523 (6th Cir. 1966) (same); <u>United States ex rel. Soda v. Montgomery</u>, 253 F.2d 509, 512 (3rd Cir. 1958) (same).

The United States Supreme Court has held that whether a limitation is a procedural defense or a matter of substance does not affect whether or not it may be tolled. <u>Burnett v. New York Central R.R.</u>, 380 U.S. 424, 427 n.2 (1965) ("Thus the "substantive"-"procedural" distinction would seem to be of little help in deciding questions of extending the limitations period.").

Whether the Miller Act limitation period is procedural or substantive is irrelevant here because, as addressed above and in its Complaint, Waltham Lime has affirmatively claimed and sufficiently pled that Defendants' conduct estops them from relying on the Miller Act limitations period.

Stated simply, Travelers is mistaken in its challenge to this Court's subject matter jurisdiction, and, as a matter of law, the one-year statute of limitations set forth in the Miller Act, although substantive, may be tolled. The facts as set forth in the Complaint and supplemented by the Affidavits before the Court mandate equitable tolling. As such, Waltham Lime, as a matter of law, has stated a claim sufficient to withstand Travelers' Motion To Dismiss.

## IV. CONCLUSION

Waltham Lime respectfully submits that this Court has subject matter jurisdiction over the Complaint and, as a matter of law, the allegations and facts before the Court state a cause of action and justify equitable tolling of the Miller Act limitations period.

For the foregoing reasons, Waltham Lime respectfully requests that the Motion to Dismiss of Travelers Casualty And Surety Company be DENIED.

## V. REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Waltham Lime hereby requests a hearing on Travelers' Motion To Dismiss because oral argument may assist the Court with respect to the issues raised by the Motion.

**WALTHAM LIME & CEMENT COMPANY**

By its attorneys,


/s/ David B. Hobbie
_____

Anthony M. Moccia – BBO # 350225
David B. Hobbie – BBO # 637107
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Flr.
Boston, Massachusetts 02110
Telephone: (617) 342.6800
Facsimile: (617) 342.6899


DATED: September 6, 2005

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of<br>WALTHAM LIME & CEMENT COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>PEABODY CONSTRUCTION CO., INC.,<br>ODF CONTRACTING CO., INC.,<br>HOON COMPANIES, INC., and<br>TRAVELERS CASUALTY AND SURETY<br>COMPANY OF AMERICA,<br><br>    Defendants. | Civil Action<br>No. 05-10138 NG |

## AFFIDAVIT OF STEPHEN BARRIERE

I, Stephen Barriere, upon my own personal knowledge, under oath, hereby depose and state as follows:

1.    I make this Affidavit in support of Waltham Lime's Opposition to the Motion To Dismiss of Travelers Casualty And Surety Company Of America.

2.    I am the Administration Manager of Waltham Lime & Cement Company ("Waltham Lime"), the Plaintiff in this action.

3.    As Administration Manager, I supervised Waltham Lime's supply of materials and its account with respect to Boston Interiors Construction Co., Inc. ("Boston") during the calendar year 2002, including Waltham Lime's supply of materials with respect to the project at issue in this action.

4.    At various times during the calendar year 2002, Boston purchased from Waltham Lime, and Waltham Lime sold to Boston, construction materials such as lumber, steel, drywall

{K0308168.1}

materials and other supplies for Boston's use at the Academy Homes II Project in Roxbury, Massachusetts (the "Project").

5. Boston approached Waltham Lime and asked for 90-day payment terms for supplies to the Project. As a result, before Waltham Lime began supplying materials for the Project, it requested and obtained from Peabody in March 2002 a copy of the payment bond. This bond made no mention of the Department of Housing and Urban Development ("HUD") as the beneficiary of the payment bond. It did not indicate that this project was a HUD project or that there was any federal involvement in the Project. Nor was there any suggestion that the payment bond was a Miller Act bond. The payment bond clearly indicated, rather, that the Massachusetts Housing Finance Agency ("MHFA") was the Owner of the Project, and that the Project had an MHFA project number.

6. In making deliveries of materials to the Project under the terms in which it did, Waltham Lime relied on the payment bond that Peabody had sent it. At no time during our supply of materials or negotiations before suit did any representative of the Joint Venture or of Travelers advise us that HUD had <u>any</u> involvement in the Project.

7. A true and accurate copy of the payment bond received before Waltham Lime began supplying materials for the Project from Waltham Lime's file for the Project is attached hereto as Exhibit 1. This record was maintained by Waltham Lime in the ordinary course of business and in good faith. It is Waltham Lime's regular practice to keep such a record. This record was received by a Waltham Lime employee, Karl Hoffman, before the commencement of litigation, at or near the time of the events recorded.

I declare under penalty of perjury that the above information is true and correct.

 /s/ Stephen Barriere

_____
Stephen Barriere
Dated: September 6, 2005

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of WALTHAM LIME & CEMENT COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>PEABODY CONSTRUCTION CO., INC., ODF CONTRACTING CO., INC., HOON COMPANIES, INC., and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>  Defendants. | Civil Action<br>No. 05-10138 NG |

### AFFIDAVIT OF COUNSEL

I, David B. Hobbie, upon my own personal knowledge, under oath hereby depose and state as follows:

1.      I am an attorney in good standing of the Bar of the Commonwealth of Massachusetts, Board of Bar Overseers number 637107, and of the federal District Court for the District Of Massachusetts.

2.      I am one of the attorneys who represents Plaintiff Waltham Lime & Cement Company ("Waltham Lime") in this matter.

3.      Attached hereto as Exhibit 1 is a true and accurate copy of Waltham Lime's initial Complaint from a previously-filed state court action (the "State Court Action"), Waltham Lime & Cement Company v. Peabody Constr. Co. et al., Civil Action 03-01407 in Middlesex Superior Court (the "State Court Action"), dated March 25, 2003.

4.    Attached hereto as Exhibit 2 is a true and accurate copy of the Answer of Travelers Casualty and Surety Company of America filed in the State Court Action, dated April 25, 2003.

5.    Attached hereto as Exhibit 3 is a true and accurate copy of the Answer of Peabody Construction Co., Inc. filed in the State Court Action, dated April 23, 2003.

6.    Attached hereto as Exhibit 4 is a true and accurate copy of the Response Of The Defendant, Peabody Construction Co., Inc., To The Plaintiff's First Set Of Interrogatories To The Defendant, Peabody Construction Co., Inc., dated December 24, 2003, filed in the State Court Action.

7.    Attached hereto as Exhibit 5 is a true and accurate copy of Waltham Lime's Amended Complaint in the State Court Action, dated January 13, 2004.

8.    Attached hereto as Exhibit 6 is a true and accurate copy of the Answer Of Travelers Casualty And Surety Company Of America To Amended Complaint, dated January 20, 2004, filed in the State Court Action with respect to Counts I, III, and IV of the Amended Complaint.

9.    Attached hereto as Exhibit 7 is a true and accurate copy of the Answer Of Peabody Construction Co., Inc., ODF Contracting Co., Inc., Hoon Companies, Inc. As ODF/Hoon/Peabody Joint Venture To Amended Complaint, dated January 20, 2004, filed in the State Court Action.

10.    Attached hereto as Exhibit 8 is a true and accurate copy of the Answer Of Travelers Casualty And Surety Company Of America To Amended Complaint, dated February 3, 2004, filed in the State Court Action with respect to Count II of the Amended Complaint.

11.    Attached hereto as Exhibit 9 is a true and accurate copy of the Affidavit Of Edward

Sople In Support Of Defendants' Opposition To Plaintiff's Motion For Summary Judgment

(reproduced here without exhibits to save space), filed in the State Court Action on August 30,

2004.

12.    Attached hereto as Exhibit 10 is a true and accurate copy of the Reply

Memorandum Of Waltham Lime & Cement Company To Joint Opposition To Motion For

Summary Judgment, filed in the State Court Action on August 30, 2004 (reproduced here without

exhibits to save space.)

I declare under penalty of perjury that the above information is true and correct.

/s/ David B. Hobbie

David B. Hobbie, Esq.

Dated:  September 6, 2005

# EXHIBIT 1

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPT.
C. A. No.

WALTHAM LIME & CEMENT COMPANY,    )
    Plaintiff,    )
        )
v.    )
        )
PEABODY CONSTRUCTION CO., INC., d/b/a    )
ODF/HOON/PEABODY JOINT VENTURE,    )
TRAVELERS CASUALTY AND SURETY    )
COMPANY OF AMERICA, and MASSACHUSETTS    )
HOUSING FINANCE AGENCY,    )
    Defendants.    )

## **COMPLAINT**

1.    The Plaintiff, Waltham Lime & Cement Company (the "Plaintiff" or "Waltham Lime"), is a Massachusetts corporation engaged in the business of selling construction materials and supplies. Waltham Lime has a principal place of business at 71 Massasoit Street, Waltham, Middlesex County, Massachusetts.

2.    The Defendant, Peabody Construction Co., Inc., doing business as ODF/Hoon/Peabody, Joint Venture ("Peabody") is, upon information and belief, a Massachusetts corporation with a usual place of business at 1960 Washington Street, Boston, Suffolk County, Massachusetts. Peabody is, upon information and belief, a general partner of ODF/Hoon/Peabody Joint Venture. Peabody is engaged in the construction business as a general contractor.

{K0253096.1}

3.     Travelers Casualty and Surety Company of America, ("Travelers") is, upon information and belief, a Connecticut corporation with a usual place of business at 300 Crown Colony Drive, Quincy, Norfolk County, Massachusetts.  Travelers is engaged in business as an insurer and provider of construction surety bonds.

4.     Upon information and belief, Massachusetts Housing Finance Agency ("MHFA") is a state agency with a usual place of business at 1 Beacon Street, Boston, Suffolk County, Massachusetts.  MHFA is the owner of a construction project known as "Academy Homes II" (the "Project") located in Boston, Massachusetts.  MHFA entered into a general contract for the construction of the Project with Peabody.

5.     Boston Interiors Construction Co., Inc. ("Boston") is, upon information and belief, a Massachusetts corporation providing drywall and other construction work. Boston entered into a subcontract  with Peabody to perform a portion of the construction work for the Project, which Peabody had contracted to perform for MHFA.  Boston has filed in the United States Bankruptcy Court for the District of New Hampshire, a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code, Docket No. 02-13730-JMD.

6.     At various times during the calendar year 2002, Boston purchased from Waltham Lime and Waltham Lime sold to Boston construction materials such as lumber, steel, drywall materials and other supplies for use by Peabody on the Project in partial fulfillment of Boston's contractual obligations to Peabody.

7.     Boston has failed and refused to pay to Waltham Lime the sum of $176,375.85 for materials supplied to Boston and to the Project.

{K0253096.1}                                    2

8.     Peabody, as principal, and Travelers, as surety, executed and delivered a Payment Bond No. 103316488 in the amount of $45,367,275.00 (the "Payment Bond") as surety for the payment of claims for labor and materials furnished to the Project by persons such as Waltham Lime.

9.     The Payment Bond provides, inter alia, that Travelers shall pay, upon performance of specified conditions, all sums and monies due and owing to persons such as Waltham Lime for materials furnished to the Project.

10.     Waltham Lime has fully performed any and all conditions precedent to recovery on and under the Payment Bond.

11.     The last date on which Waltham Lime furnished material to Boston for the Project was October 30, 2002.

12.     By letter dated November 14, 2002, in compliance with the terms of the Payment Bond, and pursuant to M.G.L. c. 149 § 29, Waltham Lime provided written notice to Boston, Peabody, Travelers and MHFA of its claim against the Payment Bond in the amount of $176,375.85 (the "First Notice").  A copy of the First Notice is attached hereto as Exhibit "A", and made a part hereof.

13.     By letter dated December 17, 2002, in compliance with the terms of the Payment Bond, and pursuant to M.G.L. c. 149 § 29, Waltham Lime provided written notice to Boston, Peabody, Travelers and MHFA of its claim against the Payment Bond in the amount of $176,375.85 (the "Second Notice").  A copy of the Second Notice is attached hereto as Exhibit "B", and made a part hereof.

14.    Waltham Lime has not received from Boston, Peabody, Travelers or MHFA either a rejection of its claim or any writing indicating that payment would be made.

15.    Defendants have willfully failed to honor their obligations under the Payment Bond, including without limitation, the obligations to advise Waltham Lime which if any amounts of its claim are disputed or undisputed, and to make payment of undisputed amounts, all in violation of Massachusetts General Laws, Chapter 149, Chapter 176D and Chapter 93A.

## COUNT I

(Suit on Payment Bond/Breach of Contract)

16.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 15 as if each were separately and specifically set forth herein.

17.    As a supplier of materials to Boston and to the Project, Waltham Lime is an intended third-party beneficiary of the Payment Bond.

18.    By reason of their failure and refusal to pay all amounts owed to Waltham Lime, the Defendants are in breach of the Payment Bond.

19.    Plaintiff has suffered damage in the sum of $176,375.85, plus interest, costs and attorneys' fees.

## COUNT II

(M.G.L. c. 93A and 176D)

20.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 19, as if each were separately and specifically set forth herein.

21.    The Defendants' failure and refusal to pay Waltham Lime for all sums due constitutes an unfair and deceptive business practice within the meaning of Massachusetts General Laws, Chapter 93A and Chapter 176D.

22.    The violations of Massachusetts General Laws, Chapter 93A and Chapter 176D were knowing and willful violations.

23.    As a result of the Defendants' violations of Massachusetts General Laws, Chapter 93A and Massachusetts General Laws, Chapter 176D, Waltham Lime has suffered damage in the amount of $176,375.85.

## COUNT III

(Massachusetts General Laws, Chapter 149, Section 29)

24.    The Plaintiff repeats and realleges the allegations of Paragraphs 1 through 23 as if each were separately and specifically set forth herein.

25.    The failure and refusal of the Defendants to pay or authorize payment under the Payment Bond and to honor their obligations under the Payment Bond, without justification or excuse, constitute violations of Massachusetts General Laws, Chapter 149.

26.    As a result of Defendants' violations of Massachusetts General Laws, Chapters 149, Section 29, Waltham Lime has suffered damage in the amount of $176,375.85.

## COUNT IV

(Unjust Enrichment)

27.    The Plaintiff repeats and realleges the allegations of Paragraphs 1 through 26 as if each were separately and specifically set forth herein.

28.    The Defendants have received the benefit of the materials furnished by Waltham Lime without making any payment for said materials.

29.    The Defendants have been unjustly enriched to the detriment of Waltham Lime.

30.    Waltham Lime is entitled to damages in the amount of $176,375.85.

## COUNT V

### (Quantum Merit)

31.    Waltham Lime repeats and realleges the allegations of Paragraphs 1 through 30 as if each were separately and specifically set forth herein.

32.    The fair and reasonable value of the materials supplied by Waltham Lime for which the Defendants have not paid is $176,375.85.

WHEREFORE, the Plaintiff, Waltham Lime & Cement Company, hereby demands Judgment against the Defendants, jointly and severally, as follows:

(a)    For damages in the amount of $176,375.85 under Counts I, IV and V of the Complaint, plus interest and costs;

(b)    For treble damages, plus interest, costs and attorney's fees under Counts II and III of the Complaint; and

(c)    That the Court award such other and further relief as its deems just and proper.

WALTHAM LIME & CEMENT COMPANY

By its attorneys,

Anthony M. Moceia – BBO#350225
Stephen T. Kunian – BBO#281400
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Flr.
Boston, Massachusetts 02110
Telephone: (617) 342.6800
Facsimile:  (617) 342.6899

DATED: March 25, 2003



# ECKERT SEAMANS CHERIN & MELLOTT, LLC

November 14, 2002

One International Place
18th Floor
Boston, MA 02110
Telephone: 617.342.6800
Facsimile: 617.342.6899
www.escm.com

Boston

Fort Lauderdale

Haddonfield, NJ

Harrisburg

Philadelphia

Pittsburgh

Washington, D.C.

Boston Interiors
728 East Industrial Park
Suite 13
Manchester, NH  03109

ODF/Hoon/Peabody Joint Venture
1960 Washington Street
Boston, MA 02108

Travelers Casualty & Surety Company of America
300 Crown Colony Drive
Quincy, MA  02169

Massachusetts Housing Finance Agency
One Beacon Street
Boston, MA  02108

Re:    Project:            New MFA Project #96-006
                            Academy Homes II, Boston, Massachusetts
       General Contractor:  ODF/Hoon/Peabody, Joint Venture
       Subcontractor:       Boston Interiors
       Supplier:            Waltham Lime & Cement Co., Inc.
       Surety:              Travelers Casualty & Surety Company
                            Of America

To Whom It May Concern:

Our office represents Waltham Lime & Cement Co., Inc. ("Waltham Lime") who supplied drywall and construction materials to Boston Interiors on the above-referenced project, which is owned by Massachusetts Housing Finance Agency. Boston Interiors has a subcontract with the general contractor, ODF/Hoon/Peabody, Joint Venture on the above-named project. A labor and material bond was issued for said project by Travelers Casualty & Surety Company of America.

**NOTICE** is hereby given that Waltham Lime supplied drywall and construction materials to Boston Interiors for use on the above-referenced project. The materials were last supplied to the project on October 30, 2002. There is a balance due to Waltham Lime for said materials which remains unpaid in the amount of $176,375.84. This notice is given pursuant to the terms and

{K0248608.1}

*November 14, 2002*
*Page 2*

conditions of the aforesaid bond that the amount of $176,375.84 is due and owing to Waltham Lime.

**DEMAND** is herewith made that Waltham Lime be paid the balance due and owing in the amount of $176,375.84.

Very truly yours,

Stephen T. Kunian

STK/edt

cc: Mr. Steven Barriere

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

ECKERT SEAMANS

**B**

# ECKERT SEAMANS CHERIN & MELLOTT, LLC

One International Place
18th Floor
Boston, MA 02110
Telephone: 617.342.6800
Facsimile: 617.342.6899
www.escm.com

December 17, 2002

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Boston

Haddonfield, NJ

Harrisburg

Morgantown, WV

Philadelphia

Pittsburgh

Washington, D.C.

Boston Interiors
728 East Industrial Park
Suite 13
Manchester, NH  03109

ODF/Hoon/Peabody Joint Venture
1960 Washington Street
Boston, MA 02108

Travelers Casualty & Surety Company of America
300 Crown Colony Drive
Quincy, MA  02169

Massachusetts Housing Finance Agency
One Beacon Street
Boston, MA  02108

| Re: | Project: | New MFA Project #96-006 |
| --- | --- | --- |
| | | Academy Homes II, Boston, Massachusetts |
| | General Contractor: | ODF/Hoon/Peabody, Joint Venture |
| | Subcontractor: | Boston Interiors |
| | Supplier: | Waltham Lime & Cement Co., Inc. |
| | Surety: | Travelers Casualty & Surety Company Of America |

To Whom It May Concern:

On November 14, 2002 a Notice of Claim was sent to each of you making demand on behalf of Waltham Lime & Cement Company for payment of $176,375.84 with respect to the above project.  I enclose a copy of the Notice of November 14, 2002 in accordance with the terms of the Bond.

This is further to advise you that my client has neither received a rejection in whole nor in part from the Contractor nor received any communications from Contractor that the claim will be paid directly or indirectly.

ECKERT SEAMANS
ATTORNEYS AT LAW

JK0250521 1}

Stephen T. Kunian
617.342.6869
stk@escm.com

*Page 2*

Notice is herewith given pursuant to the Bond that a claim is being made under the Bond for the payment of $176,354.84.

My client has received a request for documentation from the Bonding Company dated November 22, 2002 which documentation is being supplied to the Bonding Company. However, said letter contained no assurance nor any representation that the monies due Waltham Lime & Cement Company would be paid. Accordingly, Waltham Lime & Cement Company expressly reserves the right to take such action as it deems appropriate to enforce its rights.

Very truly yours,

Stephen T. Kunian

STK/edt

cc:    Mr. Steven Barriere
       Ms. Laurie Larson

# EXHIBIT 2

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 03-1407

---

|  |  |
|---|---|
| **WALTHAM LIME & CEMENT COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **PEABODY CONSTRUCTION CO., INC. d/b/a** | ) |
| **ODF/HOON/PEABODY JOINT VENTURE,** | ) |
| **TRAVELERS CASUALTY & SURETY** | ) |
| **COMPANY OF AMERICA and** | ) |
| **MASSACHUSETTS HOUSING FINANCE** | ) |
| **AGENCY,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

---

### ANSWER OF TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA

The defendant, Travelers Casualty & Surety Company of American ("Travelers"), for an answer to Waltham Lime & Cement Company's ("Waltham Lime") Complaint states:

1.      Travelers is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Travelers is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      Travelers admits that it is a Connecticut corporation with a place of business at 300 Crown Colony Drive, Quincy, Massachusetts.  Travelers admits that it is engaged in the business of issuing surety bonds in Massachusetts and, further answering, denies all remaining inconsistent allegations.

4.      Upon information and belief, Travelers admits that Massachusetts Housing Finance Agency is a Massachusetts state agency and that it is the owner of the project known as "Academy Homes II" (the "Project").  Travelers denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Travelers admits that Boston Interiors Construction Co., Inc. ("Boston Interiors") is a Massachusetts corporation providing drywall and other construction work and that Boston Interiors has filed a petition in the United States Bankruptcy Court for the District of New Hampshire under Chapter 7 of the Bankruptcy Code, Docket No. 02-13730-JMD.  Further answering, Travelers denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Travelers is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Travelers denies the allegations contained in Paragraph 7 of the Complaint.

8.      Travelers admits that it issued a payment bond ("the Bond"), as surety, on behalf of ODF/Hoon/Peabody, Joint Venture, as principal, relative to the Project.  Further answering, Travelers states that the Bond is a written document, the terms of which are self-explanatory and the interpretation of which is a matter of law.  Further answering, Travelers denies the allegations contained in Paragraph 8 of the Complaint to the extent they seek to modify or characterize the terms of the Bond.

9.      Travelers states that the Bond is a written document, the terms of which are self-explanatory and the interpretation of which is a matter of law.  Further answering, Travelers denies the allegations contained in Paragraph 9 of the Complaint to the extent they seek to modify or characterize the terms of the Bond.

10.     Travelers denies the allegations contained in Paragraph 10 of the Complaint.

11.     Travelers is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     Travelers states that the November 14, 2002 letter attached to the Complaint is a written document, the terms of which are self-explanatory.

13.     Travelers states that the December 17, 2002 letter attached to the Complaint is a written document, the terms of which are self-explanatory.

14.     Travelers denies the allegations contained in Paragraph 14 of the Complaint.

15.     Travelers denies the allegations contained in Paragraph 15 of the Complaint.

## COUNT I

### (Suit on Payment Bond/Breach of Contract)

16.     Travelers incorporates herein by reference its answers to Paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17.     Paragraph 17 contains conclusions of law to which no response is required.  To the extent a response is required, Travelers denies the allegations contained in Paragraph 17 of the Complaint.

18.     Travelers denies the allegations contained in Paragraph 18 of the Complaint.

19.     Travelers denies the allegations contained in Paragraph 19 of the Complaint.

## COUNT II

### (M.G.L. c. 93A and 176D)

20.     Travelers incorporates herein by reference its answers to Paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21.    Travelers denies the allegations contained in Paragraph 21 of the Complaint.

22.    Travelers denies the allegations contained in Paragraph 22 of the Complaint.

23.    Travelers denies the allegations contained in Paragraph 23 of the Complaint.

## COUNT III

### (M.G.L. c. 149, Section 29)

24.    Travelers incorporates herein by reference its answers to Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25.    Travelers denies the allegations contained in Paragraph 25 of the Complaint.

26.    Travelers denies the allegations contained in Paragraph 26 of the Complaint.

## COUNT IV

### (Unjust Enrichment)

27.    Travelers incorporates herein by reference its answers to Paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28.    Travelers denies the allegations contained in Paragraph 28 of the Complaint.

29.    Travelers denies the allegations contained in Paragraph 29 of the Complaint.

30.    Travelers denies the allegations contained in Paragraph 30 of the Complaint

## COUNT V

### (Quantum Merit)

31.    Travelers incorporates herein by reference its answers to Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.    Travelers denies the allegations contained in Paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred or limited by its failure to comply strictly with the terms of the contract and/or Bond which is sought to be enforced.

### THIRD  AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred or limited by the doctrines of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred or limited to the extent it materially and willfully breached its contract with Boston Interiors.

### FIFTH AFFIRMATIVE DEFENSE

Any damages allegedly incurred by the Plaintiff resulted from the acts and/or omissions of those over whom Travelers has no control.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's right of recovery in this case is barred to the extent that the Plaintiff did not satisfy the conditions precedent set forth in the contract, the Bond and/or G.L. c. 149, §29.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred or limited to the extent it failed to give timely and proper notice.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred or limited by the applicable limitations periods.

5

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred by G.L. c. 149, §29.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim under G.L. c. 176D.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by G.L. c.93A and/or 176D.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred or limited by the doctrine of release.

## THIRTEENTH AFFIRMATIVE DEFENSE

Travelers, as surety, hereby asserts all defenses asserted by, or available to be asserted by, its principal, Peabody.

WHEREFORE, having fully answered, Travelers Casualty & Surety Company of America requests that Waltham Lime & Cement Company's Complaint be dismissed and that Travelers recover its costs and attorneys' fees herein.

Respectfully submitted,

TRAVELERS CASUALTY & SURETY COMPANY
OF AMERICA,

By its attorneys,

Bradford R. Carver, BBO #565396
Eric H. Loeffler, BBO #641289
CETRULO & CAPONE, LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
(617) 217-5500

Dated: April 25, 2003

6

## <u>CERTIFICATE OF SERVICE</u>

I, Eric H. Loeffler, hereby certify that the forgoing document was served via first class mail, postage prepaid, this 25th day of April 2003, upon the following:

Stephen T. Kunian, Esq.
Eckert, Seamans, Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110

Edward F. Vena, Esq.
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd
Boston, MA 02210

Eric H. Loeffler, BBO #641289

285844v1 01037-0033

7

# EXHIBIT 3

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT DEPARTMENT
                                        OF THE TRIAL COURT
                                        CIVIL ACTION NO.: 03-01407

_____
WALTHAM LIME & CEMENT COMPANY,      )
                Plaintiff,          )
                                    )
v.                                  )
                                    )
PEABODY CONSTRUCTION CO., INC., d/b/a )
ODF/HOON/PEABODY JOINT VENTURE,     )
TRAVELERS CASUALTY AND SURETY       )
COMPANY OF AMERICA, and             )
MASSACHUSETTS HOUSING FINANCE       )
AGENCY,                             )
                Defendants.         )
_____

## ANSWER OF PEABODY CONSTRUCTION CO., INC.

Now comes the Defendant Peabody Construction Co., Inc., hereinafter

("Peabody"), and hereby answers the Complaint as follows:

1.      Peabody has no knowledge of the allegations contained in

Paragraph 1.

2.      Peabody denies the allegations contained in Paragraph 2.

3.      Peabody admits the allegations contained in Paragraph 3.

4.      Peabody admits that MHFA is a Massachusetts state agency and

that it is the owner of a construction project known as "Academy Homes II" (the

"Project").  Peabody denies the remaining allegations contained in Paragraph 4.

5.      Peabody admits that Boston is a Massachusetts corporation

providing drywall and other construction work and that Boston has filed a petition

in the United States Bankruptcy Court for the District of New Hampshire under

Chapter 7 of the United States Bankruptcy Code, Docket No. 02-13730-JMD.

Peabody denies the remaining allegation of this paragraph.

6.     Peabody has no knowledge of the allegation that Boston purchased construction materials from Waltham Lime, and denies that these materials were intended for use by Peabody on the Project.

7.     Peabody denies the allegations contained in Paragraph 7.

8.     Peabody admits the allegations contained in Paragraph 8.

9.     Peabody states that the bond speaks for itself.

10.    Peabody denies the allegations contained in Paragraph 10.

11.    Peabody has no knowledge of the allegations contained in Paragraph 11.

12.    Peabody denies the allegations contained in Paragraph 12.

13.    Peabody denies the allegations contained in Paragraph 13.

14.    Peabody has no knowledge of the allegations against Boston, Travelers, and MHFA, and denies that it has not paid Waltham Lime.

15.    Peabody denies the allegations contained in Paragraph 15.

## **COUNT I**

(Suit on Payment Bond/Breach of Contract)

16.    Peabody restates its answers to the allegations contained in Paragraphs 1 through 15 as if each were set forth herein.

17.    Peabody denies the allegations contained in Paragraph 17.

18.    Peabody denies the allegations contained in Paragraph 18.

19.    Peabody denies the allegations contained in Paragraph 19.

## COUNT II

(M.G.L. c.93A and 176D)

20.    Peabody restates its answers to the allegations contained in Paragraphs 1 through 19 as if each were set forth herein.

21.    Peabody denies the allegations contained in Paragraph 21.

22.    Peabody denies the allegations contained in Paragraph 22.

23.    Peabody denies the allegations contained in Paragraph 23.

## COUNT III

(Massachusetts General Laws, Chapter 149, Section 29)

24.    Peabody restates its answers to the allegations contained in Paragraphs 1 through 23 as if each were set forth herein.

25.    Peabody denies the allegations contained in Paragraph 25.

26.    Peabody denies the allegations contained in Paragraph 26.

## COUNT IV

(Unjust Enrichment)

27.    Peabody restates its answers to the allegations contained in Paragraphs 1 through 26 as if each were set forth herein.

28.    Peabody denies the allegations contained in Paragraph 28.

29.    Peabody denies the allegations contained in Paragraph 29.

30.    Peabody denies the allegations contained in Paragraph 30.

## COUNT V

### (Quantum Merit)

31.     Peabody restates its answers to the allegations contained in Paragraphs 1 through 30 as if each were set forth herein.

32.     Peabody denies the allegations contained in Paragraph 32.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Peabody had not contract with Waltham Lime, and, therefore, it is not liable to Waltham Lime.

### THIRD AFFIRMATIVE DEFENSE

Peabody did not order any materials from Waltham Lime, and, therefore, there is no implied contract.

### FOURTH AFFIRMATIVE DEFENSE

Peabody did not order any materials from Waltham Lime and, therefore, it was not unjustly enriched.

### FIFTH AFFIRMATIVE DEFENSE

Peabody is not liable to Waltham Lime on the payment bond.

### SIXTH AFFIRMATIVE DEFENSE

Waltham Lime has released Peabody.

## SEVENTH AFFIRMATIVE DEFENSE

Waltham Lime has willfully failed and refused to provide Peabody with any documentation to support its claim, and, therefore, is barred from unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Waltham Lime has engaged in fraudulent conduct, and, therefore, is barred from recovery.

## NINTH AFFIRMATIVE DEFENSE

Peabody and Waltham Lime are not in privity, and, therefore, there is no business transaction under c.93A.

## TENTH AFFIRMATIVE DEFENSE

Peabody owes no duty to Waltham Lime.

PEABODY CONSTRUCTION CO., INC.
By its attorneys,

Edward F. Vena
BBO No.: 508660
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA  02210
(617) 951-2400

Dated: 4/23/03

## <u>CERTIFICATE OF SERVICE</u>

I, Edward F. Vena, hereby certify that I have, on this 23rd day of April, 2003, served a copy of the within by first class mail, postage pre-paid on:

Anthony M. Moccia, Esquire
Stephen T. Kunian, Esquire
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA  02110

Edward F. Vena

# EXHIBIT 4

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.: 03-01407

| | |
|---|---|
| WALTHAM LIME & CEMENT COMPANY, Plaintiff, v. PEABODY CONSTRUCTION CO., INC., D/b/a ODF/HOON/PEABODY JOINT VENTURE, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and MASSACHUSETTS HOUSING FINANCE AGENCY, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

## RESPONSE OF THE DEFENDANT, PEABODY CONSTRUCTION CO., INC., TO THE PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE DEFENDANT, PEABODY CONSTRUCTION CO., INC.

Pursuant to Mass. R. Civ. P. 33(a), the defendant, Peabody Construction Co., Inc.

("Peabody"), responds to the Plaintiff's First Set of Interrogatories to the Defendant, Peabody

Construction Co., Inc. (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

Peabody objects to each interrogatory to the extent that it seeks information beyond the

proper scope of discovery, or because it was prepared in anticipation of litigation, or because it

constitutes attorney work product, or which calls on Peabody to disclose information which is

privileged. Further, Peabody objects to the Interrogatories, including the Instructions, to the

extent that they purport to impose obligations beyond those imposed by the Massachusetts Rules

of Civil Procedure. The following responses to specific interrogatories are made subject to and

without waiving these general objections to specific responses.

## INTERROGATORY RESPONSES

## INTERROGATORY NO. 1

Identify yourself and the person or person(s) who assisted you in responding to these Interrogatories in any way.

## RESPONSE NO. 1

Ed Sople.  50 Saunders Road, Norwood, MA  02062.  536 Granite Street, Braintree, MA  02184. (781) 848-2680.  Project Manager.  My attorneys assisted me in connection with responding to these interrogatories.

## INTERROGATORY NO. 2

Identify the quantity and value of supplies, including steel, board, sheetrock, wood, insulation, joint compound, and any other construction supplies, that were required by Boston Interiors to fulfill its obligations to and carry out its contract with Peabody on the Project.

## RESPONSE NO. 2

Peabody had no contract with Boston Interiors in connection with the Academy Homes II project (the "Project").  Boston Interiors subcontracted with ODF/Hoon/Peabody Joint Venture ("OHP"), not Peabody, in connection with the Project.  I do not know the quantity and value of supplies that were required by Boston Interiors to fulfill its obligations to and carry out its contract with OHP on the Project.

## INTERROGATORY NO. 3

Identify the quantity and value of the supplies identified in your response to Interrogatory #1 that were ultimately:

       a.      in fact delivered to the Project by suppliers other than Waltham;

       b.      in fact delivered to the Project by Waltham; or

       c.      left unfilled.

## RESPONSE NO. 3

Interrogatory No. 1 did not request information concerning the quantity and value of supplies. Nevertheless, to the extent that this interrogatory seeks information in connection with Interrogatory No. 2, see Response No. 2.

## INTERROGATORY NO. 4

Identify the quantity and value of supplies, including steel, board, sheetrock, wood, insulation, joint compound, and other construction supplies, that Peabody or Boston Interiors estimated

would be required by Boston Interiors to fulfill its obligations to and carry out its contract with Peabody on the Project.

## RESPONSE NO. 4

Peabody had no contract with Boston Interiors in connection with the Project. Boston Interiors subcontracted with OHP, not Peabody, in connection with the Project. As such, Peabody did not conduct an estimate of what supplies would be required by Boston Interiors to complete Boston Interiors' contract and I do not know what Boston Interiors may have estimated.

## INTERROGATORY NO. 5

Identify the materials suppliers, if any, listed, identified, or suggested by Peabody or Boston Interiors at any point during the time leading up to the date Peabody obtained the Project contract.

## RESPONSE NO. 5

Peabody had no contract with Boston Interiors in connection with the Project. Boston Interiors subcontracted with OHP, not Peabody, in connection with the Project. As such, Peabody did not list, identify or suggest material suppliers in connection with the Project. I do not know what Boston Interiors may have done.

## INTERROGATORY NO. 6

Identify all members of the ODF/Hoon/Peabody Joint Venture and supply each member's:

       a.    full corporate name;
       b.    state of incorporation;
       c.    person with responsibility for that entity's obligations with respect to the
             ODF/Hoon/Peabody Joint Venture;
       d.    attorney, if any;
       e.    percentage ownership share in the joint venture; and
       f.    scope of responsibilities and obligations, if any.

## OBJECTION

Subject to and without waiving the foregoing general objections, Peabody specifically objects to this request on the grounds that the request seeks information which is immaterial, the request seeks information which is irrelevant to the subject matter involved in this litigation and the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 7

Identify all subcontractors and materials suppliers on the Project. Include in your answer a chart of the structure of the subcontractors, showing sub-contractors and their sub-sub-contractors, and the materials suppliers of each of them and you.

## OBJECTION

Subject to and without waiving the foregoing general objections, Peabody specifically objects to this request on the grounds that, by failing to limit the request to the subject matter of this action and the goods and materials supplied by Waltham and/or Boston Interiors on the Project, the request seeks information which is immaterial, the request seeks information which is irrelevant to the subject matter involved in this litigation, the request seeks information which is not reasonably calculated to lead to the discovery of admissible evidence and the request is overly burdensome.

## INTERROGATORY NO. 8

Identify each person whom you intend to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

## RESPONSE NO. 8

My attorneys have advised me that they have made no decisions at this time with respect to whom, if anyone, they will call as an expert witness at trial.

## INTERROGATORY NO. 9

Identify each person who has or might have knowledge as to receiving, logging, storing, transporting, hauling, lifting, or transferring materials, supplies, or other goods at the Project.

## RESPONSE NO. 9

Peabody had no contract with Boston Interiors in connection with the Project. Boston Interiors subcontracted with OHP, not Peabody, in connection with the Project. I cannot attest to the knowledge possessed by other persons. Nevertheless, with respect to Peabody's current employees and/or representatives, I have knowledge as to receiving, logging, storing, transporting, hauling, lifting or transferring supplies or other goods ordered by OHP, only, at the Project. Neither I nor anyone else at Peabody have knowledge with respect to what was done with supplies and materials ordered by the various subcontractors on the Project.

## INTERROGATORY NO. 10

State the basis for your denial in your Answer of the allegations in the second sentence of paragraph 5 of the Complaint, namely that "Boston entered into a subcontract with Peabody to

perform a portion of the construction work for the Project, which Peabody had contracted to perform for MHFA."

## RESPONSE NO. 10

Boston Interiors did not enter into a subcontract with Peabody and Peabody did not contract with the MHFA to provide general contractor services in connection with the Project. The ODF/Hoon/Peabody Joint Venture ("OHP") entered into a contract with the MHFA and a subcontract with Boston Interiors in connection with the Project. Therefore, Peabody responded in such a manner.

## INTERROGATORY NO. 11

State the basis for your response to the allegations of paragraph six of the Complaint, namely, that "during the calendar year 2002, Boston purchased from Waltham Lime and Waltham Lime sold to Boston construction materials such as lumber, steel, drywall materials and other supplies for use by Peabody on the Project in partial fulfillment of Boston's contractual obligations to Peabody," through your statement in your Answer, paragraph six, that "Peabody has no knowledge of the allegation that Boston purchased construction materials from Waltham Lime, and denies that these materials were intended for use by Peabody on the Project.

## RESPONSE NO. 11

As an initial matter, Peabody did not enter into a subcontract with Boston Interiors in connection with this Project. Rather, OHP entered into a subcontract with Boston Interiors in connection with the Project. Nevertheless, Peabody does not know what Boston Interiors may or may not have purchased from Waltham Lime on this Project. Moreover, none of the materials which Boston Interior may have purchased from Waltham Lime were for the use of Peabody, a party with whom Boston Interiors had no contractual relationship. To the best of my knowledge, all materials that Boston Interiors purchased from Waltham Lime were for the use of Boston Interiors. Therefore, Peabody stated that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the Complaint and denied that the materials purchased by Boston Interiors were for use by Peabody.

## INTERROGATORY NO. 12

State the basis for your denial in your Answer of the allegations of paragraph seven of the Complaint, namely, that "Boston has failed and refused to pay to Waltham Lime the sum of $176,375.85 for materials supplied to Boston and to the Project."

## RESPONSE NO. 12

The basis for the denial is that Waltham Lime supplied materials to Boston Interiors, not the Project. Peabody does not know what payments have been made by Boston Interiors to Waltham Lime as Peabody was not a party to the contractual relationship between Boston Interiors and Waltham. In that regard, perhaps a more appropriate response would have been a denial as to the

allegation that Waltham Lime supplied materials to the Project and a statement that Peabody is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## INTERROGATORY NO. 13

State the basis for your denial in your Answer of the allegations of paragraph ten of the Complaint, namely, that "Waltham Lime has fully performed any and all conditions precedent to recovery on and under the Payment Bond."

## RESPONSE NO. 13

Waltham Lime has not complied with all of the requirements of the payment bond in order to recover under the payment bond. Waltham Lime has failed and refused to provide Peabody or the surety with all of the information requested in order to confirm its claims. Indeed, rather than produce all requested documents, Waltham Lime has continued to produce the same invoices and delivery orders which do little to help Peabody or the surety confirm that the bond claim is timely and in full compliance with the requirements of the bond, that the materials were actually ordered, delivered and incorporated into the Project or that Waltham has not received payment from Boston Interiors for said materials.

## INTERROGATORY NO. 14

State the basis for your denial in your Answer of the allegation of paragraph 14 of the Complaint, namely that Peabody has not paid Waltham.

## RESPONSE NO. 14

Peabody denied that it had not paid Waltham Lime because that allegation assumed that Peabody, who had no contractual relationship with Waltham Lime on the Project, had an obligation to pay Waltham Lime. Peabody denies that it has any obligation to pay Waltham Lime any funds in connection with the Project.

## INTERROGATORY NO. 15

State the basis for your denial in your Answer of the allegations in paragraph 28 of the Complaint, namely, that "the Defendants have received the benefit of the materials furnished by Waltham Lime without making any payment for said materials."

## RESPONSE NO. 15

I am not an attorney and it is my understanding that this allegation constitutes a legal conclusion to which I am incapable of commenting. I am unclear on the relevant definition of the phrase "received the benefit of." Nevertheless, my attorneys have advised me that paragraph 28 is part of a count for unjust enrichment/quantum meruit. My attorneys have further advised me that Waltham Lime has failed to state a claim for unjust enrichment/quantum meruit against Peabody

6

for which relief can be granted. Of course, Peabody, who was not a party to this Project, did not receive the benefit of any materials which Waltham Lime may have supplied. Moreover, it is clear that any materials that Waltham may have supplied in connection with the Project were supplied to Boston Interiors with the expectation that Boston Interiors would pay for such materials. My attorneys have advised me that, under these circumstances, Waltham Lime has failed to state a claim against Peabody for unjust enrichment and, accordingly, the allegation was denied.

## INTERROGATORY NO. 16

State the basis for your contention in the Fourth Affirmative Defense of your Answer that "Peabody did not order any materials from Waltham Lime, and therefore, it was not unjustly enriched."

## RESPONSE NO. 16

I am not an attorney and I am incapable of responding to this interrogatory which seeks the legal basis for an affirmative defense. Nevertheless, it is clear that Peabody, who was not a party to this Project, did not order or receive materials from Waltham Lime in connection with the Project. Waltham Lime supplied materials to Boston Interiors with the intention that Boston Interiors would pay for said materials. My attorneys have advised me that, under these circumstances, Waltham Lime has failed to state a claim for unjust enrichment against Peabody for which relief can be granted. Accordingly, my attorneys asserted the Fourth Affirmative Defense.

## INTERROGATORY NO. 17

State the basis for your contention in the Fifth Affirmative Defense of your answer that "Peabody is not liable to Waltham Lime on the payment bond."

## RESPONSE NO. 17

I am not an attorney and I am incapable of responding to this interrogatory which seeks the legal basis for an affirmative defense. Nevertheless, my attorneys have advised me to direct your attention to Response No. 13.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 24th DAY OF DECEMBER, 2003.

Ed Sople

As to objections:

PEABODY CONSTRUCTION CO., INC.,
By its attorneys,

Edward F. Vena, BBO# 508660
Dwight T. Burns, III, BBO# 637514
VENA, RILEY, DEPTULA, LLP
250 Summer Street
Boston, MA  02210
(617) 951-2400

Dated: December 24, 2003

## CERTIFICATE OF SERVICE

I, Dwight T. Burns, III, hereby certify that I have, on this 24th day of December, 2003, served a copy of the within by first class mail, postage pre-paid on:

David B. Hobbie, Esquire
ECKERT SEAMANS CHERIN &
MELLOTT, LLC
One International Place, 18th Floor
Boston, MA  02110

Kevin P. Gavin, Esquire
Massachusetts Housing Finance Agency
One Beacon Street, 29th Floor
Boston, MA  02108

Bradford Carver, Esquire
Cetrulo & Capone
Two Seaport Lane
Boston, MA  02210

Dwight T. Burns, III

8



VENA, RILEY, DEPTULA,
LLP



250 Summer Street, 2nd Floor
Boston, MA 02210

Phone: 617 .951 .2400
Fax: 617 .951 .2420
www.vrdllp.com

December 24, 2003

David B. Hobbie, Esquire
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA  02110

RE:  *Waltham Lime & Cement Co. v. Peabody Constr. Co., Inc., et als.*
     Civil Action No.:      03-01407
     VRD File No.:          300

Dear Attorney Hobbie:

Please find a copy of the following enclosed for service upon your client in the above-referenced action:

1.     Response of the Defendant, Peabody Construction Co., Inc., to the Plaintiff's First Set of Interrogatories to the Defendant, Peabody Construction Co., Inc.

In accordance with Mass. R. Civ. P. 5(d)(2), the original has not been filed with the Court.

I apologize for my previous error in producing responses to your interrogatories in connection with the wrong action.  The enclosed responses represent my client's responses to your client's requests in connection with the appropriate, above-referenced civil action.  I apologize for any confusion that this may have caused.

Thank you for your attention to this matter.  Please feel free to contact me should you have any questions.

Very truly yours,

Dwight P. Burns, III

DTB
Enclosure
Cc:    Bradford Carver, Esquire
       Kevin P. Gavin, Esquire

# EXHIBIT 5

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                  SUPERIOR COURT DEPT.
                                               C. A. No. 03-01407


WALTHAM LIME & CEMENT COMPANY,          )
        Plaintiff,                       )
                                         )
v.                                       )
                                         )
PEABODY CONSTRUCTION CO., INC.,          )
ODF CONTRACTING CO., INC.,               )
HOON COMPANIES, INC.,                    )
TRAVELERS CASUALTY AND SURETY            )
COMPANY OF AMERICA, and MASSACHUSETTS    )
HOUSING FINANCE AGENCY,                  )
        Defendants.                      )

Filed in Court

Assistant Clerk

### AMENDED COMPLAINT

1.   The Plaintiff, Waltham Lime & Cement Company (the "Plaintiff" or "Waltham Lime"), is a Massachusetts corporation engaged in the business of selling construction materials and supplies. Waltham Lime has a principal place of business at 71 Massasoit Street, Waltham, Middlesex County, Massachusetts.

2.   The Defendant, Peabody Construction Co., Inc., ("Peabody") is, upon information and belief, a Massachusetts corporation with a usual place of business at 1960 Washington Street, Boston, Suffolk County, Massachusetts. Peabody is engaged in the construction business as a general contractor.

3.   The Defendant, ODF Contracting Co. Inc. ("ODF"), is, upon information and belief, a Massachusetts corporation with a usual place of business at 60 Gerard Street, Boston, Massachusetts.

{K0253096.1}

4.   The Defendant, Hoon Companies Inc. ("Hoon"), is, upon information and belief, a Massachusetts corporation with a usual place of business at 1960-1964 Washington Street, Boston, Massachusetts.

5.   Peabody, Hoon, and ODF as a joint venture did business as the ODF/Hoon/Peabody Joint Venture, ("Joint Venture"), which is an unincorporated association or partnership with a usual place of business at 1960 Washington Street, Boston, Suffolk County, Massachusetts.

6.   Travelers Casualty and Surety Company of America, ("Travelers") is, upon information and belief, a Connecticut corporation with a usual place of business at 300 Crown Colony Drive, Quincy, Norfolk County, Massachusetts.   Travelers is engaged in business as an insurer and provider of construction surety bonds.

7.   Upon information and belief, Massachusetts Housing Finance Agency ("MHFA") is a state agency with a usual place of business at 1 Beacon Street, Boston, Suffolk County, Massachusetts.  MHFA is the owner of a construction project known as "Academy Homes II" (the "Project") located in Boston, Massachusetts.  MHFA entered into a general contract for the construction of the Project with Peabody, Hoon, and ODF as members of the Joint Venture.

8.   Boston Interiors Construction Co., Inc. ("Boston") is, upon information and belief, a Massachusetts corporation providing drywall and other construction work.  Boston entered into a subcontract with Peabody, ODF, and Hoon as the Joint Venture to perform a portion of the construction work for the Project, which the Peabody, ODF, and Hoon as the Joint Venture had contracted to perform for MHFA.  Boston has filed in the United States Bankruptcy Court for the District of New Hampshire, a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code, Docket No. 02-13730-JMD.

9. At various times during the calendar year 2002, Boston purchased from Waltham Lime and Waltham Lime sold to Boston construction materials such as lumber, steel, drywall materials and other supplies for use by the Joint Venture on the Project in partial fulfillment of Boston's contractual obligations to the Joint Venture.

10. Boston has failed and refused to pay to Waltham Lime the sum of $176,375.85 for materials supplied to Boston and to the Project.

11. Peabody, as principal, and Travelers, as surety, executed and delivered a Payment Bond No. 103316488 in the amount of $45,367,275.00 (the "Payment Bond") as surety for the payment of claims for labor and materials furnished to the Project by persons such as Waltham Lime.

12. The Payment Bond provides, <u>inter alia</u>, that Travelers shall pay, upon performance of specified conditions, all sums and monies due and owing to persons such as Waltham Lime for materials furnished to the Project.

13. Waltham Lime has fully performed any and all conditions precedent to recovery on and under the Payment Bond.

14. The last date on which Waltham Lime furnished material to Boston for the Project was October 30, 2002.

15. By letter dated November 14, 2002, in compliance with the terms of the Payment Bond, and pursuant to M.G.L. c. 149 § 29, Waltham Lime provided written notice to Boston, Peabody, Travelers and MHFA of its claim against the Payment Bond in the amount of $176,375.85 (the "First Notice"). A copy of the First Notice is attached hereto as Exhibit "A", and made a part hereof.

16. By letter dated December 17, 2002, in compliance with the terms of the Payment Bond, and pursuant to M.G.L. c. 149 § 29, Waltham Lime provided written notice to Boston, Peabody, Travelers and MHFA of its claim against the Payment Bond in the amount of $176,375.85 (the "Second Notice").  A copy of the Second Notice is attached hereto as Exhibit "B", and made a part hereof.

17. Waltham Lime has not received from Boston, Peabody, Travelers, the Joint Venture, or MHFA either a rejection of its claim or any writing indicating that payment would be made.

18. Defendants have willfully failed to honor their obligations under the Payment Bond, including without limitation, the obligations to advise Waltham Lime which if any amounts of its claim are disputed or undisputed, and to make payment of undisputed amounts, all in violation of Massachusetts General Laws, Chapter 149,  Chapter 176D and Chapter 93A.

## COUNT I

(Suit on Payment Bond/Breach of Contract)

19. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 16 as if each were separately and specifically set forth herein.

20. As a supplier of materials to Boston and to the Project, Waltham Lime is an intended third-party beneficiary of the Payment Bond.

21. By reason of their failure and refusal to pay all amounts owed to Waltham Lime, the Defendants are in breach of the Payment Bond.

22. Plaintiff has suffered damage in the sum of $176,375.85, plus interest, costs and attorneys' fees.

## COUNT II

### (M.G.L. c. 93A and 176D)

23. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 20, as if each were separately and specifically set forth herein.

24. The Defendants' failure and refusal to pay Waltham Lime for all sums due constitutes an unfair and deceptive business practice within the meaning of Massachusetts General Laws, Chapter 93A and Chapter 176D.

25. The violations of Massachusetts General Laws, Chapter 93A and Chapter 176D were knowing and willful violations.

26. As a result of the Defendants' violations of Massachusetts General Laws, Chapter 93A and Massachusetts General Laws, Chapter 176D, Waltham Lime has suffered damage in the amount of $176,375.85.

## COUNT III

### (Massachusetts General Laws, Chapter 149, Section 29)

27. The Plaintiff repeats and realleges the allegations of Paragraphs 1 through 26 as if each were separately and specifically set forth herein.

28. The failure and refusal of the Defendants to pay or authorize payment under the Payment Bond and to honor their obligations under the Payment Bond, without justification or excuse, constitute violations of Massachusetts General Laws, Chapter 149.

29. As a result of Defendants' violations of Massachusetts General Laws, Chapters 149, Section 29, Waltham Lime has suffered damage in the amount of $176,375.85.

## COUNT IV

### (Unjust Enrichment)

30. The Plaintiff repeats and realleges the allegations of Paragraphs 1 through 29 as if each were separately and specifically set forth herein.

31. The Defendants have received the benefit of the materials furnished by Waltham Lime without making any payment for said materials.

32. The Defendants have been unjustly enriched to the detriment of Waltham Lime.

33. Waltham Lime is entitled to damages in the amount of $176,375.85.

## COUNT V

### (Quantum Merit)

34. Waltham Lime repeats and realleges the allegations of Paragraphs 1 through 33 as if each were separately and specifically set forth herein.

35. The fair and reasonable value of the materials supplied by Waltham Lime for which the Defendants have not paid is $176,375.85.

WHEREFORE, the Plaintiff, Waltham Lime & Cement Company, hereby demands

Judgment against the Defendants, jointly and severally, as follows:

(a)    For damages in the amount of $176,375.85 under Counts I, IV and

V of the Complaint, plus interest and costs;

(b)    For treble damages, plus interest, costs and attorney's fees under

Counts II and III of the Complaint; and

(c)    That the Court award such other and further relief as its deems just

and proper.

**WALTHAM LIME & CEMENT COMPANY**

By its attorneys,

_____
Anthony M. Moccia – BBO#350225
David B. Hobbie – BBO #637107
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Flr.
Boston, Massachusetts 02110
Telephone: (617) 342.6800
Facsimile: (617) 342.6899

DATED: January 13, 2004

**A**

# ECKERT SEAMANS CHERIN & MELLOTT, LLC

November 14, 2002

One International Pl.
15th Floor
Boston MA 02110
Telephone 617 342 6800
Facsimile 617 342 6899
www.com.com

Boston
Fort Lauderdale
Haddonfield, NJ
Harrisburg
Philadelphia
Pittsburgh
Washington, D.C.

Boston Interiors
728 East Industrial Park
Suite 13
Manchester, NH 03109

ODF/Hoon/Peabody Joint Venture
1960 Washington Street
Boston, MA 02108

Travelers Casualty & Surety Company of America
300 Crown Colony Drive
Quincy, MA 02169

Massachusetts Housing Finance Agency
One Beacon Street
Boston, MA 02108

Re:   Project:                New MFA Project #96-006
                              Academy Homes II, Boston, Massachusetts
      General Contractor:     ODF/Hoon/Peabody, Joint Venture
      Subcontractor:          Boston Interiors
      Supplier:               Waltham Lime & Cement Co., Inc.
      Surety:                 Travelers Casualty & Surety Company
                              Of America

To Whom It May Concern:

Our office represents Waltham Lime & Cement Co., Inc. ("Waltham Lime") who
supplied drywall and construction materials to Boston Interiors on the above-
referenced project, which is owned by Massachusetts Housing Finance Agency.
Boston Interiors has a subcontract with the general contractor,
ODF/Hoon/Peabody, Joint Venture on the above-named project. A labor and
material bond was issued for said project by Travelers Casualty & Surety
Company of America

NOTICE is hereby given that Waltham Lime supplied drywall and construction
materials to Boston Interiors for use on the above-referenced project. The
materials were last supplied to the project on October 30, 2002. There is a
balance due to Waltham Lime for said materials which remains unpaid in the
amount of $176,375.84. This notice is given pursuant to the terms and

*November 14, 2002*
*Page 2*

conditions of the aforesaid bond that the amount of $176,375.84 is due and owing to Waltham Lime.

**DEMAND** is herewith made that Waltham Lime be paid the balance due and owing in the amount of $176,375.84.

Very truly yours,

Stephen T. Kunian

STK/edt

cc: Mr. Steven Barriere

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

**B**

# ECKERT SEAMANS CHERIN & MELLOTT, LLC

One International Place
18th Floor
Boston, MA 02110
Telephone 617 342 6800
Facsimile 617 342 6899
www.escm.com

December 17, 2002

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Boston
Haddonfield, NJ
Harrisburg
Morgantown, WV
Philadelphia
Pittsburgh
Washington, D.C.

Boston Interiors
728 East Industrial Park
Suite 13
Manchester, NH  03109

ODF/Hoon/Peabody Joint Venture
1960 Washington Street
Boston, MA 02108

Travelers Casualty & Surety Company of America
300 Crown Colony Drive
Quincy, MA  02169

Massachusetts Housing Finance Agency
One Beacon Street
Boston, MA  02108

Re:     Project:              New MFA Project #96-006
                              Academy Homes II, Boston, Massachusetts
        General Contractor:   ODF/Hoon/Peabody, Joint Venture
        Subcontractor:        Boston Interiors
        Supplier:             Waltham Lime & Cement Co., Inc.
        Surety:               Travelers Casualty & Surety Company
                              Of America

To Whom It May Concern:

On November 14, 2002 a Notice of Claim was sent to each of you making demand on behalf of Waltham Lime & Cement Company for payment of $176,375.84 with respect to the above project. I enclose a copy of the Notice of November 14, 2002 in accordance with the terms of the Bond.

This is further to advise you that my client has neither received a rejection in whole nor in part from the Contractor nor received any communications from Contractor that the claim will be paid directly or indirectly.

ECKERT SEAMANS

Stephen J. Kiernan

*Page 2*

Notice is herewith given pursuant to the Bond that a claim is being made under the Bond for the payment of $176,354.84.

My client has received a request for documentation from the Bonding Company dated November 22, 2002 which documentation is being supplied to the Bonding Company. However, said letter contained no assurance nor any representation that the monies due Waltham Lime & Cement Company would be paid. Accordingly, Waltham Lime & Cement Company expressly reserves the right to take such action as it deems appropriate to enforce its rights.

Very truly yours,

Stephen T. Kunian

STK/edt

cc:    Mr  Steven Barriere
       Ms  Laurie Larson

# EXHIBIT 6

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.: 03-01407

| | |
|---|---|
| WALTHAM LIME & CEMENT COMPANY, Plaintiff, | ) ) ) |
| v. | ) ) |
| PEABODY CONSTRUCTION CO., INC., ODF CONTRACTING CO., INC. HOON COMPANIES, INC. TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and MASSACHUSETTS HOUSING FINANCE AGENCY, Defendants. | ) ) ) ) ) ) ) ) ) |

## ANSWER OF TRAVELERS CASUALTY ANS SURETY COMPANY OF AMERICA TO AMENDED COMPLAINT

Now comes Travelers Casualty and Surety Company of America ("Travelers")

and answers the Amended Complaint as follows:

1.    Travelers has no knowledge of the allegations contained in Paragraph 1.

2.    Travelers denies the allegations contained in Paragraph 2.

3.    Travelers admits the allegations contained in Paragraph 3.

4.    Travelers admits the allegations contained in Paragraph 4.

5.    Travelers admits the allegations contained in Paragraph 5.

6.    Travelers admits the allegations contained in Paragraph 6.

7.    Travelers has no knowledge regarding the allegations contained in

Paragraph 7.

1

8.      Travelers admits the allegations contained in Paragraph 8.

9.      Travelers has no knowledge regarding the allegations contained in Paragraph 9.

10.     Travelers has no knowledge regarding the allegations contained in Paragraph 10.

11.     Travelers admits the bond further answering the bond speaks for itself.

12.     Travelers states the bond speaks for itself.

13.     Travelers denies the allegations contained in Paragraph 13.

14.     Travelers denies the allegations contained in Paragraph 14.

15.     Travelers admits the notice as attached as Exhibit A to the Amended Complaint but denies the remaining allegations.

16.     Travelers admits the notice as attached as Exhibit B to the Amended Complaint but denies the remaining allegations.

17.     Travelers denies the allegations contained in Paragraph 17.

18.     Travelers denies the allegations contained in Paragraph 18.

## **COUNT I**

### (Suit on Payment Bond/Breach of Contract)

19.     Travelers restates its answers to the allegations contained in Paragraphs 1 through 18 as if each were set forth herein.

20.     Travelers denies the allegations contained in Paragraph 20.

21.     Travelers denies the allegations contained in Paragraph 21.

22.     Travelers denies the allegations contained in Paragraph 22.

## COUNT II

(M.G.L. c.93A and 176D)

23. – 26.      Counsel for Travelers does not respond to these allegations as they will be answered by separate counsel.

## COUNT III

(Massachusetts General Laws, Chapter 149, Section 29)

27.      Travelers restates its answers to the allegations contained in Paragraphs 1 through 26 as if each were set forth herein.

28.      Travelers denies the allegations contained in Paragraph 28.

29.      Travelers denies the allegations contained in Paragraph 29.

## COUNT IV

(Unjust Enrichment)

30.      Travelers restates its answers to the allegations contained in Paragraphs 1 through 29 as if each were set forth herein.

31.      Travelers denies the allegations contained in Paragraph 31.

32.      Travelers denies the allegations contained in Paragraph 32.

33.      Travelers denies the allegations contained in Paragraph 33.

## COUNT V

(Quantum Merit)

34.      Travelers restates its answers to the allegations contained in Paragraphs 1 through 33 as if each were set forth herein.

35.      Travelers denies the allegations contained in Paragraph 35.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Travelers did not order any materials from Waltham Lime, and, therefore, there is no implied contract.

## THIRD AFFIRMATIVE DEFENSE

Travelers did not order any materials from Waltham Lime and, therefore, it was not unjustly enriched.

## FOURTH AFFIRMATIVE DEFENSE

Waltham Lime has willfully failed and refused to provide Travelers with any documentation to support its claim, and, therefore, is barred by unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Waltham Lime has engaged in fraudulent conduct, and, therefore, is barred from recovery.

## SIXTH AFFIRMATIVE DEFENSE

Waltham Lime by its actions has waived any right to recovery.

## SEVENTH AFFIRMATIVE DEFENSE

Waltham Lime by its actions is estopped from any right to recovery.

WHEREFORE, Travelers demands this action be dismissed with costs and reasonable attorneys fees awarded to it.

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA
By its attorneys,

Edward F. Vena
BBO No.: 508660
Charles A. Plunkett
BBO No. 547714
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA  02210
(617) 951-2400

Dated: 1/20/04

## CERTIFICATE OF SERVICE

I, Charles A. Plunkett, Esq. hereby certify that I have, on this 20th day of January, 2004, served a copy of the within by first class mail, postage pre-paid on:

David B. Hobbie, Esquire
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA  02110

Bradford R. Carver, Esq.
Cetrulo & Capone, LLP
2 Seaport Lane
Boston, MA 02210

Charles A. Plunkett

# EXHIBIT 7

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.: 03-01407

| | |
|---|---|
| WALTHAM LIME & CEMENT COMPANY, <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| PEABODY CONSTRUCTION CO., INC., <br> ODF CONTRACTING CO., INC. <br> HOON COMPANIES, INC. <br> TRAVELERS CASUALTY AND SURETY <br> COMPANY OF AMERICA, and <br> MASSACHUSETTS HOUSING FINANCE <br> AGENCY, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ANSWER OF PEABODY CONSTRUCTION CO., INC., ODF CONTRACTING
CO., INC., HOON COMPANIES, INC. AS ODF/HOON/PEABODY JOINT
VENTURE TO AMENDED COMPLAINT**

INTRODUCTION

Peabody Construction Co., Inc., ODF Contracting Co., Inc. and Hoon

Companies, Inc. established a joint venture known as ODF/Hoon/Peabody Joint Venture

("OHP") to act as general contractor for a construction project known as Academy

Homes, Boston, MA. As such, OHP hereby answers the Amended Complaint on behalf

of these three Defendants.

    1.     OHP has no knowledge of the allegations contained in Paragraph 1.

    2.     OHP denies the allegations contained in Paragraph 2.

    3.     OHP admits the allegations contained in Paragraph 3.

    4.     OHP admits the allegations contained in Paragraph 4.

    5.     OHP admits the allegations contained in Paragraph 5.

6.    OHP admits the allegations contained in Paragraph 6.

7.    OHP has no knowledge regarding the allegations contained in Paragraph 7.

8.    OHP admits the allegations contained in Paragraph 8.

9.    OHP has no knowledge regarding the allegations contained in Paragraph 9.

10.    OHP has no knowledge regarding the allegations contained in Paragraph 10.

11.    OHP admits the bond, further answering the bond speaks for itself.

12.    OHP states the bond speaks for itself.

13.    OHP denies the allegations contained in Paragraph 13.

14.    OHP denies the allegations contained in Paragraph 14.

15.    OHP admits receipt of the notice as attached as Exhibit A to the Amended Complaint but denies the remaining allegations.

16.    OHP admits receipt of the notice as attached as Exhibit B to the Amended Complaint but denies the remaining allegations.

17.    OHP denies the allegations contained in Paragraph 17.

18.    OHP denies the allegations contained in Paragraph 18.

## <u>COUNT I</u>

(Suit on Payment Bond/Breach of Contract)

19.    OHP restates its answers to the allegations contained in Paragraphs 1 through 18 as if each were set forth herein.

20.    OHP denies the allegations contained in Paragraph 20.

2

21.    OHP denies the allegations contained in Paragraph 21.

22.    OHP denies the allegations contained in Paragraph 22.

## COUNT II

### (M.G.L. c.93A and 176D)

23.    OHP restates its answers to the allegations contained in Paragraphs 1 through 20 as if each were set forth herein.

24.    OHP denies the allegations contained in Paragraph 24.

25.    OHP denies the allegations contained in Paragraph 25.

26.    OHP denies the allegations contained in Paragraph 26.

## COUNT III

### (Massachusetts General Laws, Chapter 149, Section 29)

27.    OHP restates its answers to the allegations contained in Paragraphs 1 through 26 as if each were set forth herein.

28.    OHP denies the allegations contained in Paragraph 28.

29.    OHP denies the allegations contained in Paragraph 29.

## COUNT IV

### (Unjust Enrichment)

30.    OHP restates its answers to the allegations contained in Paragraphs 1 through 29 as if each were set forth herein.

31.    OHP denies the allegations contained in Paragraph 31.

32.    OHP denies the allegations contained in Paragraph 32.

33.    OHP denies the allegations contained in Paragraph 33.

## COUNT V

### (Quantum Merit)

34.    OHP restates its answers to the allegations contained in Paragraphs 1 through 33 as if each were set forth herein.

35.    OHP denies the allegations contained in Paragraph 35.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

OHP had no contract with Waltham Lime, and, therefore, it is not liable to Waltham Lime.

### THIRD AFFIRMATIVE DEFENSE

OHP did not order any materials from Waltham Lime, and, therefore, there is no implied contract.

### FOURTH AFFIRMATIVE DEFENSE

OHP did not order any materials from Waltham Lime and, therefore, it was not unjustly enriched.

### FIFTH AFFIRMATIVE DEFENSE

OHP is not liable to Waltham Lime on the payment bond.

### SIXTH AFFIRMATIVE DEFENSE

Waltham Lime has released OHP.

## SEVENTH AFFIRMATIVE DEFENSE

Waltham Lime has willfully failed and refused to provide OHP with any documentation to support its claim, and, therefore, is barred by unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Waltham Lime has engaged in fraudulent conduct, and, therefore, is barred from recovery.

## NINTH AFFIRMATIVE DEFENSE

OHP and Waltham Lime are not in privity, and, therefore, there is no business transaction under c.93A.

## TENTH AFFIRMATIVE DEFENSE

OHP owes no duty to Waltham Lime.

## ELEVENTH AFFIRMATIVE DEFENSE

Waltham Lime by its actions has waived any right to recovery.

## TWELFTH AFFIRMATIVE DEFENSE

Waltham Lime by its actions is estopped from any right to recovery.

WHEREFORE, OHP demands this action be dismissed with cost and reasonable attorneys fees awarded to it.

PEABODY CONSTRUCTION CO., INC.,
ODF CONTRACTING, INC. and
HOON COMPANIES, INC. as
ODF/HOON/PEABODY
JOINT VENTURE
By their attorneys,


Edward F. Vena
BBO No.: 508660
Charles A. Plunkett
BBO No. 547714
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA  02210
(617) 951-2400

Dated: 1/20/04

## CERTIFICATE OF SERVICE

I, Charles A. Plunkett, Esq. hereby certify that I have, on this 20th day of January, 2004, served a copy of the within by first class mail, postage pre-paid on:

David B. Hobbie, Esquire
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA  02110

Bradford R. Carver, Esq.
Cetrulo & Capone, LLP
2 Seaport Lane
Boston, MA 02210


Charles A. Plunkett

# EXHIBIT 8

# COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, SS.**

**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION NO. 03-1407**

---

|  |  |
|---|---|
| **WALTHAM LIME & CEMENT COMPANY,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| **PEABODY CONSTRUCTION CO., INC.,**<br>**ODF CONTRACTING CO., INC,**<br>**HOON COMPANIES, INC.,**<br>**TRAVELERS CASUALTY & SURETY**<br>**COMPANY OF AMERICA and**<br>**MASSACHUSETTS HOUSING FINANCE**<br>**AGENCY,** | ) |
| **Defendants.** | ) |

---

## ANSWER OF TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA TO AMENDED COMPLAINT

Travelers Casualty and Surety Company of America ("Travelers") for its Answer to Count VI of Plaintiff's Complaint states:

1.      Travelers incorporates by reference as if fully set forth herein the Answer of Travelers filed on or about January 20, 2004 with respect to Paragraphs 1-22 of Plaintiff's Complaint.

### COUNT II

23.      Travelers hereby incorporates its answers to Paragraphs 1 through 22 above as if fully set forth herein.

24.      Travelers denies the allegations contained in Paragraph 24.

25.      Travelers denies the allegations contained in Paragraph 25.

26.     Travelers denies the allegations contained in Paragraph 26.

27.     Travelers incorporates by reference as if fully set forth herein the Answer of Travelers filed on or about January 20, 2004 with respect to Paragraphs 27-35 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's complaint is barred pursuant to the terms of the applicable bond.

2.     Plaintiff's work was incomplete, defective or otherwise deficient for which Travelers is entitled to a set-off.

3.     Plaintiff's Complaint is premature in that payment is not due under the contract or by law.

4.     Plaintiff's claims for additional compensation are barred pursuant to the provisions of the applicable contract.

5.     Plaintiff's claims are barred by applicable limitation periods contained in the bond and otherwise.

WHEREFORE, having fully answered, Travelers requests that Plaintiff's Complaint be dismissed and that Travelers recover its costs and for such other relief as this Court deems appropriate.

Respectfully submitted,
**Travelers Casualty and Surety Company of America**
By its attorneys,

Bradford R. Carver, BBO #565396
Jenny H. Cho, BBO #651662
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02110
(617) 217-5500

Date: February 3, 2004

-2-

## CERTIFICATE OF SERVICE

I, Jenny H. Cho, BBO #651662, hereby certify that on this 4th day of February, 2004, I caused a true and accurate copy of the above to be served via first class mail, postage prepaid, on the following counsel of record:

David B. Hobbie, Esq.
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110

Charles A. Plunkett, Esq.
Vena, Riley, Deptula, LLP
250 Summer Street, 2nd Floor
Boston, MA 02210

Jenny H. Cho, BBO#651662

316502v1

-3-

# CETRULO & CAPONE LLP

COUNSELLORS AT LAW

TWO SEAPORT LANE

BOSTON, MASSACHUSETTS 02210

TELEPHONE (617) 217-5500

FACSIMILE (617) 217-5200

*www.cetcap.com*

NEW YORK, NEW YORK
TELEPHONE (212) 635-2230

PROVIDENCE, RHODE ISLAND
TELEPHONE (401) 274-7850

Direct Dial: (617) 217-5335
E-Mail Address: jcho@cetcap.com

February 4, 2004

Civil Clerk's Office
Middlesex Superior Court
40 Thorndike Street
Cambridge, MA  02141

|       |            |                                                         |
|-------|------------|---------------------------------------------------------|
| Re:   | Principal: | Peabody Construction Co., Inc.                          |
|       | Obligee:   | Mass. Housing Finance Agency                            |
|       | Bond No.:  | 006SB103316488BCM                                       |
|       | Project:   | Academy Homes II                                        |
|       | Suit:      | Waltham Lime v. Peabody, et al                          |
|       |            | Middlesex Superior Court Civil Action No. MICV2003-01407 |
|       | Our File:  | 1037-33                                                 |

Dear Sir/Madam:

Enclosed for filing please find the Answer of Travelers Casualty & Surety Company of America to Amended Complaint.

Please be advised that Travelers will have separate counsel on Counts I, III, IV and V of the Amended Complaint.

Very truly yours,

Jenny H. Cho

JHC/mam
Enclosure
cc:    Ms. Laurie A. Larson
       David B. Hobbie, Esq.
       Charles A. Plunkett, Esq.

316901

# EXHIBIT 9



# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                          Superior Court Dept.
                                       C. A. No. 03-01407

|  |  |
|---|---|
| WALTHAM LIME & CEMENT CO., | ) |
|     Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| PEABODY CONSTRUCTION CO., INC., | ) |
| ODF CONTRACTING CO., INC. | ) |
| HOON COMPANIES, INC. and | ) |
| TRAVELERS CASUALTY AND SURETY | ) |
| COMPANY OF AMERICA | ) |
|     Defendants. | ) |

## AFFIDAVIT OF EDWARD SOPLE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I am Edward J. Sople, am of legal age and have personal knowledge of the following facts:

1.       I am project manager for a construction project known as Academy Homes II in Boston, MA ("Project"). Odf.hoon.Peabody ("OHP") is the general contractor for the Project which is the construction of public housing in Roxbury, MA. OHP is a joint venture of the Defendants in this action, Peabody Construction Co., Inc. ("Peabody"), ODF Contracting Co., Inc. ("ODF") and Hoon Companies, Inc. ("Hoon"). The Project is owned by the U.S. Department of Housing and Urban Development ("HUD"). The Massachusetts Housing and Finance Agency ("MHFA") is the "interim asset manager" for HUD on the Project. The Project was entirely funded by HUD and MHFA has no interest in the Project other than to act as agent for HUD. Attached as Exhibit 1 is a true copy of

the general contract between OHP and MHFA. Reference is made to page    of the

contract as evidence of ownership and party responsible for payment to OHP.

2.    Throughout the course of the Project, I was responsible for overseeing all aspects

of the construction of the Project including managing and coordinating subcontractors. I

was also responsible for the payments to subcontractors.

3.    During the Project, I was aware that Plaintiff Waltham Lime & Cement Co.

("Waltham") was supplying materials to one of OHP's subcontractors Boston Interiors,

Inc.. Boston Interiors, Inc. is presently in bankruptcy. As part of my responsibilities as

project manager, I need to assure OHP that the sub-subcontractors and material suppliers

are being paid in order that OHP can withhold money from a subcontractor if that

subcontractor is not paying. OHP never had a contract with Waltham on this Project.

4.    In early October, 2002, I asked Waltham about its account with Boston Interiors,

Inc. Waltham sent me a letter saying that as of October 2, 2002 Boston Interiors was

"current" on their account. Attached as Exhibit 2 is a true copy of a letter from Waltham

confirming the Boston Interiors account. Based upon Waltham's representation, I

understood that Boston Interiors did not owe any money to Waltham as of at least

September 30, 2002.

5.    In November, 2002 OHP received a demand for payment from Waltham for

$176,375.85. Upon review of Waltham's supporting materials, I noticed a majority of the

claim was for materials supposedly supplied from July, 2002 through September, 2002.

When I questioned Waltham's counsel about the back due amounts, he indicated that there

was an internal memo showing payment terms was 90 days from the date of the invoice

and this is why Waltham told me that Boston Interiors was "current". I requested a copy

of the memo and none was produced. Attached as Exhibit 3 is a true copy of my March 19, 2003 letter to Attorney Kunian.

6.        I have had several years of experience in the construction industry and do not know of any drywall supplier who has terms of payment in 90 days from the date of the invoice. The standard in the industry is 30 days.

7.        My concern on claims such as these is that a supplier who supplies a subcontractor usually does so for many projects and, as project manager, I need to be assured that the claims are truly for the project I am working on. For instance, when I asked for supporting materials for Waltham's claim, Waltham's counsel provided me with a "Trial Balance" for Boston Interiors's account with Waltham. Attached as Exhibit 4 is a true copy of that Trial Balance. This document shows a balance due of $200,487.93. However, there was no breakdown for what project. In fact, at one point, Boston Interiors told Waltham to switch one invoice from another project and general contractor to this Project. Attached as Exhibit 5 is a true copy of that letter. Suppliers often, either mistakenly or intentionally, invoice for materials used on other projects. By the time we received the demand from Waltham, OHP had already paid Boston Interiors 95% of its contract amount. The remaining 5% would not be enough to pay Waltham's claim and because Waltham told me 6 weeks earlier that Boston Interiors was "current" I was under an obligation to investigate the discrepancy and Waltham could not provide an adequate explanation, despite several requests.

8.      Waltham has failed to prove what it is owed on the Project and OHP and/or

Travelers, the payment bond surety, are not liable for payment.


Signed under the pains and penalties this ___12___ day of April, 2004.


Edward J. Sople

# EXHIBIT 10

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPT.
C. A. No. 03-01407

| | |
|---|---|
| WALTHAM LIME & CEMENT COMPANY,<br>    Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| PEABODY CONSTRUCTION CO., INC.,<br>ODF CONTRACTING CO., INC.,<br>HOON COMPANIES, INC.,<br>TRAVELERS CASUALTY AND SURETY<br>COMPANY OF AMERICA,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) |

## REPLY MEMORANDUM OF WALTHAM LIME & CEMENT COMPANY TO JOINT OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

### I.    INTRODUCTION

In an unsupported effort to avoid summary judgment, the Defendants now claim for the first time that this action is governed by the Miller Act because the project at issue was federally funded.

Even where a project is "federally funded," the Miller Act does not apply to an action on the bond unless the bond runs to the benefit of the United States in the context of a public building contract with the United States. Here, 1) the payment bond does <u>not</u> confer any benefit on the United States or any agency thereof, but only on the Massachusetts Housing Finance Authority, a Massachusetts state agency, which managed this project; and 2) the contract is not with the United States.

The Defendants also purport to raise factual issues with respect to the uncontroverted

evidence establishing that Waltham Lime supplied materials to the subcontractor to be used on the project, materials for which Waltham Lime has not been paid. Waltham Lime submits that the Opposition of the Defendants does not create any material issue of fact so as to preclude the issuance of summary judgment.

## II.    ARGUMENT

### A. The Miller Act Does Not Apply

The Miller Act, 40 U.S.C. § 3131-34, requires that the contractor furnish a payment and a performance bond "to the Government" for federal projects. The Miller Act applies only with respect to contracts "for the construction, alteration, or repair of any public building or public work of the Federal Government." 40 U.S.C. § 3131(b) (emphasis added). Here, none of these statutory requirements has been met. The Miller Act, as a matter of law, does not apply.

### 1.    The Bond Does Not Run To The United States

Waltham Lime's claims are not governed by the Miller Act because the Payment Bond on which Waltham brings its action does not run to the United States. United States ex rel. General Elec. Supply Co. v. United States Fidelity & Guar. Co., 11 F.3d 577, 581 n. 3 (6th Cir. 1993) (Miller Act application requires that "at a minimum, the United States must be a contracting party and that a bond was required in its favor.") (emphasis added); United States ex rel. Miller v. Mattingly Bridge Co., 344 F.Supp. 459, 462 (W.D. Ky. 1972) (rejecting Miller Act jurisdiction because the United States was not a party to the contract and the bonds did not run in favor of United States).

Here, the Payment Bond makes no reference whatsoever to the United States, and confers no benefit whatsoever on the United States or any of its agencies. Indeed, a review of the Bond plainly shows that the owner of the project and the beneficiary of the bond is the Massachusetts

Housing Finance Agency.  One need look no further than the first page of the bond which expressly identifies "Massachusetts Housing Finance Agency" as "Owner" of the Project.  The Bond further contains a description of the construction contract as "MHFA PROJECT #96-006." (See Payment Bond, attached to the Affidavit of Counsel as Exhibit E).  The Bond does not appear on any federal government-approved form, and makes no mention whatsoever of the Miller Act or any federal involvement.  Contrast American Ins. Co. v. Kinder, 640 S.W.2d 537, 539 (Mo. Ct. App. 1982) (bonds executed on Government Services Administration standard forms invoke Miller Act jurisdiction).

Curiously, the Defendants have submitted to the Court a "Dual Obligee Rider" which they claim (Defendants' Joint Opposition at p. 2) makes the Department of Housing and Urban Development ("HUD") an obligee.  The fallacy of this desperate attempt to invoke the jurisdiction of the Miller Act is readily apparent from the clear language of the Rider, which expressly states that it is:

> "to be attached to and form a part of the Performance Bond #103316488 executed concurrently with this Rider . . ."

Affidavit Of Edward Sople In Support Of Defendants' Opposition To Plaintiff's Motion For Summary Judgment, ("Sople Affidavit,") Exhibit 1, page "021/042." (emphasis added).

This action is not, and never has been, based on or arising from any performance bond.  At no time has Waltham Lime ever performed any services at the Academy Homes II Project ("Project") which would bring it within the purview of a performance bond, and the reliance by the Defendants on the Rider is disingenuous at best.  Indeed, the Defendants know full well that a performance bond confers a right of action only on the owner of a project, not upon a material supplier to a subcontractor.

### 2.    Federal Funding Does Not Mandate Miller Act Jurisdiction

Federal appellate courts have consistently held that federal funding for a project is <u>not</u>

<u>sufficient</u> to confer Miller Act jurisdiction.  <u>United States ex rel. Mississippi Road Supply v.</u>

<u>H.R. Morgan, Inc.</u>, 542 F.2d 262, 266 (5th Cir. 1976) (refusing to exercise Miller Act

jurisdiction over a federal project and holding that "existence of government funding alone is not

enough").  <u>See</u> <u>also</u> <u>General Electric Supply</u>, 11 F.3d at 581.

The decision in the Superior Court case of <u>Circle Trucking v. O.D.F. Contracting Co.</u>,

Civ. A. No. 03-5217-A, cited by the Defendants, does not apply and provides no support for

dismissal.  Rather, the Court in that case merely denied a motion for speedy trial on the grounds

that the record before the Court did not support a finding that G.L. c. 149 § 29 applied.  There is

no indication of what the Court relied on in making that limited decision, and the terse margin

note makes no reference to the Miller Act.  Indeed, rather than dismissing the Plaintiff's claims

under Mass. R. Civ. P. 12(h) for lack of subject matter jurisdiction, the Court subsequently

approved a joint motion to extend a nisi order in the case, apparently to permit finalization of a

financial settlement reached by the parties.  (<u>See</u> Joint Assented To Motion To Extend Nisi

Order, attached hereto as Exhibit A).

### 3.    The Project Did Not Concern A Public Building Or Public Work Of The United States.

As noted above, federal funding alone does not satisfy the "public building or public

work of the Federal Government" requirement for Miller Act jurisdiction.  <u>General Electric</u>

<u>Supply</u>, 11 F.3d at 583 (rejecting federal jurisdiction on Miller Act grounds because "the

Government is connected to this project only as the funding source" and therefore the "project is

not a "public work of the United States" subject to the Miller Act ").  The Joint Opposition does

not establish, or even suggest any other reason, that the project might be a "public building or

public work." Nor does this "residential housing development"[1], one that primarily benefits its residents, have the obvious indicia of a federal public project, as would, for example, construction of a post office, military facility, or federal court house.  United States ex rel. Kelly Tile and Supply Co. v. Gordon, 468 F.2d 617, 617 (5th Cir. 1972) (rejecting Miller Act jurisdiction over low-income housing project managed by state housing agency).

### 4.    The Contract Was Not Let Directly By The United States

The United States must be a "contracting party" for the Miller Act to apply.  United States ex rel. Miller v. Mattingly Bridge Co., 344 F. Supp. 459, 462 (W.D. Ky. 1972) ("Congress in using the word "contracts" [in the Miller Act] had in mind only contracts between the United States and prime contractors, and not contracts to which the United States was not a party").  See also, General Electric Supply, 11 F.3d at 581 n. 3.

Here, the general contract ("Contract") of the defendants Peabody Construction Co., Inc., ODF Contracting Co., Inc., and Hoon Companies, Inc. (collectively, the "Joint Venture"), identifies the Owner as MHFA "as Interim Asset Manager" for HUD, with an address of One Beacon Street in Boston.[2]  Sople Affidavit, Exhibit 1, first page "(p.2)".  Indeed, in its response to Waltham Lime's Statement of Material Facts, the Joint Venture admits that it entered into the contract "with MHFA for the Project."  (Statement Of Material Facts In Opposition To Plaintiff's Motion For Summary Judgment, ¶ 7).  There are no facts before the Court to establish that HUD had any responsibilities with respect to the Contract, other than payment.  According to the Payment Bond, which Mr. Sople identified as part of the Contract in his Affidavit (¶ 1), MHFA is named as the sole owner, and the Project has an MHFA project number, rather than a federal project number.  The Contract is signed for the Owner by Steven D. Pierce, who is identified as

---

[1] Sople Affidavit, Exhibit 1, at "p. 3" (Article 2 of contract).
[2] MHFA's business address.  Statement of Material Facts, ¶7.

"Executive Director" [of MHFA] and not as any officer of the United States. (Sople Affidavit, Exhibit 1, "p. 8"). Mr. Pierce was the Executive Director of MHFA. The term "Interim Asset Manager" is not defined, nor has the Joint Venture submitted any explanation of what such a designation means.

MHFA ran this project from start to finish. The Defendants have admitted as such at every juncture in the litigation except now when they seek to avoid their contractual and statutory obligations. The unsupported and vague conclusions about HUD's involvement in this Project are insufficient to establish a contract of the United States. Kelly Tile, 468 F.2d at 617.

5.    **Peabody And Travelers Are Estopped From Now Asserting That HUD Owned The Project**

Based on the following facts, the Defendants are estopped from asserting for the first time that HUD is the owner of the Project and that the Miller Act applies to Waltham Lime's claims:

- The Payment Bond Peabody supplied to Waltham Lime in March 2002 before its supply of materials to the Project made no mention of HUD as the beneficiary of any Payment Bond. It did not indicate that HUD owned the Project. Nor did it suggest either that there was federal involvement in the Project or that the payment bond was a Miller Act bond. The Payment Bond clearly indicated, rather, that MHFA was the Owner of the Project, and that the Project had a MHFA project number. (Supplemental Affidavit of Stephen Barriere, April 30, 2004, ¶ 6).

- In their Answers to the Complaint filed in April, 2003, Peabody and Travelers admitted that MHFA was the Owner of the Project. (Answer of Peabody Construction, Co., Inc. dated April 25, 2003, ¶ 4; Answer of Travelers Casualty

And Surety Company Of America dated April 25, 2003, ¶ 4 (attached hereto as Exhibits B and C, respectively)).

- In December, 2003, Peabody admitted outright in interrogatory responses signed by summary judgment affiant Edward Sople that the Joint Venture "entered into a contract with the MHFA . . . in connection with the Project." (Response Of The Defendant, Peabody Construction Co., Inc., To The Plaintiff's First Set Of Interrogatories To The Defendant, Peabody Construction Co., Inc., dated December 24, 2003 (attached to Affidavit of Counsel as Exhibit B), Response No. 10 (emphasis added)).

- In their Answers to the Amended Complaint filed in January 2004, less than four months ago, the Joint Venture and Travelers, far from stating that the Joint Venture had contracted with HUD or that HUD owned the Project, claimed to have "no knowledge" as to the ownership of the Project. Incredibly, they also disclaimed knowledge as to whom they had contracted with to perform the Project. (Amended Complaint, ¶ 7; Answer Of Peabody Construction Co., Inc., ODF Contracting Co., Inc., Hoon Companies, Inc. As ODF/Hoon/Peabody Joint Venture To Amended Complaint, dated January 20, 2004 (attached to Affidavit of Counsel as Exhibit C), ¶ 7; Answer Of Travelers Casualty And Surety Company Of America To Amended Complaint, dated January 20, 2004 (attached to Affidavit of Counsel as Exhibit "D"), ¶ 7).

A party is conclusively bound by an allegation of fact admitted in a responsive pleading. G.L. c. 231 § 87; Zaleski v. Zaleski, 330 Mass. 132, 134-35 (1953) (binding purchaser of property to her answer in which she admitted that she took property subject to the terms of a

testamentary trust).   In other words, "[m]atters admitted in the pleadings <u>are</u> <u>not</u> <u>open</u> <u>to</u> <u>dispute</u>."  Liacos et al., <u>Handbook of Massachusetts Evidence</u> (7th Ed. 1999), §2.4.2 (emphasis added).

Furthermore, it is a rule of long standing in Massachusetts that "a litigant cannot assume inconsistent and contradictory positions." <u>Elfman v. Glaser</u>, 313 Mass. 370, 376 (1943).  When "a litigant has asserted inconsistent positions on the same legal point in separate proceedings or in successive stages of the same litigation," estoppel prevents the party from benefiting from the inconsistency. <u>Fay v. Federal Nat'l Mortgage Ass'n</u>, 419 Mass. 782, 788 (1995).  Estoppel is especially applicable where a litigant relies on the position:

> It defies logic and fundamental principles of fairness to allow a represented party who has sought justice in a forum to contradict and undermine an agreement it reached and acknowledged in that same forum, especially when the judge <u>and</u> <u>other litigants</u> appear to <u>have relied</u> on that acknowledgement.

<u>Correia v. DeSimone</u>, 34 Mass. App. Ct. 601, 604 (Mass. Ct. App. 1993).

Estoppel can concern factual representations as well as legal positions, and can apply even if the former statement was contrary to fact. <u>Boston v. Nielsen</u>, 305 Mass. 429, 432-433 (1940) (even though earlier contention "may have been contrary to the fact," defendant not entitled to assert that he had not paid hospital charges in one proceeding and then assert the opposite in a subsequent proceeding.)

Waltham Lime, in not bringing this action in federal court, relied on the absence of federal involvement, first, in the Payment Bond, second, in Defendants' conclusively binding statements about who owned the Project, and third, in Defendants' representations about who contracted with them.  If Defendants are now permitted to successfully assert federal involvement for the first time at summary judgment, Waltham Lime will be unduly prejudiced because the time period for bringing claims under the Miller Act may have expired.  40 U.S.C. §

3133(4).  It would constitute an abject violation of fundamental principles of fairness to allow

Defendants to benefit from "hiding the ball" in this manner.  Defendants must be estopped from

now asserting that HUD is an owner or a contracting party on the Project.

### 6.    Dismissal For Lack Of Subject-Matter Jurisdiction Is Not Warranted Without Further Discovery

Waltham Lime respectfully submits that, in effect, Defendants have cross-moved for

summary judgment for lack of subject matter jurisdiction, based upon new and belated fact

allegations.  In the event that the Court is somehow inclined to now consider Defendants' request

for dismissal, Waltham Lime must first be entitled to conduct discovery under Mass. R. Civ.

Proc. 56(f) on the subject of facts underlying application of the Miller Act.

### B.  There Is No Genuine Dispute Of Material Fact

In an attempt to create a material fact dispute, the Joint Venture and Travelers

mischaracterize an unambiguous letter from Waltham Lime.  This letter states in full: "As of

October 2, 2002, Boston Interiors has paid within agreed terms, balances with Waltham Lime &

Cement pertaining to the Academy Homes Project in Roxbury Massachusetts." (Sople Affidavit,

Exhibit 2).  Contrary to the contention contained in the Sople Affidavit, the letter does not state

that "as of October 2, 2002, Boston Interiors was 'current' on their account." (Sople Affidavit, ¶

4).

In fact, payment "within agreed terms" is distinct from "current."  Waltham Lime

supplied Boston Interiors on 90-day terms.  (Supplemental Affidavit Of Stephen Barriere, April

30, 2004, ¶ 4).  Waltham Lime submitted all of its relevant invoices after July 2, 2002.  (See

Affidavit of Stephen Barriere, March 10, 2004, Exhibits 2-77).  Accordingly, the October 2,

2002 letter does nothing to contradict Waltham Lime's proof of nonpayment for materials it

delivered. (Statement Of Material Facts, ¶ 12). Moreover, Waltham Lime delivered materials

after the October 2, 2002 letter, deliveries that could in no way be affected by the letter.

(Statement of Material Facts, ¶ 15). The typical manner in the industry in which a general

contractor verifies with a supplier that it has been fully paid is through an explicit lien waiver.

(Barriere Affidavit, ¶ 5). But the Joint Venture never requested a lien waiver from Waltham

Lime. (Id.).

     Hence, Mr. Sople's "beliefs" expressed in paragraphs 4 -7 of his Affidavit as to what he

suspected might be taking place with Waltham Lime deliveries and Boston Interiors payments

and his statement about industry standards of payment terms do not controvert the essential

sworn facts, of which there are two: Waltham Lime delivered the materials, and Waltham Lime

was not paid. (Statement of Material Facts, ¶¶ 9-12).[3]

## C. Quantum Meruit Does Not Require A Contract

     The Joint Venture and Travelers claim that recovery in *quantum meruit* requires a

contract, and that it is not available where that contract has been fully completed. Joint

Opposition at 5. But as noted in the very authority cited in the Joint Opposition, recovery on an

unjust enrichment claim in *quantum meruit* does not require a contract. Fay, Spofford &

Thorndike, Inc. v. Massachusetts Port Authority, 7 Mass. App. Ct. 336, 341 (1979) ("Generally,

parties may invoke the remedy of quantum meruit, that is, asking recovery for the fair value of

services and materials, in the absence of a contract . . .). Other courts support this view. Flower

v. Suburban Land Co., 332 Mass. 30, 33 (1954) (no privity of contract necessary for money had

and received claim); Greenwald v. Chase Manhattan Morg. Corp., 241 F.3d 76, 78 n.1 (1st Cir.

---

[3] Mr. Sople's statements as to whether Waltham Lime gave an "adequate" description of its claims and his speculation as to mis-delivery of materials must be stricken as "a non-expert affiant's opinion or statement of belief." James Smith and Hiller Zobel, Rules Practice, § 56.7, Massachusetts Practice v. 8. Waltham Lime has moved to strike these statements in a motion filed herewith.

2001) (no contractual or fiduciary relationship required for recovery in unjust enrichment). And logically, there can be no partial completion where there is no contract by which to measure completion.

The Joint Venture admits that it knew Waltham Lime was supplying materials to the Project. (Statement of Material Facts In Opposition To Plaintiff's Motion For Summary Judgment, ¶ 9). Waltham Lime's unjust enrichment claim against the Joint Venture has been fully established without any material fact in dispute. As a matter of law, summary judgment must be granted.

### III.    CONCLUSION

WHEREFORE, because the Miller Act does not apply as a matter of law, and because there is no material issue of disputed fact as to its delivery of materials and nonpayment therefor, Waltham Lime & Cement Company respectfully requests that its Motion For Summary Judgment be GRANTED.

WALTHAM LIME & CEMENT COMPANY

By its attorneys,

Anthony M. Moccia – BBO# 350225
David B. Hobbie – BBO# 637107
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Floor
Boston, Massachusetts 02110
Telephone: (617) 342.6800
Facsimile:  (617) 342.6899

DATED: August 30, 2004

## CERTIFICATE OF SERVICE

I, David Hobbie, certify that on this 30th day of August, 2004, I sent true and accurate copies of foregoing document by hand, to:

Charles Plunkett, Esq.
Vena Riley Deptula, LLP
250 Summer Street
Boston, MA 02210
*counsel for Peabody Construction Company, Inc., ODF Contracting Co., Inc. and Hoon Companies, Inc.*

Bradford Carver, Esq.
Cetrulo & Capone
Two Seaport Lane
Boston, Massachusetts 02210
*counsel for Travelers Casualty and Surety Company Of America*

David B. Hobbie