UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of WALTHAM LIME & CEMENT COMPANY,<br>　　　Plaintiff,<br><br>v.<br><br>PEABODY CONSTRUCTION CO., INC., ODF CONTRACTING CO., INC. HOON COMPANIES, INC., and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br>　　　Defendant. | CIVIL ACTION NO. 05-10138 NG |

## **ANSWER OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

1. Travelers Casualty and Surety Company of America ("Travelers") is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Travelers admits the allegations contained in Paragraph 2 of the Complaint.

3. Travelers Casualty and Surety Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Travelers Casualty and Surety Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Travelers Casualty and Surety Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Travelers admits that it is a Connecticut corporation engaged in the business of issuing surety bonds. Further answering, Travelers asserts that its principal place of business is Hartford, Connecticut. Further answering, Travelers denies the remaining allegations in Paragraph 6.

7. Travelers Casualty and Surety Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Travelers Casualty and Surety Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Travelers Casualty and Surety Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Travelers admits that the Joint Venture entered into an Agreement with the Massachusetts Housing Finance Agency on or about January 19, 2001 in connection with the Project. Answering further, Travelers asserts that the Agreement is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 10 to the extent they seek to modify or characterize the terms of this written document.

34015553v1 856204

11. Travelers admits that it issued Payment Bond Number 103316488 on behalf of the Joint Venture. Answering further, Travelers states that the Payment Bond is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 11 to the extent they seek to modify or characterize the terms of the Payment Bond.

12. Travelers asserts that the Payment Bond is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 12 to the extent they seek to modify or characterize the terms of the Payment Bond.

13. Travelers Casualty and Surety Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Travelers asserts that the Payment Bond is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 14 to the extent they seek to modify or characterize the terms of the Payment Bond. Answering further, Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15. Travelers Casualty and Surety Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

34015553v1 856204

16. Travelers Casualty and Surety Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Travelers Casualty and Surety Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Travelers admits that Waltham Lime directed correspondence to Travelers dated November 14, 2002. Answering further, Travelers states that the subject correspondence is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 18 to the extent they seek to modify or characterize the terms of this written correspondence.

19. Travelers admits that Waltham Lime directed correspondence to Travelers dated December 17, 2002. Answering further, Travelers states that the subject correspondence is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 19 to the extent they seek to modify or characterize the terms of this written correspondence.

20. Travelers denies the allegations contained in Paragraph 20.

21. Travelers Casualty and Surety Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Travelers admits the allegations contained in Paragraph 22.

34015553v1 856204

23. Travelers asserts that the State Court Action is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 23 to the extent they seek to modify or characterize the terms of the State Court Action.

24. Travelers Casualty and Surety Company of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Travelers asserts that the State Court Action is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 25 to the extent they seek to modify or characterize the terms of the State Court Action.

26. Travelers asserts that Peabody's Answer is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 26 to the extent they seek to modify or characterize the terms of Peabody's Answer.

27. Travelers asserts that Traveler's Answer is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 27 to the extent they seek to modify or characterize the terms of Peabody's Answer.

28. Travelers asserts that Peabody's Interrogatory Response is a written document, the terms of which are self-explanatory. Answering further, Travelers

34015553v1 856204

denies the allegations contained in Paragraph 28 to the extent they seek to modify or characterize the terms or this written document.

29. Travelers asserts that Defendants' Answers to Waltham's Lime Amended Complaint are written documents, the terms of which are self-explanatory. Answering further, Travelers denies the allegations in Paragraph 29 to the extent they seek to modify or characterize the terms of these written documents.

30. Travelers admits the allegations contained in Paragraph 30.

31. Travelers admits the allegations contained in Paragraph 31.

32. Travelers admits that Waltham Lime moved for summary judgment in the State Court Action on or about August 30, 2004. Further answering, Travelers asserts that Defendants' opposition papers are written documents, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 32 to the extent they seek to modify or characterize the terms of these written documents. Answering further, Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32.

33. Travelers asserts that the Memorandum of Decision and Order on Motion for Summary Judgment dated January 10, 2005 is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 33 to the extent they seek to modify or characterize the terms of this written document.

34015553v1 856204

34. Travelers asserts that the Memorandum of Decision and Order on Motion for Summary Judgment dated January 10, 2005 is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 34 to the extent they seek to modify or characterize the terms of this written document.

35. Paragraph 35 states a conclusion of law to which no response is required.

### Count I – Suit on Bond

36. Travelers hereby incorporates its Answers to Paragraphs 1 through 35 above as if fully set forth herein.

37. Travelers admits that the Joint Venture entered into an Agreement with the Massachusetts Housing Finance Agency on or about January 19, 2001 in connection with the Project. Answering further, Travelers asserts that the Agreement is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 37 to the extent they seek to modify or characterize the terms of this written document.

38. Travelers asserts that the Memorandum of Decision and Order on Motion for Summary Judgment dated January 10, 2005 is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations contained in Paragraph 38 to the extent they seek to modify or characterize the terms of this written document.

39. Travelers asserts that the Payment Bond is a written document, the terms of which are self-explanatory. Answering further, Travelers denies the allegations

contained in Paragraph 39 to the extent they seek to modify or character the terms of the Payment Bond.

40. Travelers admits that Waltham Lime has made a demand upon Travelers. Answering further, Travelers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40.

41. Travelers denies the allegations contained in Paragraph 41.

42. Travelers denies the allegations contained in Paragraph 42.

43. Travelers denies the allegations contained in Paragraph 43.

44. Travelers denies the allegations contained in Paragraph 44.

### Count II – Intentional Misrepresentation

45. Travelers hereby incorporates its Answers to Paragraphs 1 through 44 above as if fully set forth herein.

46. Travelers denies the allegations contained in Paragraph 46.

47. Travelers denies the allegations contained in Paragraph 47.

48. Travelers denies the allegations contained in Paragraph 48

49. Travelers denies the allegations contained in Paragraph 49.

50. Travelers denies the allegations contained in Paragraph 50.

51. Travelers denies the allegations contained in Paragraph 51.

52. Travelers denies the allegations contained in Paragraph 52.

53. Travelers denies the allegations contained in Paragraph 53.

54. Travelers denies the allegations contained in Paragraph 54.

55. Travelers denies the allegations contained in Paragraph 55

## Count III – Negligent Misrepresentation

56. Travelers hereby incorporates its Answers to Paragraphs 1 through 55 above as if fully set forth herein.

57. Travelers denies the allegations contained in Paragraph 57.

58. Travelers denies the allegations contained in Paragraph 58.

59. Travelers denies the allegations contained in Paragraph 59.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim for which relief can be granted.

2. Any damage allegedly incurred by Plaintiff has been caused by those over whom Travelers has no control and for whom Travelers is not responsible.

3. Plaintiff's claim may be barred or limited by Plaintiff's failure to comply strictly with the terms of the contract documents relevant to the project upon which the Bond was issued.

4. Plaintiff's claims may be barred, in whole or in part, due to Plaintiff's failure to mitigate its alleged damages.

5. Plaintiff's claims may be barred or limited due to the fact that no funds are due and owing to Plaintiff from either Travelers or the Joint Venture.

6. Plaintiff's claims are barred under the applicable statute of limitations set forth in the relevant contract documents, the bond and/or the applicable law governing Plaintiff's claim.

7. Plaintiff's claims may be barred or limited due to the acts and omissions of the Plaintiff which prejudiced Travelers.

34015553v1 856204

8.  Plaintiff's right of recovery in this case is barred or limited to the extent Plaintiff failed to satisfy the conditions precedent set forth in the relevant contract documents, the Bond and/or the applicable law governing Plaintiff's claim.

9.  Plaintiff's claims may be barred by the doctrines or waiver, laches and/or estoppel.

10. Plaintiff's claim may be subject to backcharges and/or set-off by the Joint Venture, and Travelers asserts the benefit of same.

11. Plaintiff's claims may be barred or limited by Plaintiff's material and willful breaches of its subcontract with the Joint Venture.

12. Plaintiff's claims are beyond the subject matter jurisdiction of this Court.

WHEREFORE, having fully answered, Travelers respectfully requests that this Honorable Court enter judgment in its favor, award Travelers its costs and attorneys fees incurred in defending this action, and grant Travelers such other and further relief as the Court deems just and appropriate.

> Respectfully submitted,
> **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**
> By its attorneys,
>
> /s/ Jonathan C. Burwood
> _____
> Bradford R. Carver, BBO #565396
> Jonathan C. Burwood, BBO #643674
> Hinshaw & Culbertson LLP
> One International Place, 3rd Fl.
> Boston, MA 02110

Dated: December 5, 2005

34015553v1 856204