UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of WALTHAM LIME & CEMENT COMPANY,<br>      Plaintiff,<br><br>v.<br><br>PEABODY CONSTRUCTION CO., INC., ODF CONTRACTING CO., INC. HOON COMPANIES, INC., and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br>      Defendant. | CIVIL ACTION NO. 05-10138 NG |

## ANSWER OF PEABODY CONSTRUCTION CO., INC.

1. Peabody Construction Co., Inc. ("Peabody") is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Peabody admits the allegations contained in Paragraph 2 of the Complaint.

3. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Peabody admits that Peabody, Hoon and ODF engaged in a joint venture as the ODF/Hoon/Peabody Joint Venture (the "Joint Venture"). Further answering, Peabody denies the remaining allegations of Paragraph 5.

6. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Peabody admits that the Joint Venture entered into an Agreement with the Massachusetts Housing Finance Agency on or about January 19, 2001 in connection with the Project. Answering further, Peabody asserts that the Agreement is a written document, the terms of which are self-explanatory. Answering further, Peabody denies the allegations contained in Paragraph 10 to the extent they seek to modify or characterize the terms of this written document.

11. Peabody admits that Travelers issued Payment Bond Number 103316488 on behalf of the Joint Venture. Answering further, Peabody states that the Payment Bond is a written document, the terms of which are self-explanatory. Answering further, Peabody denies the allegations contained in Paragraph 11 to the extent they seek to modify or characterize the terms of the Payment Bond.

12. Peabody asserts that the Payment Bond is a written document, the terms of which are self-explanatory. Answering further, Peabody denies the allegations

contained in Paragraph 12 to the extent they seek to modify or characterize the terms of the Payment Bond.

13. Peabody admits that Boston Interiors entered into a subcontract with the Joint Venture. Answering further, Peabody states that the subcontract is a written document, the terms of which are self-explanatory. Answering further, Peabody denies the allegations contained in Paragraph 13 to the extent they seek to modify or characterize the terms of the subcontract.

14. Peabody asserts that the Payment Bond is a written document, the terms of which are self-explanatory. Answering further, Peabody denies the allegations contained in Paragraph 14 to the extent they seek to modify or characterize the terms of the Payment Bond. Answering further, Peabody is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Peabody admits that Waltham Lime directed correspondence to the Joint Venture dated November 14, 2002. Answering further, Peabody states that the subject correspondence is a written document, the terms of which are self-explanatory.

Answering further, Peabody denies the allegations contained in Paragraph 18 to the extent they seek to modify or characterize the terms of this written correspondence.

19. Peabody admits that Waltham Lime directed correspondence to the Joint Venture dated December 17, 2002. Answering further, Peabody states that the subject correspondence is a written document, the terms of which are self-explanatory. Answering further, Peabody denies the allegations contained in Paragraph 19 to the extent they seek to modify or characterize the terms of this written correspondence.

20. Peabody denies the allegations contained in Paragraph 20.

21. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Peabody admits the allegations contained in Paragraph 22.

23. Peabody asserts that the State Court Action is a written document, the terms of which are self-explanatory. Answering further, Peabody denies the allegations contained in Paragraph 23 to the extent they seek to modify or characterize the terms of the State Court Action.

24. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Peabody asserts that the State Court Action is a written document, the terms of which are self-explanatory. Answering further, Peabody denies the allegations contained in Paragraph 25 to the extent they seek to modify or characterize the terms of the State Court Action.

26. Peabody asserts that its Answer is a written document, the terms of which are self-explanatory. Answering further, Peabody denies the allegations contained in Paragraph 26 to the extent they seek to modify or characterize the terms of said Answer.

27. Peabody asserts that Traveler's Answer is a written document, the terms of which are self-explanatory. Answering further, Peabody denies the allegations contained in Paragraph 27 to the extent they seek to modify or characterize the terms of Peabody's Answer.

28. Peabody asserts that its Interrogatory Response is a written document, the terms of which are self-explanatory. Answering further, Peabody denies the allegations contained in Paragraph 28 to the extent they seek to modify or characterize the terms or this written document.

29. Peabody asserts that Defendants' Answers to Waltham's Lime Amended Complaint are written documents, the terms of which are self-explanatory. Answering further, Peabody denies the allegations in Paragraph 29 to the extent they seek to modify or characterize the terms of these written documents.

30. Peabody admits the allegations contained in Paragraph 30.

31. Peabody admits the allegations contained in Paragraph 31.

32. Peabody admits that Waltham Lime moved for summary judgment in the State Court Action on or about August 30, 2004. Further answering, Peabody asserts that Defendants' opposition papers are written documents, the terms of which are self-explanatory. Answering further, Peabody denies the allegations contained in Paragraph 32 to the extent they seek to modify or characterize the terms of these written

documents.  Answering further, Peabody is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32.

33. Peabody asserts that the Memorandum of Decision and Order on Motion for Summary Judgment dated January 10, 2005 is a written document, the terms of which are self-explanatory.  Answering further, Peabody denies the allegations contained in Paragraph 33 to the extent they seek to modify or characterize the terms of this written document.

34. Peabody asserts that the Memorandum of Decision and Order on Motion for Summary Judgment dated January 10, 2005 is a written document, the terms of which are self-explanatory.  Answering further, Peabody denies the allegations contained in Paragraph 34 to the extent they seek to modify or characterize the terms of this written document.

35. Paragraph 35 states a conclusion of law to which no response is required.

### Count I – Suit on Bond

36. Peabody hereby incorporates its Answers to Paragraphs 1 through 35 above as if fully set forth herein.

37. Peabody admits that the Joint Venture entered into an Agreement with the Massachusetts Housing Finance Agency on or about January 19, 2001 in connection with the Project.  Answering further, Peabody asserts that the Agreement is a written document, the terms of which are self-explanatory.  Answering further, Peabody denies

the allegations contained in Paragraph 37 to the extent they seek to modify or characterize the terms of this written document.

38. Peabody asserts that the Memorandum of Decision and Order on Motion for Summary Judgment dated January 10, 2005 is a written document, the terms of which are self-explanatory. Answering further, Peabody denies the allegations contained in Paragraph 38 to the extent they seek to modify or characterize the terms of this written document.

39. Peabody asserts that the Payment Bond is a written document, the terms of which are self-explanatory. Answering further, Peabody denies the allegations contained in Paragraph 39 to the extent they seek to modify or character the terms of the Payment Bond. Answer further, Paragraph 39 states a conclusion of law to which no response is required.

40. Peabody admits that Waltham Lime has made a demand upon the Joint Venture. Answering further, Peabody is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40.

41. Peabody denies the allegations contained in Paragraph 41.

42. Peabody denies the allegations contained in Paragraph 42.

43. Peabody denies the allegations contained in Paragraph 43.

44. Peabody denies the allegations contained in Paragraph 44.

### Count II – Intentional Misrepresentation

45. Peabody hereby incorporates its Answers to Paragraphs 1 through 44 above as if fully set forth herein.

46. Peabody denies the allegations contained in Paragraph 46.

47. Peabody denies the allegations contained in Paragraph 47.

48. Peabody denies the allegations contained in Paragraph 48

49. Peabody denies the allegations contained in Paragraph 49.

50. Peabody denies the allegations contained in Paragraph 50.

51. Peabody denies the allegations contained in Paragraph 51.

52. Peabody denies the allegations contained in Paragraph 52.

53. Peabody denies the allegations contained in Paragraph 53.

54. Peabody denies the allegations contained in Paragraph 54.

55. Peabody denies the allegations contained in Paragraph 55

## Count III – Negligent Misrepresentation

56. Peabody hereby incorporates its Answers to Paragraphs 1 through 55 above as if fully set forth herein.

57. Peabody denies the allegations contained in Paragraph 57.

58. Peabody denies the allegations contained in Paragraph 58.

59. Peabody denies the allegations contained in Paragraph 59.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim for which relief can be granted.

2. Any damage allegedly incurred by Plaintiff has been caused by those over whom Peabody has no control and for whom Peabody is not responsible.

3. Plaintiff's claim may be barred or limited by Plaintiff's failure to comply strictly with the terms of the contract documents relevant to the project.

4. Plaintiff's claims may be barred, in whole or in part, due to Plaintiff's failure to mitigate its alleged damages.

5. Plaintiff's claims may be barred or limited due to the fact that no funds are due and owing to Plaintiff from either Travelers or the Joint Venture.

6. Plaintiff's claims are barred under the applicable statute of limitations set forth in the relevant contract documents, the bond and/or the applicable law governing Plaintiff's claim.

7. Plaintiff's claims may be barred or limited due to the acts and omissions of the Plaintiff which prejudiced Peabody.

8. Plaintiff's right of recovery in this case is barred or limited to the extent Plaintiff failed to satisfy the conditions precedent set forth in the relevant contract documents, the Bond and/or the applicable law governing Plaintiff's claim.

9. Plaintiff's claims may be barred by the doctrines or waiver, laches and/or estoppel.

10. Plaintiff's claim may be subject to backcharges and/or set-off by the Joint Venture, and Peabody asserts the benefit of same.

11. Plaintiff's claims may be barred or limited by Plaintiff's material and willful breaches of its subcontract with the Joint Venture.

12. Plaintiff's claims are beyond the subject matter jurisdiction of this Court.

WHEREFORE, having fully answered, Peabody respectfully requests that this Honorable Court enter judgment in its favor, award Peabody its costs and attorneys fees incurred in defending this action, and grant Peabody such other and further relief as the Court deems just and appropriate.

                                          Respectfully submitted,
**PEABODY CONSTRUCTION CO., INC.**
By its attorneys,

/s/ Jonathan C. Burwood
_____
Bradford R. Carver, BBO #565396
Jonathan C. Burwood, BBO #643674
Hinshaw & Culbertson LLP
One International Place, 3rd Fl.
Boston, MA 02110

Dated: December 5, 2005

34015659v1 856204